

## CHAIN OF TITLE GUARANTEE
### SCHEDULE A

Guarantee No.:  611089015

Reference: APN 202506-9042-02, Sammamish, WA 98074

Total Liability Limited to:

Fee: $111.00

Tax: $10.55

A.      Assured:

**King County Water and Land Resources Division**

B.      The land described in this Guarantee is described as follows:

See attached

C.      At your request, the period of time searched is as follows:

**Beginning Date:  September 10, 1890**

**Ending Date:  December 2, 2014**

This Guarantee is not a commitment nor an obligation by the Company to issue any policy or policies of title insurance insuring said land, and is not to be used as a basis for closing any transaction affecting title to said property. The Company's liability shall be limited to the amount paid for this Guarantee.

Ex. 3AA-1

# CHAIN OF TITLE GUARANTEE

SCHEDULE A (continued)

---

Guarantee No.:  611089015

Page 2

**LEGAL DECRIPTION**

The southeasterly 96.00 feet of the northwesterly 200 feet of the second class shorelands adjoining that portion of Government Lot 2, Section 20, Township 25 North, Range 6 East, W.M., in King County,
Washington, described as follows:

Beginning at the northeast corner of said Government Lot;
Thence south along the east line thereof, 569.64 feet;
Thence west 221.58 feet;
Thence southwesterly at right angles to the right of way of the Northern Pacific Railway Company, (formerly the Seattle & International Railway) 15.3 feet to the northeasterly line of said right of way;
Thence northwesterly along said northeasterly line to the north line of said Government Lot;
Thence east along said north line to the point of beginning;
Except county road;
And Except portion, if any, in said railroad right of way.

Situate in the county of king, state of Washington

**CHAIN OF TITLE GUARANTEE**

SCHEDULE B

---

Guarantee No.:  611089015

Page 3

The Instruments recorded during the period of time searched are:

1.     PATENT
   Grantor:        The United States of America
   Grantee:        Alfred Palmberg
   Recorded:      September 10, 1890
   Recording No.:   64308

2.     DEED
   Grantor:        State of Washington
   Grantee:        Alfred Palmberg, Maude Palmberg, Annie
   Stangroom, Bessie Zengel, Gertie
   Gorman, and Bert Stares
   Recorded:      March 15, 1940
   Recording No.:   3090903

3.     REFEREE'S DEED
   Grantor:        Charles W. Bovee, Referee
   Grantee:        J. A. Earley
   Recorded:      June 17, 1949
   Recording No.:   3911320

4.     REAL ESTATE CONTRACT
   Grantor:        Rose A. Earley, a widow
   Grantee:        William F. Hughes and Betty M. Hughes,
   his wife
   Recorded:      April 19, 1962
   Recording No.:   5415002

5.     STATUTORY WARRANTY DEED
   Grantor:        Rose A. Earley, a widow
   Grantee:        William F. Hughes and Betty M. Hughes,
   his wife
   Recorded:      July 12, 1976
   Recording No.:   7607120476

Ex. 3AA-3

**CHAIN OF TITLE GUARANTEE**

SCHEDULE B

Guarantee No.:  611089015

Page 4

6.    REAL ESTATE CONTRACT

| | |
|---|---|
| Grantor: | William F. Hughes and Betty M. Hughes, his wife |
| Grantee: | Robert G. Nelson and Mary Beth Nelson, his wife |
| Recorded: | June 17, 1977 |
| Recording No.: | 7706170837 |

7.    WARRANTY PARTIAL FULFILLMENT DEED

| | |
|---|---|
| Grantor: | William F. Hughes and Betty M. Hughes, his wife |
| Grantee: | Robert G. Nelson and Mary Beth Nelson, his wife |
| Recorded: | October 12, 1977 |
| Recording No.: | 7710120289 |

8.    STATUTORY WARRANTY DEED

| | |
|---|---|
| Grantor: | Robert G. Nelson and Mary Beth Nelson, husband and wife |
| Grantee: | Michael Joseph Pizzo, a single person and James Richard Pizzo and Evelyn Mary Pizzo, husband and wife |
| Recorded: | November 17, 1998 |
| Recording No.: | 9811170889 |

9.    QUIT CLAIM DEED

| | |
|---|---|
| Grantor: | J Richard Pizzo and Evelyn M Pizzo |
| Grantee: | J Richard Pizzo and Evelyn M. Pizzo, Trustees, or their successors in trust, under the Pizzo Living Trust, dated April 18, 2001, and any amendments thereto |
| Recorded: | May 4, 2001 |
| Recording No.: | 20010504000004 |

Ex. 3AA-4

**CHAIN OF TITLE GUARANTEE**

SCHEDULE B

Guarantee No.:  611089015
Page 5

10.    QUIT CLAIM DEED
      Grantor:        Kathryn A. Pizzo, wife of Michael Joseph Pizzo
      Grantee:        Michael Joseph Pizzo, a married man as his separate estate
      Recorded:      February 28, 2003
      Recording No.:    20030228001762

11.    QUIT CLAIM DEED
      Grantor:        Michael Joseph Pizzo, as his separate estate and J. Richard Pizzo and Evelyn M. Pizzo, Trustees, or their successors in trust, under the Pizzo Living Trust, dated April 18, 2001, and any amendments thereto
      Grantee:        Michael Joseph Pizzo, as his separate estate and J. Richard Pizzo and Evelyn M. Pizzo, husband and wife
      Recorded:      February 28, 2003
      Recording No.:    20030228001763

12.    STATUTORY WARRANTY DEED
      Grantor:        Michael Joseph Pizzo and Kathryn Pizzo, husband and wife and J. Richard Pizzo, also appearing of record as James Richard Pizzo and Evelyn M. Pizzo, also appearing of record as Evelyn Mary Pizzo, husband and wife
      Grantee:        Michael Glover and Allizon Glover, husband and wife
      Recorded:      November 16, 2012
      Recording No.:    20121116002252

**END OF GUARANTEE**

Ex. 3AA-5

Form 25 (Act 1862)

Patent

COMP'RD J. R. P.
N 2½ DIS. 2 012

(Compared with record) WGH

| | | |
|---|---|---|
| **THE** | Cons | Prems |
| **UNITED STATES OF AMERICA** | | |
| to | | |
| Alfred Palmberg | | |

| | Day | Mo. | Yr. |
|---|---|---|---|
| DATED | 5 | 9 | 90 |
| FILED | 9 | 10 | " |

Vol.

LOT
1
2
3
4
8c

Pats. Page 783

File No.
64308

Symbol

D. No.

Index        Posted

SEC. 20

TWP. 25 N    157 95    ACRES

R. 6    E wm w J.

(OVER)

Homestd Cert. No. 8174 }
Application   8474  }

.............. *According to the Offcl Plat of the Sur of sd ld retd to the Genl Ld Office by the Surveyor Genl*

(over)

Whas, There has been depostd in the Genl Ld Office of the U S a cerif of the Regstr of the Ld Off at Olympia, W T, whby it apprs t purst to the Act of Cong, apprd 20 May, 1862, "To Secure Homesteads to Actual Settlers on the Pub Domain," & the Acts supplmtl thrto, the claim of s p has bn establshd & duly consummatd, in conformity to law, for the (over)

Now know ye, t there is thrfr grtd by the U S unto s p & to his h the said tt of ld abv dscd :

To h & h sd tt of ld, with applncs unto s p, h & a f:  sunjct to any vested & accrd water rts for mining, agrcultrl, manfg or other purps & rts to ...es & reservoirs used in connectn with sch water rts as may be recognzd & ackldgd by the local customs laws & decisions of courts ; and ALSO sunjct to the rt of a proprietor of a vein or lode to extrct & remove his ore thrfrm shld the sa be found to penetrate or intersect the prems hby grtd, as provdd by law.

In Testimony Whof, I, ................. B H ....................................... President of the U S of A, have caused these Prests to be made Patent, and the Seal of the Gen'l Ld Off to be hereunto affixed.

Given und my hand at the C of Washn, the ......... 5 ......... day of ......... 9 ......... ie yr of our Lord ... 9 0 ... & of the Independence of the U S the ........

U. S. GEN'L LAND OFFICE SEAL

By the President     Benjamin Harriso

Elien Macfarlam

Recdd Vol .. 1 .. p 302       I R Conwell   J M Townsend     By ....... m mckean. Secretary

Recorder of the General Land Office
ad interim

*1889*

*3090903*

DMar 15 1940
Feb 27 1940     *395.25
State of Washington
     to Alfred Palmberg, Maude Palmberg,  Annie Stangroom, Bessie
     Zengel, Gertie Gorman, and Bert Stares
fp g b s cy to sp h anda, the folg des shore lands of the second
class, as defined by chapter 255 of the session laws of 1927
sit in kcw

     All shore lands of the second class owned by the st ofwn, sit
in front of, adjacent to or abutting upon the folg des uplands;
     in front of all of lot 2, sec 20 twp 25 n r 6 e w m  except
the folg des tt;
     beg at a pt on the east li ofsd lot 2, 569.64 ft so of the ne
cor thereof; th west 221.58 ft; th swly at right angles to the
center li of the Northern Pacific Railway 15.3 ft to the ely
margin of the right ofway ofsd ry; th sely al sd right ofway
240.04 ft; th east 87 ft to the east li ofsd lot 2; th no 200 ft
to sd pob
     the above portns ofsd lot2, not thus excepted, have a frontage
of 15.81 lineal chains, m or l msd al the govt meander li
     The above des lands are sold subj to all the provisions of
Chapt 312 of the session laws of 1927 to wch ref is hby md and wch
shall be as binding uponthe grtee and any succ in int ofsd grtee
as tho set out at length herein
     "The grantor expres-ly sgveu --- sm as 2957017 -- to sigs
     "it theseal of the state affixed
state seal     Clarence D Martin, gov
                    attest Belle  Reeves, secy of st
app No 8752; cost 5848  St rec of tide land deds vol 18 pg 484
ml Alfred Palmberg,  Snoqualmie  wn
                    ---

*1889*
*2*

*39/90904*

DMar 15 1940
Feb 29 1940     $10     50c irs x 50c st z

either party shall die prior to sd interlocutory decree becom final.

Cecil Gray

kcw June 14-49 by Cecil Gray bef John W. Day, np for wn res at S (ns
6-2-51) mld to Earle W. Zinn, 802 Hoge Bld ., Seattle, Wn., fld same

----

Referee's Deed  June 17-49                        3911320  285
June 8-49  $6,660.00  $7.70 irs  $7.00 st                    21

By virtue of a decree entered Jan 21-49 in Superior Court of
State of Wn for KC in cert cause, being Cause #367315, wherein
Bert Stares and Florence Stares, hwf, are plaintiffs, and Minnie
Hughes, Executrix of Last Will & Testament of Maude Palmberg, decd,
Annie Stangroom, nee Annie B. Palmberg, and S. L. Stangroom, her
husb; Gertrude Hughes, formerly Gertie Gorman; Bertha Tuttle, Al-
fred Zengel, charlotte Zengel, Mary Moore and Ladora Zengel, child-
ren, and J. A Zengel, administrator and surv husb and heirs at law
of Elizabeth Zengel, nee Elizabeth E. Palmberg, decd, who appears
of recd also as Bessie Zengel; Reah Whitehead Harrison, administrix
of est of Alfred Palmberg, decd; the unknown heirs of Elizabeth
Zengel, nee Elizabeth E. Palmberg, decd, who appears of recd also
as Bessie Zengel; the Unknown Heirs of Alfred Palmberg, decd; the
Unknown Heirs of Maude Palmberg, decd; also "all other persons or
parties unknown claiming any right, title, est, lien or int in re
descr in complaint herein", are defendants, which plaintiffs and
defendants are hereinafter known as heirs of Alfred Palmberg, decd,
which decree was supplemented by order of sd Ct entered in sd cause
Mar 23-49, and pursuant to sale held Apr 30-49, under the auth afore-
sd, at which grantee hereinafter named became the purchaser of ppty
hereinafter descr, which sale was confirmed by order of sd Ct ent-
ered in sd cause May 20-49; NOW, THEREFORE,

(cont)

khh

Ex. 3AA-9

320-2

Charles W. Bovee, being Referee appt and auth by sd decree to make
this sale and cyance, the grantor
        To J. A. Earley, the grantee
fp g, b, s, cys & confirms to sp fdre:

Those ptns of Govt Lot 2, Sect 20, Twp 25 N, Range 6 E.W.M., KCW:
2nd class shore lands adjoining fd ppty: Begin at NE corner of sd
Govt Lot 2; thence S along E line thereof 569.64'; thence W 221.58';
thence SWly at right angles to right of way of Northern Pacific
Railway Company (formerly the Seattle and International Railway)
15.3' to NEly line of sd right of way; thence NWly along sd NEly
line to N line of sd Govt Lot 2; thence E along sd N line to ptob;
EXCEPT Co Rd; EXCEPT ptn if any, in sd railroad right of way; 2nd
class shore lands adjoining that cert parcel of land particularly
descr as: Begin at SE corner of sd Govt Lot 2; thence N along E
line thereof 110'; thence W 87' to NEly line of right of way of
Northern Pacific Railway Company (formerly the Seattle and Inter-
national Rainway); thence SEly along sd NEly line to pob, EXCEPT Co
Rd. EXCEPT ptn, if any, in sd railroad right of way

Grantor, for aforesd heirs of Alfred Palmberg, decd, does by these
presens cov with grantee, his h & a, as follows and not otherwise:
That this cyance passes to grantee title of all sd heirs of Alfred
Palmberg, decd, that sd title is free from any encumbrances done or
sufferd from sd heirs of Alfred Palmberg, decd, & that grantee shall
have quiet enjoyment of sd re against sd heirs of Alfred Palmberg,
decd, and their H & A        Charles W. Bovee
kcw June 8-49 by Charles W. Bovee, bef Theodore S. Turner, np for
wn resgat S (ns 2--2-50) mld to sp 1812 N 48th, Seattle, Wn.,fld same

-----

Easement  June 17-49                          3911321
Oct 23-49  Val Consid
Ernest Dean and Margaret I. Dean, hwf

Recd

5415622

# REAL ESTATE CONTRACT

THIS CONTRACT, made this 9th day of April, 1962                     between

ROSE A. EARLEY, a widow                                hereinafter called the "seller" and

WILLIAM F. HUGHES and BETTY M. HUGHES, his wife        hereinafter called the "purchaser,"

WITNESSETH: The seller agrees to sell to the purchaser, and the purchaser agrees to purchase of the

seller the following described real estate with the appurtenances, situate in    King    County, Washington:

The northwesterly 200 feet of the Second Class Shorelands adjoining that
portion of Government lot 2, section 20, township 25 north, range 6, EWM,
in King County, Washington, described as follows:
Beginning at the northeast corner of said Government lot; thence south
along the east line thereof, 569.64 feet; thence west 221.58 feet; thence
southwesterly at right angles to the right of way of the Northern Pacific
Railway Company, (formerly the Seattle & International Railway) 15.3 feet
to the northeasterly line of said right of way; thence northwesterly along
said northwesterly line to the north line of said Government Lot; thence east along
Free of incumbrances, except:    said north line to the point of beginning; EXCEPT County Road;
EXCEPT portion if any, in said railroad right of way.

None

Subject to all easements, restrictions and reservations of record, if any.

On the following terms and conditions: The purchase price is    TWELVE THOUSAND AND 00/100- - -
- - - - - - - - - - - - - - - - - - - - - - - - -($ 12,000.00 ) dollars, of which
TWO THOUSAND FIVE HUNDRED AND 00/100- - - - - - - - - - - - ($ 2,500.00 ) dollars
has been paid, the receipt whereof is hereby acknowledged, and the purchaser agrees to pay the balance of said
purchase price as follows

EIGHTY AND 00/100- - - - - - - - - - - - - - - - - - - - - - ($80.00 ) Dollars,
or more at purchaser's option, on or before the 5th day of MAY        1962,
and EIGHTY AND 00/100- - - - - - - - - - - - - - - - - - - ($80.00 ) Dollars,
or more at purchaser's option, on or before the 5th day of each then succeed-
ing calendar month until the balance of said purchase price shall have been fully
paid.    The purchaser further agrees to pay interest on the balance of said pur-
chase price and the diminishing amounts thereof at the rate of 7 per cent per
annum from the 9th day of April    1962, which interest shall be deducted
from each monthly installment and the balance of each installment applied in re-
duction of principal. All payments to be made hereunder shall be made at  Wallingford
Branch, Pacific National Bank
or at such other place, as the seller may direct in writing:

The purchaser agrees: (1) to pay before delinquency all payments of whatsoever nature, required to be
made upon or by virtue of said mortgage, if any; also all taxes and assessments which are above assumed by
him, if any, and all which may, as between grantor and grantee, hereafter become a lien on the premises; and
also all taxes which may hereafter be levied or imposed upon, or by reason of, this contract or the obligation
thereby evidenced, or any part thereof; (2) to keep the buildings now and hereafter placed upon the premises
unceasingly insured against loss or damage by fire, to the full insurable value thereof, in the name of the seller
as owner, in an insurance company satisfactory to the seller for the benefit of the mortgagee, the seller, and the
purchaser, as their interests may appear, until the purchase price is fully paid, and to deliver to seller the
insurance policies, renewals, and premium receipts, except such as are required to be delivered to the mortgagee;
(3) to keep the buildings and all other improvements upon the premises in good repair and not to permit waste;
and (4) not to use the premises for any illegal purpose.

In the event that the purchaser shall fail to pay before delinquency any taxes or assessments or any pay-
ments required to be made on account of the mortgage, or to insure the premises as above provided, the seller
may pay such taxes and assessments, make such payments, and effect such insurance, and the amounts paid
therefor by him shall be deemed a part of the purchase price and become payable forthwith with interest at the
rate of 10 per cent per annum until paid, without prejudice to other rights of seller by reason of such failure.

6463987

Ex. 3AA-11



## Statutory Warranty Deed

FORM L58

THE GRANTORS　　ROSE A. EARLEY, a widow

for and in consideration of　　$1.00 and other value

in hand paid, conveys and warrants to　　WILLIAM F. HUGHES and BETTY M. HUGHES, his wife

the following described real estate, situated in the County of　　King　　, State of Washington:

The northwesterly 200 feet of the Second Class Shorelands adjoining that portion of Government lot 2, Secontion 20, Township 25 North, range 6,EWM, in King County, Washington, described as follows:
Beginning at the northeast corner of said Government Lot; thence south along the east line thereof, 569.64 feet; thence west 221.58 feet; thence southwesterly at right angles to the right of way of the Northern Pacific Railway Company, ( formerly the Seattle & International Railway) 15.3 feet to the northeasterly line of said right of way; thence northwesterly along said northeasterly line to the north line of said Government Lot; thence east along said north line to the point of beginning;
EXCEPT County Road;
EXCEPT portion if any, in said raliroad right of way.

SALES TAX PAID ON CONTRACT AFF. NO. E46 3937
KING CO. RECORDS DIVISION
BY _____ , DEPUTY

Dated this　　9th　　day of　　April, 1962

Rose Earley　(SEAL)
_____ Jack H　(SEAL)

STATE OF WASHINGTON, } ss.
County of King

On this day personally appeared before me　　ROSE A. EARLEY, a widow
to me known to be the individual　described in and who executed the within and foregoing instrument, and acknowledged that　she　signed the same as　her　free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this　9th　day of　April, 1962

_____
Notary Public in and for the State of Washington,
residing at　Seattle, Washington

Ex. 3AA-12



**REAL ESTATE CONTRACT**

(FORM A-1964)

KING COUNTY
EXCISE TAX PAID
JUN 1 7 1977
E413851

7706170837

THIS CONTRACT, made and entered into this **31st** day of **May, 1977**

between

WILLIAM F. HUGHES and BETTY M. HUGHES, his wife,

hereinafter called the "seller," and ROBERT G. NELSON and MARY BETH NELSON, his wife,

hereinafter called the "purchaser,"

WITNESSETH: That the seller agrees to sell to the purchaser and the purchaser agrees to purchase from the seller the

following described real estate, with the appurtenances, in **King** County, State of Washington:
The northwesterly 200 feet of the Second Class Shorelands adjoining that portion of
Government Lot 2, Section 20, Township 25 North, range 6, EWM, in King County, Wa-
shington, described as follows: Beginning at the northeast corner of said Govern-
ment Lot; thence south along the east line thereof 569.64 feet; thence west 221.58
feet; thence southwesterly at right angles to the right of way of the Northern Paci-
fic Railway Company, (formerly the Seattle & International Railway) 15.3 feet to the
northeasterly line of said right of way; thence northwesterly along said north-
easterly line to the north line of said Government Lot; thence east along said north
line to the point of beginning; EXCEPT County Road; EXCEPT portion if any, in said
railroad right of way.  Together with Burlington Northern, Inc. private roadway
crossing agreement No. 222,625, Dated June 1, 1976 for road crossing access, and
together with that certain Declaration of Covenant of Public Well, filed under
Auditor's File No. 7702160685, and together with additional Water Line Easement
recorded under Auditor's File No. 7702160666.
The terms and conditions of this contract are as follows: The purchase price is

FIFTEEN THOUSAND AND NO/100                                          ($ 15,000.00 Dollars, of which
FIVE THOUSAND SEVEN HUNDRED FIFTY AND NO/100                        ($ 5,750.00) Dollars have
been paid, the receipt whereof is hereby acknowledged, and the balance of said purchase price shall be paid as follows:

FIFTY AND NO/100                                                    ($ 50.00   ) Dollars,
or more at purchaser's option, on or before the **1st** day of **July**                    , 1977   ,

and      FIFTY AND NO/100                                           ($50.00    ) Dollars,
or more at purchaser's option, on or before the **1st** day of each succeeding calendar month until the balance of said
purchase price shall have been fully paid. The purchaser further agrees to pay interest on the diminishing balance of said
purchase price at the rate of **five** per cent per annum from the **31st** day of **May**         , 1977  ,
which interest shall be deducted from each installment payment and the balance of each payment applied in reduction of
principal. This contract shall not be assignable by the purchasers herein.

All payments to be made hereunder shall be made at
or at such other place as the seller may direct in writing.

Sellers agree to grant deed release to purchasers to the south 96 feet
thereof upon the ▓▓▓▓▓ payment of Eleven Thousand Five Hundred
Dollars ($11,500.00).

Notices can be sent to 3202 East Lake Sammamish Road North, Redmond,
WA  98052.

As referred to in this contract, "date of closing" shall be **31 - May  1977**

(1) The purchaser assumes and agrees to pay before delinquency all taxes and assessments that may as between grantor
and grantee hereafter become a lien on said real estate, and if by the terms of this contract the purchaser has assumed pay-
ment of any mortgage, contract or other encumbrance, or has assumed payment of or agreed to purchase subject to, any taxes
or assessments now a lien on said real estate, the purchaser agrees to pay the same before delinquency.

(2) The purchaser agrees, until the purchase price is fully paid, to keep the buildings now and hereafter placed on said
real estate insured to the actual cash value thereof against loss or damage by both fire and windstorm in a company accept-
able to the seller and for the seller's benefit, as his interest may appear, and to pay all premiums therefor and to deliver all
policies and renewals thereof to the seller.

(3) The purchaser agrees that full inspection of said real estate has been made and that neither the seller nor his assigns
shall be held to any covenant respecting the condition of any improvements thereon nor shall the purchaser or seller or the
assigns of either be held to any covenant or agreement for alterations, improvements or repairs unless the covenant or agree-
ment relied on is contained herein or is in writing and attached to and made a part of this contract.

(4) The purchaser assumes all hazards of damage to or destruction of any improvements now on said real estate or here-
after placed thereon, and of the taking of said real estate or any part thereof for public use, and agrees that no such damage,
destruction or taking shall constitute a failure of consideration. In case any part of said real estate is taken for public use,
the portion of the condemnation award remaining after payment of reasonable expenses of procuring the same shall be paid to
the seller and applied as payment on the purchase price herein unless the seller elects to allow the purchaser to apply all or
a portion of such condemnation award to the rebuilding or restoration of any improvements damaged by such taking. In case of
damage or destruction from a peril insured against, the proceeds of such insurance remaining after payment of the reasonable
expense of procuring the same shall be devoted to the restoration or rebuilding of such improvements within a reasonable
time, unless purchaser elects that said proceeds shall be paid to the seller for application on the purchase price herein.

(5) The seller has delivered, or agrees to deliver within 15 days of the date of closing, a purchaser's policy of title
insurance in standard form, or a commitment therefor, issued by Security Title Insurance Company of Washington, insuring
the purchaser to the full amount of said purchase price against loss or damage by reason of defect in seller's title to said
real estate as of the date of closing and containing no exceptions other than the following:

a. Printed general exceptions appearing in said policy form;

b. Liens or encumbrances which by the terms of this contract the purchaser is to assume, or as to which the conveyance
hereunder is to be made subject; and

c. Any existing contract or contracts under which seller is purchasing said real estate, and any mortgage or other obliga-
tion, which seller by this contract agrees to pay, none of which for the purpose of this paragraph (5) shall be deemed
defects in seller's title.

(6) If seller's title to said real estate is subject to an existing contract or contracts under which seller is purchasing said
real estate, or any mortgage or other obligation which seller is to pay, seller agrees to make such payments in accordance
with the terms thereof, and upon default, the purchaser shall have the right to make any payments necessary to remove the
default, and any payments so made shall be applied to the payments next falling due the seller under this contract.

TL-46  1.66

Ex. 3AA-13

(7) The seller agrees, upon receiving full payment of the purchase price and interest in the manner above specified, to execute and deliver to purchaser a statutory warranty _____ deed to said real estate, excepting any part thereof hereafter taken for public use, free of encumbrances except any that may attach after date of closing through any person other than the seller, and subject to the following:

(8) Unless a different date is provided for herein, the purchaser shall be entitled to possession of said real estate on date of closing and to retain possession so long as purchaser is not in default hereunder. The purchaser covenants to keep the buildings and other improvements on said real estate in good repair and not to permit waste and not to use, or permit the use of, the real estate for any illegal purpose. The purchaser covenants to pay all service, installation or construction charges for water, sewer, electricity, garbage or other utility services furnished to said real estate after the date purchaser is entitled to possession.

(9) In case the purchaser fails to make any payment herein provided or to maintain insurance, as herein required, the seller may make such payment or effect such insurance, and any amounts so paid by the seller, together with interest at the rate of 10% per annum thereon from date of payment until repaid, shall be repayable by purchaser on seller's demand, all without prejudice to any other right the seller might have by reason of such default.

(10) Time is of the essence of this contract, and it is agreed that in case the purchaser shall fail to comply with or perform any condition or agreement hereof or to make any payment required hereunder promptly at the time and in the manner herein required, the seller may elect to declare all the purchaser's rights hereunder terminated, and upon his doing so, all payments made by the purchaser hereunder and all improvements placed upon the real estate shall be forfeited to the seller as liquidated damages, and the seller shall have right to re-enter and take possession of the real estate; and no waiver by the seller of any default on the part of the purchaser shall be construed as a waiver of any subsequent default.

Service upon purchaser of all demands, notices or other papers with respect to forfeiture and termination of purchaser's rights may be made by United States Mail, postage pre-paid, return receipt requested, directed to the purchaser at his address last known to the seller.

(11) Upon seller's election to bring suit to enforce any covenant of this contract, including suit to collect any payment required hereunder, the purchaser agrees to pay a reasonable sum as attorney's fees and all costs and expenses in connection with such suit, which sums shall be included in any judgment or decree entered in such suit.

If the seller shall bring suit to procure an adjudication of the termination of the purchaser's rights hereunder, and judgment is so entered, the purchaser agrees to pay a reasonable sum as attorney's fees and all costs and expenses in connection with such suit, and also the reasonable cost of searching records to determine the condition of title at the date such suit is commenced, which sums shall be included in any judgment or decree entered in such suit.

IN WITNESS WHEREOF, the parties hereto have executed this instrument as of the date first written above.

ROBERT G. NELSON _____ WILLIAM F. HUGHES (SEAL)

MARY BETH NELSON _____ (SEAL)

_____ BETTY M. HUGHES (SEAL)

_____ (SEAL)

STATE OF WASHINGTON,
County of KING } ss.

On this day personally appeared before me WILLIAM F. HUGHES and BETTY M. HUGHES, his wife, to me known to be the individuals described in and who executed the within and foregoing instrument, and acknowledged that they signed the same as their free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this 6 day of _____, 1977.

_____ residing at _____

SECURITY TITLE INSURANCE COMPANY

Filed for Record at Request of

THIS SPACE RESERVED FOR RECORDER'S USE

Jun 17  1 14 PM '77

RECORDED KC RECORDS

NAME Wm. J. Hughes
ADDRESS 3202 E Lake Sammamish Rd N.
CITY AND STATE Redmond WA 98052

Ex. 3AA-14

**SAFECO. TITLE INSURANCE COMPANY**
1100 SECOND AVENUE · SEATTLE, WASHINGTON 98101 · 623-0870

Filed for Record at Request of

FILED FOR RECORD AT REQUEST OF
TRANSAMERICA TITLE
INSURANCE COMPANY
PARK PLACE
6th & UNIVERSITY
SEATTLE, WASHINGTON 98101

THIS SPACE RESERVED FOR RECORDER'S USE

FILED
TRANSAMERICA TITLE INS. CO.
Record at Request of
SEATTLE, WASH.

1977 OCT 12   AM 8 30

DIRECTOR
RECORDS & ELECTIONS
KING COUNTY, WASH.

NAME *Mr. & Mrs. Robert G Nelson*

ADDRESS *8002 149th Pl. NE #102*

CITY AND STATE *Redmond, Wa. 98052*

7710120289

## PARTIAL
## Warranty/Fulfillment Deed

THE GRANTOR    WILLIAM F. HUGHES and BETTY M. HUGHES, his wife,

for and in consideration of   TEN AND NO/100 DOLLARS ($10.00)

in hand paid, conveys and warrants to   ROBERT G. NELSON and MARY BETH NELSON, his wife,

the following described real estate, situated in the county of        King                    , State of Washington:

SEE EXHIBIT "A" attached hereto

*Sales Tax*
*6/17/77*
*E 415851*

This deed is given in/fulfillment of that certain real estate contract between the parties hereto, dated the ___ day of _____, 19 77 , and conditioned for the conveyance of the above described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

Dated this ___ day of _____ 1977.

SALES TAX PAID ON CONTRACT AFF. NO. E41385
KING CO. RECORDS DIVISION

BY _____ , DEPUTY

*William F. Hughes* (SEAL)
*Betty M. Hughes* (SEAL)

STATE OF WASHINGTON,
County of   King        ss.

On this day personally appeared before me   WILLIAM F. HUGHES and BETTY M. HUGHES, his wife,
to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that    they    signed the same as    their    free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this ___ day of _____

Notary Public in and for the State of Washington,
residing at

TL-2 R2 1/74

Ex. 3AA-15

EXHIBIT "A"

The Southeasterly 96.00 feet of the Northwesterly 200 feet of the Second
Class Shorelands adjoining that portion of Government Lot 2, Section 20,
Township 25 North, Range 6 East; W.M., in King County, Washington,
described as follows:

BEGINNING at the Northeast corner of said Government Lot; thence South
along the East line thereof, 569.64 feet; thence West 221.58 feet; thence
Southwesterly at right angles to the right-of-way of the Northern Pacific
Railway Company, (formerly the Seattle & International Railway) 15.3 feet
to the Northeasterly line of said right-of-way; thence Northwesterly along
said Northeasterly line to the North line of said Government Lot; thence
East along said North line to the point of beginning;
EXCEPT County Road;
EXCEPT portion if any, in said railroad right-of-way.

TOGETHER WITH permission to maintain a private road crossing over Northern
Pacific Railraod right-of-way in the said Government Lot 2 as recorded
under Auditor's File Number 7608310608.

7710120289



AFTER RECORDING MAIL TO:
MICHAEL JOSEPH PIZZO
3123 EAST LAKE SAMMAMISH PARKWAY NE
REDMOND, WA 98053

Filed for Record at Request of
Sammamish Escrow, Inc.
Escrow Number: 98717B

(W 793801-3 **Statutory Warranty Deed**    10´

Grantor(s): ROBERT G. NELSON and MARY BETH NELSON

Grantee(s): MICHAEL JOSEPH PIZZO, JAMES RICHARD PIZZO, and EVELYN MARY PIZZO

Abbreviated Legal: LOT , BLOCK   PORTION OF GOVT LOT 2, STR 20-25-6

Full Legal Description on page(s): 2

Assessor's Tax Parcel Number(s): 202506-9042-02

THE GRANTOR ROBERT G. NELSON AND MARY BETH NELSON, HUSBAND AND WIFE

for and in consideration of TEN DOLLARS AND OTHER GOOD AND VALUABLE CONSIDERATION

in hand paid, conveys and warrants to MICHAEL JOSEPH PIZZO, A SINGLE PERSON AND JAMES
RICHARD PIZZO AND EVELYN MARY PIZZO, HUSBAND AND WIFE

the following described real estate, situated in the County of  KING              , State of Washington:
LEGAL DESCRIPTION ATTACHED HERETO AND BY REFERENCE IS MADE A PART THEREOF.

SUBJECT TO:  ALL EASEMENTS, RESTRICTIONS, RESERVATIONS, CONDITIONS,
COVENANTS AND AGREEMENTS OF RECORD AS SHOWN ON "EXHIBIT A" ATTACHED HERETO.
Dated this   13   day of  November   , 1998

By _____    By _____
ROBERT G. NELSON

By _____    By _____
MARY BETH NELSON
STATE OF   WASHINGTON        }
COUNTY OF   KING            } SS

I certify that I know or have satisfactory evidence that ROBERT G. NELSON AND
MARY BETH NELSON
are    the person s   who appeared before me, and said person   s  acknowledged that they
signed this instrument and acknowledge it to be   their  free and voluntary act for the uses and
purposes mentioned in this instrument.
Dated:   11/16/98

IRENE C. BALLEW
Notary Public in and for the State of  WASHINGTON
Residing at   ISSAQUAH
My appointment expires: 12/3/2001

Page 1                                    LPB-10L

E1650379 11/17/98  14240.00    800000.00

25

Ex. 3AA 17

EXHIBIT "A"

LEGAL DESCRIPTION:

The southeasterly 96.00 feet of the northwesterly 200 feet of
the Second Class Shorelands adjoining that portion of
Government Lot 2, Section 20, Township 25 North, Range 6
East, W.M., in King County, Washington, described as follows:

Beginning at the northeast corner of said Government Lot;
thence south along the east line thereof, 569.64 feet;
thence west 221.58 feet;
thence southwesterly at right angles to the right-of-way of
the Norther Pacific Railway Company, (formally the Seattle &
International Railway) 15.3 feet to the northeasterly line of
said right-of-way;
thence northwesterly along said northeasterly line to the
north line of said Government Lot;
thence east along said north line to the point of beginning;
EXCEPT County Road;
EXCEPT portion, if any, in said railroad right-of-way.

9811170889

Ex. 3AA 18

EXHIBIT "B"

SUBJECT TO:

Reservations contained in deed from the State of Washington
recorded under Recording No. 3090903, reserving to the grantor
all oil, gases, coal, ores, minerals, fossils, etc., and the
right of entry for opening, developing and working the same,
and providing that such rights shall not be exercised until
provision has been made for full payment of damages sustained
by reason of such entry.

Right of the State of Washington or its successors, subject to
payment of compensation therefor, to acquire rights-of-way for
private railroads, skid roads, flumes, canals, water courses
or other easements for transporting and moving timber, stone,
minerals and other products from this and other land, as
reserved in deed referred to above.

LEASE AND THE TERMS AND CONDITIONS THEREOF:

| | |
|---|---|
| LESSOR: | Northern Pacific Railway Company |
| LESSEE: | William F. Hughes and Betty M. Hughes, his wife |
| FOR A TERM OF: | Indefinite |
| DATED: | June 15, 1976 |
| RECORDED: | August 31, 1976 |
| RECORDING NO.: | 7608310608 |

Right of the State of Washington in and to that portion, if
any, of the land herein described which lies below the line of
ordinary high water of the Lake Sammamish.

RIGHTS OF THE UNITED STATES AND THE STATE OF WASHINGTON to
regulate the use or occupancy of that portion of the land
lying below the line of the mean high tide.

Rights and easements of the public for commerce, navigation,
recreation and fisheries.

Any restriction on the use of the land resulting from the
rights of the public or riparian owners to use any portion
which is now, or has formerly been, covered by water.

Location of the lateral boundaries of second class tidelands
and shorelands.

WHEN RECORDED MAIL TO:
J RICHARD PIZZO and EVELYN M PIZZO
3123 E Lake Sammamish Pkwy NE
Sammamish, Washington 98074



**20010504000004**
BROWN LAW FIRM QCD          9 00
PAGE 001 OF 002
05/04/2001 08.27
KING COUNTY, WA

## E1815817
05/04/2001 08.27
KING COUNTY, WA
TAX          $2.00
SALE         $0 00          PAGE 001 OF 002

## Quitclaim Deed
3123 E Lake Sammamish Pkwy NE, Sammamish, WA 98074

For no consideration, J RICHARD PIZZO and EVELYN M PIZZO do hereby Convey, Remise, Release and Quitclaim their one-half interest in and to the following described real property in the County of King, State of Washington to

> J RICHARD PIZZO and EVELYN M PIZZO, Trustees, or their successors in trust, under the PIZZO LIVING TRUST, dated **APR 1 8 2001** and any amendments thereto

LEGAL DESCRIPTION  The Southeasterly 96 00 feet of the Northwesterly 200 feet of the Second Class Shorelands adjoining that portion of Government Lot 2, Section 20, Township 25 North, Range 6 East, W M, in King County, Washington, described as follows:  Beginning at the Northeast corner of said Government Lot, Thence South along the East line thereof, 569 64 feet, Thence West 221 58 feet, Thence Southwesterly at right angles to the right-of-way of the Northern Pacific Railway Company, (formally the Seattle & International Railway) 15.3 feet to the Northeasterly line of said right-of-way, Thence Northwesterly along said Northeasterly line to the North line of said Government Lot, Thence East along said North line to the point of beginning, Except County Road, Except portion, if any, in said railroad right-of-way

Tax Parcel No 202506-9042-02          Date    **APR 1 8 2001**

J RICHARD PIZZO                        EVELYN M PIZZO

Ex. 3AA 20

STATE OF WASHINGTON          )
                                                       ) SS
COUNTY OF KING                  )

I certify that I know or have satisfactory evidence that J RICHARD PIZZO and EVELYN M PIZZO, are the persons who appeared before me, and said persons acknowledged that they signed this instrument and acknowledged it to be their free and voluntary act and deed for the uses and purposes mentioned in the instrument

GIVEN under my hand and official seal on this  APR 1 8 2001

Notary Public in and for the state of Washington
Residing in Issaquah, Washington
My commission expires August 18, 2001
Printed Name  Andrea R  Logan

2001 050 4000004

Ex 3AA 21

20030228001762.001



**20030228001762**

FIDELITY NATIO QCD    20 00
PAGE 001 OF 002
02/28/2003 11:12
KING COUNTY, WA

AFTER RECORDING MAIL TO
James & Evelyn Pizzo
3123 E Lk Sammamish Pkwy NE
Sammamish, WA 98074

**E1942031**
02/28/2003 10:46
KING COUNTY, WA
TAX          $2.00
SALE         $0.00          PAGE 001 OF 002

Filed for Record at the Request of **Escrow Partners, Inc.**
Escrow Number **1-0212-252** – QCD Buyer

## Quit Claim Deed

Grantor(s)  Kathryn A. Pizzo, wife of Michael J Pizzo
Grantee(s)  Michael J Pizzo, a married man as his separate estate
Abbreviated Legal  PTN Gov. Lt. 2, 20-25-6
Additional legal(s) on page
Assessor's Tax Parcel Number(s)  202506-9042-02

Recorded at the request of
**FIDELITY NATIONAL TITLE**
Order # 332910-1

THE GRANTOR **Kathryn A. Pizzo, wife of Michael Joseph Pizzo** for and in consideration of "To establish separate community property" (WAC 458-61-340(1)) conveys and quit claims to **Michael Joseph Pizzo, a married man as his separate estate**
the following described real estate, situated in the County of King, State of Washington, together with all after acquired title of the grantor(s) therein
                    See Attached Legal Description

Property Address  3123 E Lk Sammamish Pkwy NE, Sammamish, WA  98074

Together with any personal property located thereon

Dated **2/19/2003**

By _Kathryn A Pizzo_               By _Michael J Pizzo_
   Kathryn A. Pizzo                    Michael Joseph Pizzo

STATE OF _Washington_        }
County of _King_             } SS

I certify that I know or have satisfactory evidence that Kathryn A. Pizzo and Michael J Pizzo is/are the person(s) who appeared before me, and said person(s) acknowledged that he/she/they signed this instrument and acknowledge it to be a free and voluntary act for the uses and purposes mentioned in this instrument

Dated _____

                              Notary Public in and for the State of WASHINGTON
                              Residing at _Woodinville_ WA
                              My appointment expires  1/29/07

Ex. 3AA-22

20030228001762.002

Fidelity National Title Company of Washing
ALTA Commitment, Page 2
Order No  0332910

EXHIBIT "A"

LEGAL DESCRIPTION

The Southeasterly 96 00 feet of the Northwesterly 200 feet of the second
class Shorelands adjoining that portion of Government Lot 2, Section 20,
Township 25 North, Range 6 East, W M , records of King County,
Washington, described as follows

Beginning at the Northeast corner of said Government Lot,
THENCE South along the East line thereof, 569 64 feet,
THENCE West 221 58 feet,
THENCE Southwesterly at right angles to the right-of-way of the Norther
Pacific Railway Company, (formally the Seattle & International Railway)
15 3 feet to the Northeasterly line of said right-of-way,
THENCE Northwesterly along said Northeasterly line to the North line of
said Government lot,
THENCE East along said North line to the point of beginning,

EXCEPT the County Road,
EXCEPT portion, if any, in said railroad right-of-way

Situate in the County of King, State of Washington

NOTE FOR INFORMATIONAL PURPOSES ONLY
The following may be used as an abbreviated legal description on the
documents to be recorded, per amended RCW 65 04   Said abbreviated legal
description is not a substitute for a complete legal description within
the body of the document

Ptn Gov Lot 2, 20-25-6


This property is located in King County

Recording to be delivered to
Fidelity National Title Co , 720 Olive Way #515, Seattle, WA 98101

AFTER RECORDING MAIL TO
James & Evelyn Pizzo
3123 E Lk Sammamish Pkwy NE
Sammamish, WA 98074



**20030228001763**
FIDELITY NATIO QCD
PAGE 001 OF 002          20.00
02/28/2003 11:12
KING COUNTY, WA

**E1942034**
02/28/2003 10 48
KING COUNTY, WA
TAX          $2.00
SALE         $0 00          PAGE 001 OF 002

Filed for Record at Request of **Escrow Partners, Inc.**
Escrow Number **1-0212-252** — QCD-Buyer

## Quit Claim Deed

Grantor(s) Michael Joseph Pizzo, as his separate estate and J Richard Pizzo and Evelyn M Pizzo, Trustees, or their
            successors in trust, under the Pizzo Living Trust dated April 18, 2001, and any amendments thereto
Grantee(s) Michael Joseph Pizzo, as his separate estate and J Richard Pizzo and Evelyn M Pizzo, husband and wife
Abbreviated Legal: P4N-6W Lt 2, 20-25-6          **Recorded at the request of**
Additional legal(s) on page                                     **FIDELITY NATIONAL TITLE**
Assessor's Tax Parcel Number(s) 202506-9042-02          Order # 232910 - 1(5)20

THE GRANTOR Michael Joseph Pizzo, as his separate estate and J. Richard Pizzo and Evelyn M. Pizzo, Trustees, or
their successors in trust, under the Pizzo Living Trust dated April 18, 2001, and any amendments thereto , for and in
consideration of "To Clear Title Only" (WAC 458-61-255) conveys and quit claims to Michael Joseph Pizzo, as his
separate estate and J. Richard Pizzo and Evelyn M Pizzo, husband and wife,
the following described real estate, situated in the County of King, State of Washington, together with all after acquired title
of the grantor(s) therein
          **See attached Legal description**

Property Address  3123 E Lk Sammamish Pkwy NE, Sammamish, WA 98074

Together with any personal property located thereon

Dated **2/19/2003.**

By _____          By _____
   Michael Joseph Pizzo                     J Richard Pizzo

By _____
   Evelyn M Pizzo

STATE OF Washington          }
County of King               } SS

I certify that I know or have satisfactory evidence that Michael Joseph Pizzo and J. Richard Pizzo is/are the
person(s) who appeared before me, and said person(s) acknowledged that he/she/they signed this instrument and
acknowledge it to be a free and voluntary act for the uses and purposes mentioned in this instrument

Dated  2/24

          Maureen S Samuelson
          Tsao Maureen Samuelson
          Notary Public in and for the State of WASHINGTON
          Residing at Bellevue, WA
          My appointment expires 4/9/2003

MAUREEN M. SAMUELSON
COMMISSION EXPIRES
NOTARY
PUBLIC
1-29-07
STATE OF WASHINGTON

Ex 3AA 24

Fidelity National Title Company of Washington
ALTA Commitment, Page 2
Order No  0332910

LEGAL DESCRIPTION

The Southeasterly 96 00 feet of the Northwesterly 200 feet of the second
class Shorelands adjoining that portion of Government Lot 2, Section 20,
Township 25 North, Range 6 East, W M , records of King County,
Washington, described as follows

Beginning at the Northeast corner of said Government Lot,
THENCE South along the East line thereof, 569 64 feet,
THENCE West 221 58 feet,
THENCE Southwesterly at right angles to the right-of-way of the Norther
Pacific Railway Company, (formally the Seattle & International Railway)
15 3 feet to the Northeasterly line of said right-of-way,
THENCE Northwesterly along said Northeasterly line to the North line of
said Government lot,
THENCE East along said North line to the point of beginning,

EXCEPT the County Road,
EXCEPT portion, if any, in said railroad right-of-way

Situate in the County of King, State of Washington

NOTE FOR INFORMATIONAL PURPOSES ONLY
The following may be used as an abbreviated legal description on the
documents to be recorded, per amended RCW 65 04   Said abbreviated legal
description is not a substitute for a complete legal description within
the body of the document

Ptn Gov Lot 2, 20-25-6


This property is located in King County


Recording to be delivered to
Fidelity National Title Co , 720 Olive Way #515, Seattle, WA 98101

**When recorded return to:**
Michael Glover and Allison Glover
3123 E Lake Sammamish Pkwy NE
Sammamish, WA 98074



**20121116002252**
FIDELITY NATIO WD          74.00
PAGE-001 OF 003
11/16/2012 16:17
KING COUNTY, WA

Filed for record at the request of:

**Fidelity National Title** Company

10655 NE 4th St., Suite 200
Bellevue, WA 98004

**E2574781**
11/16/2012 16:15
KING COUNTY, WA
TAX          $21,890.10
SALE     $1,229,500.00          PAGE-001 OF 001

Escrow No.: 611041900

FIDELITY NATIONAL TITLE

3/75          **STATUTORY WARRANTY DEED**

THE GRANTOR(S) Michael Joseph Pizzo and Kathryn Pizzo, husband and wife and J. Richard Pizzo, also appearing of record as James Richard Pizzo and Evelyn M. Pizzo, also appearing of record as Evelyn Mary Pizzo, husband and wife

for and in consideration of Ten And No/100 Dollars ($10.00) and other good and valuable consideration

in hand paid, conveys, and warrants to Michael Glover and Allison Glover, husband and wife

the following described real estate, situated in the County of King, State of Washington:

    SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

    Abbreviated Legal: (Required if full legal not inserted above.)

    Ptn Gov Lot 2, Sec 20, Twp 25 N., Rg 6 E., W.M.
    Tax Parcel Number(s): 202506-9042-02

Subject to:

1.    RIGHTS, RESERVATIONS, COVENANTS, CONDITIONS, RESTRICTIONS, AGREEMENTS, NOTES, DEDICATIONS, ENCROACHMENTS, AND EASEMENTS PRESENTLY OF RECORD.

Dated: November 7, 2012

_____
J. Richard Pizzo

_____
Evelyn M. Pizzo

_____
Michael Joseph Pizzo

_____
Kathryn Pizzo

Statutory Warranty Deed (LPB 10-05)
WA0000059.doc / Updated: 09.28.12          Page 1 of 3          WA-FT-FTMA-01530.611001-611041900

Ex. 3AA 26

## STATUTORY WARRANTY DEED
(continued)

State of _Washington_

County of _King_

> Notary Public
> State of Washington
> TEODORA GRANT
> My Appointment Expires Aug 24, 2013

\*

I certify that I know or have satisfactory evidence that Michael Joseph Pizzo and Kathryn Pizzo are the persons who appeared before me, and said persons acknowledged that they signed this instrument and acknowledged it to be their free and voluntary act for the uses and purposes mentioned in this instrument.

\* Michael Joseph Pizzo & Kathryn Pizzo \*

Dated: _Nov 13, 12_

> Notary Public
> State of Washington
> TEODORA GRANT
> My Appointment Expires Aug 24, 2013

Name: _Teodora Grant_
Notary Public in and for the State of _WA_
Residing at: _Kirkland 8-24-13_
My appointment expires: _8-24-13_

State of _WA_

County of _KING_

I certify that I know or have satisfactory evidence that J. Richard Pizzo and Evelyn M. Pizzo are the persons who appeared before me, and said persons acknowledged that they signed this instrument and acknowledged it to be their free and voluntary act for the uses and purposes mentioned in this instrument.

Dated: _11/13/12_

Name: _BLAKE E. LANZ_
Notary Public in and for the State of _WA_
Residing at: _SEATTLE, WA_
My appointment expires: _04.25.15_

> BLAKE E. LANZ
> COMMISSION EXPIRES
> NOTARY
> PUBLIC
> 04.25.15
> STATE OF WASHINGTON

Ex. 3AA 27

**EXHIBIT "A"**
Legal Description

**For APN/Parcel ID(s):  202506-9042-02**

THE SOUTHEASTERLY 96.00 FEET OF THE NORTHWESTERLY 200 FEET OF THE SECOND
CLASS SHORELANDS ADJOINING THAT PORTION OF GOVERNMENT LOT 2, SECTION 20,
TOWNSHIP 25 NORTH, RANGE 6 EAST, WILLAMETTE MERIDIAN, IN KING COUNTY,
WASHINGTON, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF SAID GOVERNMENT LOT;
THENCE SOUTH ALONG THE EAST LINE THEREOF, 569.64 FEET;
THENCE WEST 221.58 FEET;
THENCE SOUTHWESTERLY AT RIGHT ANGLES TO THE RIGHT OF WAY OF THE NORTHERN
PACIFIC RAILWAY COMPANY, (FORMERLY THE SEATTLE & INTERNATIONAL RAILWAY) 15.3
FEET TO THE NORTHEASTERLY LINE OF SAID RIGHT OF WAY;
THENCE NORTHWESTERLY ALONG SAID NORTHEASTERLY LINE TO THE NORTH LINE OF
SAID
GOVERNMENT LOT;
THENCE EAST ALONG SAID NORTH LINE TO THE POINT OF BEGINNING;

EXCEPT COUNTY ROAD;

AND EXCEPT PORTION, IF ANY, IN SAID RAILROAD RIGHT OF WAY.

SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON

ABBREVIATED LEGAL:  PTN GOV LOT 2, SEC 20, TWP 25 N., RG 6 E., W.M.





SEC. 20, TWP. 25N., R. 6E.

G.L.1

N.E.
COR.
G.L.3

688.63

G.L.2

G.L.3

50'

50'

30' 30

N.P.R.R., B.N.R.R., SEATTLE & INTERNATIONAL RAILWAY

E. LAKE SAMMAMISH PKWY N.E.

HUGHES
9085

104'

200'

96'

NELSON
9042

APPROXIMATE
SHORELINE

LAKE SAMMAMISH

569.64

221.58

55.23

15.3'

STARES

200

240.04'

55.23

N

NO SCALE

Ex. 3BB-1

No. 956024

Bertha Palmberg

TO

County of King

# QUIT-CLAIM DEED

The grantor herein Bertha Palmberg a widow

for the consideration of two hundred no/100 _____ Dollars

and also of benefits to accrue to her by reason of laying out and establishing a public road through her property,

and which is hereafter described, convey, release and quit-claim to the County of King, State of Washington, for use of the

Public forever, as a public road and highway, all interest in the following described real estate, viz.:

A strip, belt or piece of land 60 ft. in width lying easterly of and adjacent

to the right of way of the Northern Pacific Ry. as the same is now established over

and across the tracts of land owned by Alfred Palmberg in Gov. lot 1, and 2 in Sec. 20

Twp 25 N. R. 6 E. W. M. said 60 ft strip containing 1.44 acres more or less.

Right-of-way Issaquah Redmond Road.

situated in the County of King, State of Washington.

Dated this Sep ____ day of    29th    A. D. 1914

Bertha Palmberg

WITNESSES:

Bessie Palmberg

State of Washington,
County of    King    } ss.

On this    29th    day of    Sep.    19 14, before me, a Notary Public in and for the State of Washington,

duly commissioned and sworn, personally came I Bertha Palmberg a widow

to me known to be the individual described in and who executed the within instrument and acknowledged to me that

she signed and sealed the same as her free and voluntary act and deed for the uses and purposes therein mentioned.

Witness my hand and official seal the day and year first above written.

A. L. Rutherford

A. L. R.
Notarial Seal
COMMISSION EXPIRES
Jan 15, 1917

Notary Public in and for the State of Washington, residing at Fall City Wn.

Filed for record at the request of    Grantee    on the    30    day of    Sep.    19 14

at    48    minutes past    2    o'clock    P.    M.

S.H. Y+S

County Auditor

Ex. 3CC-1

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

IN PROBATE

. . . . . . . . . . . . .

In the Matter of the Estate of                    No. 24456

        BERTHA PALMBERG,                    ORDER APPROVING FINAL
                                           ACCOUNT AND DISTRIBUTING
            DECEASED.                       ESTATE

. . . . . . . . . . . . . .

        This cause having come on regularly for hearing in
open court on the hearing of the final account of the adminis-
trator herein and on his petition for distribution; and it
appearing to the Court from the files and records herein and
from testimony had that due and timely notice has been given
of this hearing by posting and publication in the manner required
by the law and by the order of this court; and

        It further appearing that more than six months has
elapsed since the first publication of notice to creditors in
this estate, and that all claims filed have been paid, and that
there are no unpaid claims of any nature; and further that all
parties interested in this estate are of legal age, and the
Court having examined the final account and petition for dis-
tribution, and being fully advised in the premises,

        NOW, THEREFORE, IT IS HEREBY ORDERED ADJUDGED AND
DECREED that the final account of the administrator herein be,
and the same is hereby approved, the said final account showing
balance of cash on hand of $366.54, from which, however, should
be deducted the expense of filing final account and publication
of notice in reference to the same, said items amounting in the
aggregate to $9.50, leaving a net balance on hand of $357.04.

**FILED**
IN CLERKS OFFICE         only persons interested in said estate are
OCT 31 19         the children of the decedent and are as follows:

PERCY F. THOMAS,
            CLERK
BY GEO L. BERGER
            DEPUTY

-1-

Ex. 3DD-1

Maude Palmberg,    a daughter, legal age.
Mrs. Annie Stangroom    "    :    "
Bessie Zengel    "    :    "
Gertie Gorman    "    :    "
Bert Stares    son    :    "
Alfred Palmberg    "    :    (reached the age
of 21 since the institution
of proceedings in this estate.)

That an allowance of $ 50 is hereby made to
the administrator for his fees, and an allowance of $ 50.00
is hereby made to the attorneys for the administrator.

That the balance of cash on hand, to-wit, the sum of
$ 257.04 is hereby distributed in equal portions to the
above six named persons.

That the real estate hereinafter described is hereby
distributed to said six named persons,- a one-sixth undivided
interest to each person.

That the real estate herein distributed is specifically
described as follows:

(1)  Beginning 630 feet east of the NW corner of Lot 1,
Sec. 20, Twp. 25, R. 6.; thence south 900 feet; thence southwest
at right angles to right of way of S & I Ry. to east line of
said right of way; thence southerly along said right of way to
south line of said Lot 1; thence east to southeast corner of Lot
1; thence north to northeast corner of Lot 1; thence west to
beginning, King County.

(2)  Beginning at the northeast corner of Lot 2, Section
20, Twp. 25, R. 6; thence south along the east line of said
Lot 2 - 564.64 feet, more or less, to the north line of what is
known as the Stares Tract; thence west 231.58 feet along the line
between said Stares Tract and the tract herein described; thence
southwesterly at right angles to center line of S & I Ry.15.3 feet
to the east line of right of way; thence northwesterly along said
right of way to northwest corner of said lot; thence east to
beginning, King County.

(3)  Beginning at southeast corner of said Lot 2; thence
north 110 feet; thence west 87 feet to east line of right of way
of S & I Ry.; thence southwesterly along said right of way to
beginning, King County.

(4)  Undivided one half interest in the following tract
beginning at a point on the north and south line between Lots 2
and 3 in Sec. 20, Twp. 25, R. 6- 569.64 feet south of the North-
west corner of said Lot 3; thence west in said Lot 2 - 231.58
feet; thence southwesterly along a line drawn at right angles to
center line of the S.L & E Ry. Co. 15.3 feet to easterly margin
of the right of way of said Ry. Co.; thence southeasterly along
said right of way 240.04 feet; thence east 87 feet to said north
and south line between Lots 2 and 3; thence east in said Lot 3
55.25 feet; thence north 200 feet; thence west 55.25 feet to

-24-

point of beginning; containing one acre, together with all riparian and littoral rights,- as reserved from Railway,-fronting upon and appurtenant to above land; King County.

That if any further estate of the decedent should be discovered whether real or personal the same is hereby distributed to said six persons,- an undivided one-sixth to each person.

That when the administrator herein shall have filed a receipt showing distribution of the money on hand he shall be entitled to an order discharging him from any other or further duty herein and releasing his bond.

D o n e  in open Court this ___30___ day of ___October___ 1919.

_A. W. Frater_

                                                      Judge.

**LAWYERS & REALTORS TITLE INSURANCE COMPANY**

HOME SAVINGS BUILDING

SEATTLE, WASH.

July 19, 1928

REFER TO NO._____5678____

ENTERED

JUL 24 1928

Commissioner Pub. Lands
Office No. 122228

Mr. A. Palmberg,
Route No. 1,
Redmond, Washington.

Dear Sir:

In the matter of your application for report on the title to the following land in King County, Washington, to-wit:

Parcel "A" - Beginning at a point on the north and south line between Lots 2 and 3 in Section 20, Township 25 North, Range 6, E. W. M., 569.64 feet south of the northwest corner of said lot 3; thence west in said Lot 2, 221.58 feet; thence southwesterly along a line drawn at right angles to center line of the Northern Pacific Railway 15.3 feet to easterly margin of the right of way of said Railway; thence southeasterly along said right of way 240.04 feet; thence east 87 feet to said north and south line between Lots 2 and 3; thence east in said Lot 3, 55.25 feet; thence north 200 feet; thence west 55.25 feet to point of beginning, containing one acre more or less, LESS county roads, TOGETHER with all riparian and littoral rights, as reserved from Railway fronting upon and appurtenant to above land.

Parcel "B" - All of Government Lot 2, EXCEPT portion described as Parcel "A" and except railroad right of way and except County roads,

we have examined the records to July 18, 1928 at 8 o'clock A. M. and find on said date full record title to said premises was vested as follows:

Parcel "A" in SAMUEL TURNER, presumptively subject to the community interest of his wife Jemima Turner,

Parcel "B" in MAUDE PALMBERG, ANNIE STANGROOM, BESSIE ZENGEL, GERTIE GORMAN, A~~NNIE~~ PALMBERG and BERT STARES, as tenants in common and as their separate estates, free from liens and encumbrances, excepting as hereinafter stated:

Ex. 3EE-1

Order #5678
-2-

1.  General taxes if any, (no search made).

2.  The records do not disclose the location of the
railroad right of way with reference to the meander line
or the high water line, however, the deed to the railroad
company of the right of way expressly reserves all riparian and
water front rights on Lake Sammamish.

LAWYERS & REALTORS TITLE INSURANCE COMPANY

By

Asst. Secy.

Examination Fee $10.00
SOR/SSR

Ex. 3EE-2

DEED—SECOND CLASS ~~UPLAND~~ SHORE LANDS sold subsequent to June 7, 1911.
S. F. No. 455—1931. 1M—3-10-38, 4791.

# State of Washington

IN CONSIDERATION of · Three hundred ninety-five and 25/100    ($395.25) _____ Dollars,

the receipt of which is hereby acknowledged, the STATE OF WASHINGTON does hereby grant, bargain, sell and convey unto Alfred Palmberg, Maude Palmberg, Annie Stangroom, Bessie Zengel, Gertie Gorman and Bert Stares, their

heirs and assigns, the following described ~~UPLAND~~ shore lands of the second class, as defined by Chapter 255 of the Session Laws of 1927, situate in _____ King _____ County, Washington, to-wit:

> All shore lands of the second class, owned by the State of Washington, situate in front of, adjacent to or abutting upon the following described uplands:
> In front of all of lot 2, section 20, township 25 north, range 6 east, W.M., except the following described tract:
> Beginning at a point on the east line of said lot 2, 569.64 feet south of the northeast corner thereof; thence west 221.58 feet; thence southwesterly at right angles to the center line of the Northern Pacific Railway 15.3 feet to the easterly margin of the right of way of said railway; thence southeasterly along said right of way 240.04 feet; thence east 87 feet to the east line of said lot 2; thence north 200 feet to said point of beginning.
> The above portions of said lot 2, not thus excepted, have a frontage of 15.81 lineal chains, more or less, measured along the government meander line.

The above described lands are sold subject to all the provisions of Chapter 215 of the Session Laws of 1927, to which reference is hereby made, and which shall be as binding upon the grantee and any successor in interest of said grantee as though set out at length herein.
"The grantor hereby expressly saves, excepts and reserves out of the grant hereby made, unto itself, its successors and assigns forever, all oils, gases, coal, ores, minerals and fossils of every name, kind or description, and which may be in or upon said lands above described, or any part thereof, and the right to explore the same for such oil, gases, coal, ores, minerals and fossils; and it also hereby expressly saves and reserves out of the grant hereby made, unto itself, its successors and assigns forever the right to enter by itself, its agents, attorneys and servants upon said lands or any part or parts thereof, at any and all times, for the purpose of opening, developing and working mines thereon, and taking out and removing therefrom all such oils, gases, coal, ores, minerals and fossils, and to that end it further expressly reserves out of the grant hereby made, unto itself, its successors and assigns forever, the right by its or their agents, attorneys and attorneys at any and all times to erect, construct, maintain and use all such buildings, machinery, roads and railroads, sink such shafts, remove such soil, and to remain on said lands or any part thereof for the business of mining and to occupy as much of said land as may be necessary or convenient for the successful prosecution of such mining business hereby expressly reserving to itself, its successors and assigns, as aforesaid, generally all rights and powers in, to and over said lands, whether herein expressed or not, reasonably necessary or convenient to render beneficial and efficient the complete enjoyment of the property and rights hereby expressly reserved": Provided, That no rights shall be exercised under this reservation by the state, its successors or assigns, until provision has been made by the state, its successors and assigns to pay to the owner of the land upon which the rights herein reserved by the state, its successors or assigns are sought to be exercised, full payment for all damages sustained by said owner, by reason of entering upon said land.

TO HAVE AND TO HOLD the said premises, with their appurtenances, unto the said Alfred Palmberg, Maude Palmberg, Annie Stangroom, Bessie Zengel, Gertie Gorman and Bert Stares, their _____ heirs and assigns, forever.

WITNESS, The Seal of the State, affixed this ____ 27th ____

day of _____ February _____, 19X40

[SEAL]

Clarence D. Martin
_____
Governor.

Attest:

Belle Reeves
_____
Secretary of State.

Deed No.    17506
Cont. No.   5848
App. No.    8732

Ex. 3FF-1

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

BERT STARES and
GERTIE GORMAN HUGHES,

              Plaintiffs,

     vs.

MAUDE PALMBERG, ANNIE STANGROON,
MRS ARTHUR HARRIS, Formerly
EILEEN STANGROON, BESSIE ZENGEL,
Deceased and her heirs, and
ALFRED PALMBERG, Deceased and
his heirs,

              Defendants.

No. _____ 367315

C O M P L A I N T

Plaintiffs complain of the defendants and for cause of action allege:

I.

That all of the parties herein are joint owners of the following described property in King County, Washington:

"Those portions of Government Lots 1, 2 and 3 of Section 20, Township 25 North, Range 6 E.W.M., Described as follows:

PARCEL "A"
Beginning at a point on the North line of said Government Lot 1, 630 feet East of the Northwest corner thereof; thence South 900 feet; thence Southwesterly, at right angles to the right-of-way of the Northern Pacific Railway Company (formerly the Seattle and International Railway) to the Northeasterly line of said right-of-way; thence Southeasterly, along said Northeasterly line to the South line of said Government Lot 1; thence East, along said South line to the Southeast corner thereof; thence North, along the East line thereof, to the Northeast corner thereof; thence West, along the North line, to the point of beginning, EXCEPT County Road.

PARCEL "B"
Beginning at the Northeast corner of said Government Lot 2; thence South, along the East line thereof, 569.64 feet; thence West 221.58 feet; thence Southwesterly, at right angles to the right-of-way of the Northern Pacific Railway Company (formerly the Seattle and International Railway), 15.3 feet, to the

Northeasterly line of said right-of-way; thence
Northwesterly, along said Northeasterly line, to
the North line of said Government Lot 2; thence
East, along said North line, to the point of
beginning, TOGETHER WITH second class shore lands
adjoining, EXCEPT County Road.

PARCEL "C"
   Beginning at the Southeast corner of said Gov-
ernment Lot 2; thence North, along the East line
thereof, 110 feet; thence West 87 feet to the
Northeasterly line of the right-of-way of the
Northern Pacific Railway Company (formerly the
Seattle and International Railway); thence South-
easterly, along said Northeasterly line, to the
point of beginning, TOGETHER WITH second class
shore lands adjoining, EXCEPT County Road."

and the second class shore lands adjoining and butting Parcels
"B" and "C".

## II.

That the plaintiffs desire and petition the Court for
a partition of the interests of the said parties in the said
land according to law and that the said property be divided
accordingly.

## III.

That the plaintiffs be allowed a reasonable attorneys
fee in the said partition.

WHEREFORE the plaintiffs pray that the Court order the
partition of the said property according to law and that they
be allowed their costs and disbursements as provided by statute,
including a reasonable attorneys fee.

_____
                Attorney for Plaintiffs

STATE OF WASHINGTON )
                     ) ss.
County of  K I N G   )

BERT STARES being first duly sworn on oath deposes and says:

That he is one of the plaintiffs above named; that he has read the foregoing Complaint, knows the contents thereof and that the statements therein contained are true, as he verily believes.

*Bert Stares*

SUBSCRIBED AND SWORN TO before me this 22 day of June, 1945.

*[signature]*

Notary Public in and for the State
of Washington, residing at Seattle.

Ex. 3GG-3

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

BERT STARES,

                    Plaintiff,

    -vs-

MAUDE PALMBERG, ANNIE
STANGROOM, GERTIE GORMAN
HUGHES, MRS. ARTHUR HARRIS,
formerly Eileen Stangroom,
BESSIE ZENGEL, deceased,
and her heirs, and ALFRED
PALMBERG, deceased, and
his heirs,

                    Defendants.

NO. 367315

BILL OF PARTICULARS

FILED

1948 APR 15 AM 10 30

NORMAN ... CLERK
KING COUNTY WASH

    Comes now the defendant Gertie Gorman Hughes, and in com-
pliance with the order of the court to furnish a bill of particu-
lars showing the defect of parties plaintiff and defendant, here-
with submits attached hereto copy of title report showing condi-
tions of the property and the parties interested.

                                        _____
                                        Attorneys for defendant Gertie
                                        Gorman Hughes.

STATE OF WASHINGTON  )
                     ( ss.
County of King       )

    ELIAS A. WRIGHT, being first duly sworn, on oath deposes and
says:  That he is one of the attorneys for Gertie Gorman Hughes
and prepared the amended answer herein. That he had prepared
title report on the property involved in this proceeding, prior
to filing the answer.  That the title report shows the condition
of the property and the parties interested therein.

                                        _____

SUBSCRIBED AND SWORN TO before me this 14th day of April, 1948.

                                        _____
                                        NOTARY PUBLIC in and for the State
                                        of Washington, residing at Seattle.

COPY RECEIVED
April 14, 1948
PRESTON, THORGRIMSON & HOROWITZ
        E. C.
By_____

WRIGHT & WRIGHT
ATTORNEYS

WASHINGTON TITLE INSURANCE COMPANY

Seattle 4, Washington

November
19th
1946

Refer to B-281013

LIMITED LIABILITY REPORT

In the matter of the title to the following described real estate,

IN THE COUNTY OF KING, STATE OF WASHINGTON

Those portions of Government lots 1 and 2 of section 20, township 25 north, range 6 east, W.M., described as follows:

(a)   Beginning at a point on the north line of Government lot 1, 630 feet east of the northwest corner thereof; thence south 900 feet; thence southwesterly at right angles to the right of way of Northern Pacific Railway Company (formerly Seattle and International Railway) to the northeasterly line of the said right of way; thence southeasterly along said northeasterly line to the south line of said Government lot 1; thence east along said south line to the southeast corner thereof; thence north along the east line thereof to the northeast corner thereof; thence west along the north line to point of beginning; EXCEPT County Road;

(b)   Beginning at the northeast corner of said Government Lot 2; thence south along east line thereof 569.64 feet; thence west 221.58 feet; thence southwesterly at right angles to right of way of the Northern Pacific Railway Company (formerly the Seattle and International Railway) 15.3 feet to the northeasterly line of said right of way; thence northwesterly along said northeasterly line to the north line of said Government lot 2; thence east along said north line to the point of beginning; EXCEPT County Road;
TOGETHER with second class shore lands adjoining, EXCEPT portion if any, in said railroad right of way.

(c)   Beginning at the southeast corner of said Government Lot 2; thence north along the east line thereof 110 feet; thence west 87 feet to the northeasterly line of the right of way of the Northern Pacific Railway Company (formerly the Seattle and International Railway); thence southeasterly along said northeasterly line to the point of beginning; EXCEPT County Road;
TOGETHER with second class shore lands adjoining,
EXCEPT portion if any, in said railroad right of way.

The record title to said premises is vested as follows:

Said parcel (a) in THE HEIRS-AT-LAW OF ALFRED PALMBERG, DECEASED, and THE HEIRS-AT-LAW OF BERTHA PALMBERG, DECEASED, except Maude Palmberg;

Said Parcel (b) EXCEPT the second class shore lands in S. L. STANGROOM and ANNA B. STANGROOM, his wife;

Said Parcel (c) EXCEPT the second class shore lands in H. N. COURY, presumptively subject to the community interest of his wife, if married November 5, 1929, date of acquiring title;

Ex. 3HH-2

HEIRS-AT-LAW OF ALFRED PALMBERG, DECEASED, an undivided one-sixth interest in THE HEIRS-AT-LAW OF BESSIE ZENGEL, DECEASED, an undivided one-sixth interest each in MAUDE PALMBERG, ANNIE STANGROOM, ........ and BERT STARES, presumptively subject to the community interests of their respective spouses, if married February 27, 1940, date of ...... title;

...... further to the following:

1. General taxes for the years 1941, 1942, 1943 and 1944, delinquent in the respective original amounts of $18.05, 19.50, $18.10 and $19.10 on parcel (a) (being known as Tax Lot No. 12).

   General taxes for the year 1946 in the original amount of $25.00 on parcel (a) (being known as Tax Lot No. 12), the first half of which became delinquent June 1, 1946; the second half will become delinquent December 1, 1946, if then unpaid.

2. Liability of the shore lands within parcel (c) to assessment for real property taxes for the years 1942, 1943, 1944, 1945 and 1946. State deed of the shore lands issued February 27, 1940 and said shore lands have never been assessed.

3. Mortgage dated June 5, 1939, executed by Maud Palmberg and Bert Stares, to Eileen Stangroom, to secure the payment of $205.48 according to note of even date; recorded April 10, 1945 in Volume 2006 of mortgages, page 308, under auditor's file No. 3561817, records of said county; which mortgage covers said parcel (a).

4. Right, title and interest claimed by Bert Stares in the whole interest in parcel (a) presumed from his execution of the mortgage shown at paragraph 3. On the record he is vested only with an undivided interest as heir-at-law of Bertha Palmberg, deceased, and by acquisition of the interest of Maud Palmberg under quit claim deed dated June 7, 1945; executed by Maud Palmberg, recorded June 8, 1946, in volume 2484 of deeds, page 673, under auditor's file No. 3576824, records of said county. Whatever interest Bert Stares claims in addition to that which became vested in him by descent is presumptively subject to the community interest of his wife, if married at the date or dates of acquiring the interests.

5. Determination of the marital status of Alfred Palmberg, patentee, under homestead patent issued pursuant to the Act of Congress approved May 20, 1862. Our abstract of land office entries shows the entry was initiated October 4, 1886, final proof made August 28, 1889 and patent dated September 5, 1890 issued to him. The patent is recorded in King County in volume 1 of patents, page 783, under auditor's file No. 64308, records of said county.
   Said patentee is described as a single man in an instrument dated February 1, 1893, conveying adjacent land and conveying an easement for water pipe line through a portion of the premises (noted below at paragraph 10). Bertha Palmberg first appears of record as his wife in a mortgage dated July 10, 1895, covering certain land in the patent not under present examination. If Alfred Palmberg was married at the time of acquisition of title, devolution of the community interest of his wife at such time, must be determined.

6. Title to said premises except second class ..... lands is now claimed of record under the patentee, Alfred Palmberg, who died intestate February 10, 1908, Administration was opened on his estate in King County Probate Case No. ..... He was survived by his wife, Bertha Palmberg and three minor children; Elizabeth

Ex. 3HH-3

On April 2, 1908, valid order entered appointing surviving wife administratrix. She qualified. Inventory included parcels (a), (b) and (c) except the second class shore lands. Total appraised value $952.00.

Notice to creditors first published April 10, 1908.
No claims filed.
No further administration had.

Bertha Palmberg died intestate December 16, 1918, survived by her sons and daughters: Maude Palmberg, Mrs. Annie Stangroom, Bessie Zengel, Gertie Gorman, Alfred Palmberg, Bert Stares and wi if married (see paragraph 4 above). inventory included parcels (a), (b) and (c), except the second class shore lands.

October 30, 1919, valid decree of distribution entered distribut- ing the inventoried real property to above named children, to each a one-sixth undivided interest.

We assume Bessie Zengel was the same person as Elizabeth Zengel, who died intestate June _____, 1941 and whose estate was adminis- tered in King County Probate Case No. 694437, Elizabeth Zengel was survived by: J. A. Zengel, her husband, Bertha Tuttle, daughter, legal age, Alfred Zengel, son, legal age, Charlotte Zengel, daughter, legal age, Mary Moore, daughter, legal age, Laura Zengel, daughter, a minor, 20 years old.

No interest in the premises was included in the inventory which shows land not under examination here, which land was set aside to the surviving husband in lieu of homestead.

Alfred Palmberg (assumed by us to be the son of Bertha Palmberg) died intestate July 22, 1942. Administration opened on his estate in King County Probate Case No. 96567. Decedent was sur- vived by four brothers and sisters, all adults: Maude Palmberg, Gertrude Hughes, Bert Stares, Annie Stangroom. March 11, 1946, valid order entered appointing Rhea Whitehead Harrison, administratrix. She qualified. No inventory on file. Notice to creditors first published, June 22, 1946. No further administration. Pending. (H. C. Hinman, attorney for administratrix).

7. Title to parcel (b), except second class shore lands claimed by W. L. Stangroom and Anna B. Stangroom, his wife, is a tax title, under mesne conveyance from Mary E. Williams, to whom tax deed issued November 6, 1929, and under quit claim deed dated February 25, 1930, from Alfred Palmberg, a bachelor, who, with Anna B. Stangroom, claimed an interest by descent, under Alfred Palmberg and Bertha Palmberg, both deceased. It would appear, therefore, that the acquisition of the tax title was not necessarily adverse and was in effect a redemption, subject to claims of the other heirs of said decedents in the land so redeemed.

8. Pendency of partition suit, King County Superior Court Cause No. 367315. We make no comment, except to note: Mrs. Arthur Harris, formerly Eileen Stangroom, who has no record interest, is joined as party defendant.
The record suggests the court was without jurisdiction as to parcel (c), except the second class shore lands, because H. N. Coury appears to have a valid tax title under tax deed dated November 5, 1929, and he is not made a party to the suit. (title to uplands portion of parcel (c) prior to the tax deed, was vested of record in the Palmberg heirs).

..., 29, date of acquiring title. If he is a necessary party ... marital status of H. N. Coury on November
to the partition suit, his wife on said date must be impleaded.
e assume his present wife is Sarah Coury, with whom he inter-
married May 24, 1935, as shown by the files in a pending divorce
suit between the parties in King County Superior Court Cause
No. 375932.

10.    Easement for one inch pipe line, if the same crosses said prem-
ises, being the perpetual right to run such pipe line from the
creek in section 20, said township, to that portion of lot 2,
section 19, said township, lying westerly of the railroad right
of way, as granted by instrument dated February 1, 1893, executed
by Alfred Palmberg, an unmarried man, to Lake Sammamish Lumber
and Shingle Company, a corporation, recorded February 28, 1893,
in volume 168 of deeds, page 98, under auditor's file No. 110811,
records of said county.

11.    Exceptions and reservations contained in deed from the State of
Washington under which title to shore lands in parcels (b) and
(c) is claimed, recorded under auditor's file No. 3090903, records
of said county, whereby the grantor saves, excepts and reserves
all oils, gases, coal, ores, minerals, fossils, etc., together
with the right to enter upon said lands for the purpose of opening,
developing and working mines, etc., provided that no rights shall
be exercised under this reservation until provision has been made
by the state, its successors or assigns, for full payment of all
damages sustained by owner by reason of such entering.

12.    Right of the State of Washington, or any grantee or lessee thereof,
to acquire the right of way over shore lands in parcels (b) and
(c) for private railroads, skid roads, flumes, canals, water
courses or other easements for the purpose of and to be used in
the transportation and moving of timber, stone, minerals or other
products from other lands, upon paying reasonable compensation
therefor.

13.    Right of the Northern Pacific Railway Company to cut down trees
dangerous to the operation of its railroad within 200 feet on
each side of the railroad right of way, contained in deed recorded
under auditor's file No. 13872, records of said county.

14.    Any unpaid charges for installation of water service and for water,
electric light, power or sewer service furnished to said premises
by a city, town or district.

The foregoing report exhibits all matters of record bearing on the
question of the necessary parties to a suit to partition the premises.

If the pending partition suit (see paragraph 8) is not dismissed the
parties thereto must be referred to include the following necessary parties
of record, disclosed by this report, viz:

Annie Stangroom nee Anna B. Palmberg and S. L. Stangroom, her husband
Maude Palmberg
Gertrude Hughes, formerly Gertie Gorman
Bert Staires and wife, if married (see paragraph A)
Bertha Tuttle, Alfred Zengel, Charlotte Zengel, Mary Moore, Ladora
Zengel, children and J. A. Zengel

Surviving husband and heirs-at-law of Elizabeth Zengel, nee Elizabeth B.
Palmberg, deceased, who appears of record also as Bessie Zengel.

Rhea Whitehead Harrison, administratrix of the estate of Alfred Palmberg,
deceased.

Since Mrs. Arthur Harris, formerly Eileen Stangroom, is named a defendant in the pending partition and since said suit also impleads the uplands portion of parcel (c), said Harris and H. N. Coury and Sarah Coury, his wife, and the wife of H. N. Coury on November 5, 1929, must also be joined.

Finally, if unknown persons are impleaded pursuant to Sections 230 and 231 of Rem. Rev. Statutes, Lis Pendens giving notice of the suit must be recorded, to give the court jurisdiction of the res and the parties. There is no Lis Pendens presently of record.

Records examined to November 15, 1946 at 8 a.m.

WASHINGTON TITLE INSURANCE COMPANY

NORMAN L. JENNER

Assistant Secretary

Ex. 3HH-6

1949 JAN 21 PM

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

BERT STARES and FLORENCE STARES,  )
his wife,                          )
                                   )
                    Plaintiffs,    )        No. 367315
                                   )
        -vs-                       )      FINDINGS OF FACT
                                   )          AND
MINNIE HUGHES, Executrix of the    )      CONCLUSIONS OF LAW
Last Will and Testament of Maude   )
Palmberg, deceased, et al.,        )
                                   )
                    Defendants.    )

THIS MATTER having come on regularly to be heard the 13th day
of September, 1948, and continuing through September 14, 1948, and
being thereafter continued to November 19, 1948, at which time fur-
ther proceedings were had, plaintiffs appearing by Preston, Thorgrimson
& Horowitz, their attorneys, the defendants Minnie Hughes, executrix
of the last will and testament of Maude Palmberg, deceased, and
Gertrude Gorman Hughes appearing by Wright & Wright, their attorneys;
the defendants Annie Stangroom, nee Annie B. Palmberg, and S. L.
Stangroom, her husband, Bertha Tuttle, Alfred Zengel, Charlotte
Zengel, Mary Moore and Ladora Zengel and J. A. Zengel, individually
and as administrator of the estate of Elizabeth Zengel, nee Elizabeth
E. Palmberg, deceased, who appears of record also as Bessie Zengel,
appearing by Philip W. Schoel, their attorney; the defendant Reah
Whitehead Harrison, administratrix of the estate of Alfred Palmberg,
deceased, appearing by Theodore S. Turner, her attorney; the default
of the unknown heirs of Elizabeth Zengel, nee Elizabeth E. Palmberg,
deceased, who appears of record also as Bessie Zengel, and the default
of the unknown heirs of Alfred Palmberg, deceased, and the default of
the unknown heirs of Maude Palmberg, deceased, having heretofore been
entered on the 13th day of August, 1948, and the default of "all other
persons or parties unknown claiming any right, title, estate, lien or
interest in the real estate described in the complaint herein" having
heretofore been likewise entered on the 13th day of August, 1948,

1.

evidence having been introduced by the respective parties, and the court having rendered his oral decision herein and having thereafter denied plaintiffs' motion to reconsider a portion of said oral decision, the court now makes the following

FINDINGS OF FACT

I.

That the property involved herein is described as follows:

In the County of King, State of Washington, those portions of Government Lots 1 and 2 of Section 20, Township 25 North, Range 6 E.W.M. described as follows:

PARCEL A:

Beginning at a point on the north line of Government Lot 1, 630 feet east of the northwest corner thereof; thence south 900 feet; thence southwesterly at right angles to the right of way of Northern Pacific Railway Company (formerly Seattle and International Railway) to the northeasterly line of the said right of way; thence southeasterly along said northeasterly line to the south line of said Government Lot 1; thence east along said south line to the southeast corner thereof; thence north along the east line thereof to the northeast corner thereof; thence west along the north line to point of beginning; thence west along the north line to point of beginning; EXCEPT County Road;

PARCEL B:

Beginning at the northeast corner of said Government Lot 2; thence south along east line thereof 569.64 feet; thence west 221.58 feet; thence southwesterly at right angles to right of way of the Northern Pacific Railway Company (formerly the Seattle and International Railway) 15.3 feet to the northeasterly line of said right of way; thence northwesterly along said northeasterly line to the north line of said Government Lot 2; thence east along said north line to the point of beginning; EXCEPT County Road; TOGETHER with second class shore lands adjoining, EXCEPT portion if any, in said railroad right of way.

PARCEL C:

The second class shorelands adjoining that certain parcel of land particularly described as "Beginning at the Southeast corner of said Government Lot 2; thence North, along the East line thereof, 110 feet; thence West 87 feet to the Northeasterly line of the Right of way of the Northern Pacific Railway Company (formerly the Seattle and International Railway); thence Southeasterly, along said Northeasterly line, to the point of beginning, EXCEPT County Road." ........... any, in said railroad right of way.

2.

II.

That lis pendens in the above cause was filed for record with the County Auditor of King County on June 3, 1948, his File No. 3808415.

III.

That Minnie Hughes is the duly acting and qualified executrix of the last will and testament of Maude Palmberg, deceased. That the defendant Annie Stangroom was born Annie B. Palmberg. That Annie Stangroom and S. L. Stangroom are husband and wife. That the defendant Gertrude Hughes was formerly known as Gertie Gorman. That the defendants Bertha Tuttle, Alfred Zengel, Charlotte Zengel, Mary Moore, and Ladora Zengel are the children of Elizabeth Zengel, born Elizabeth K. Palmberg, deceased, and J. A. Zengel her surviving husband. That J. A. Zengel was and is the duly acting and qualified administrator of the estate of Elizabeth Zengel, deceased. That Reah Whitehead Harrison is the administratrix of the estate of Alfred Palmberg, deceased. That plaintiffs are husband and wife.

IV.

That the interests of all persons in the property are specifically and particularly described in title report, a copy of which is attached to the amended complaint marked "Exhibit B" and made a part thereof, and admitted in evidence as plaintiffs' Exhibit 5, save that said report in its description of Parcel C covers not only the second class shorelands adjoining and abutting said parcel, but also the uplands portion not here involved.

That no other heirs are known but if there are any other heirs of Elizabeth Zengel, Alfred Palmberg, and Maude Palmberg, they have been joined as parties defendant herein as unknown heirs under the laws of the State of Washington for such case provided. That no other persons are known to claim an interest in this property involved except as described in the aforementioned title report, but if there are any other persons unknown claiming any right, title,

3.

estate, lien or interest in the real estate involved, they have been
made parties defendant under the laws of the State of Washington for
such case provided.

### V.

That title to Parcel B, exclusive of second class shorelands,
was acquired by S. L. Stangroom and Annie Stangroom, his wife, bene-
ficially and not as redemption subject to the claims of other heirs
of the decedent Alfred Palmberg and Bertha Palmberg, his wife, and
said property is not held in trust for the benefit of anyone else.

### VI.

That the plaintiffs Stares, prior to the commencement of
this suit, permanently improved a small portion of Parcel A, and
defendant Gertrude Hughes and her husband also had erected permanent
improvements upon a small portion of Parcel A.  That the plaintiffs
and the said defendant Gertrude Hughes have occupied the improvements
respectively erected by each; that no party to this proceeding since
1919 has paid rent for use and occupancy of any of the improvements,
and that no demand for rent has been made by any party hereto upon
any other party hereto since that date prior to the institution of
these proceedings.

### VII.

That real property taxes on the property herein involved have
been paid as follows:

By Plaintiffs Stares, on Parcel A:

    1945 taxes                            $ 9.79

    1946 taxes                            26.93

By Defendant Gertrude Hughes, on Parcel A:

    1945 taxes
    1946 taxes
    1947 taxes
    1948 taxes                30.71

4.

By defendants Stangroom, on Parcel B and the shorelands in front of Parcel B and Parcel C:

| Year | Total Tax Paid | % paid on shorelands | Amount paid on shorelands |
|------|---------------|---------------------|--------------------------|
| 1948 | $ 46.89 | 83 1/3% | $40.74 |
| 1947 | 16.60 | 83 1/3% | 13.83 – 1/3 |
| 1946 | 13.58 | 83 1/3% | 11.31 – 2/3 |
| 1945 | 9.54 | 83 1/3% | 7.95 |
| 1944 | | 83 1/3% | |
| 1943 | 10.14 | 83 1/3% | 8.45 |
| 1942 | 10.92 | 83 1/3% | 9.10   1/2 |
| 1941 | 10.11 | 83 1/3% | 8.42 – 1/2 |

That in addition, Mrs. Arthur Harris, daughter of the defendant Stangroom, paid delinquent real property taxes on Parcel A in the sum of $203.45, which sum was repaid by the plaintiff, Bert Stares, together with interest in the sum of $61.64.

### VIII.

That prior to the year 1929, the plaintiff Bert Stares was given funds by the named parties hereto for the purpose of paying real estate taxes on Parcel B, but failed so to do. That in the year 1929, through inadvertence, taxes then owing were not paid on Parcel B. That by reason of nonpayment of $29.98 in taxes, Parcel B was foreclosed and lost to the parties herein, said property being subsequently acquired by H. L. Stangroom and Annie Stangroom as aforesaid.

### IX.

That the parties have stipulated that the costs of the survey expert prepared by Victor J. Carlson, Jr. in the sum of $145.02 be paid from the proceeds of the sale of Parcel A and the shorelands in Parcel B and Parcel C, and that the amount thereof be charged against the interests of the persons entitled to said proceeds in proportion to their respective interests in said fund.

### X.

That partition in kind cannot be awarded without prejudice to the rights of the parties hereto. That partition in the proceeds

5.

of sale can be had without prejudicing the rights of the parties hereto. That the following parties are tenants in common of the property involved in these proceedings other than the upland portion of Parcel B (subject to paramount interests described in Items 10, 11, 12, 13 and 14 of title report, Ex. 5), and the sole extent of their interest in said property is as follows:

| Name | Interest |
|---|---|

### PARCEL A

| | |
|---|---|
| Plaintiffs Bert Stares and Florence Stares | 1/3 |
| Defendant Gertrude Hughes, formerly Gertie Gorman | 1/6 |
| Defendant Anna B. Stangroom | 1/6 |
| Defendants Bertha Tuttle, Alfred Zengel, Charlotte Zengel, Mary Moore, Ladora Zengel, J. A. Zengel, individually and as administrator of the estate of Elizabeth Zengel | 1/6 |
| Ruth Whitehead Harrison, administratrix of ~~last will and testament~~ of Alfred Palmberg, deceased | 1/6 |

### PARCEL B SHORELANDS
### AND PARCEL C

| | |
|---|---|
| Plaintiff Bert Stares | 1/6 |
| Defendant Minnie Hughes, executrix of last will and testament of Maude Palmberg, deceased | 1/6 |
| Defendant Gertrude Hughes, formerly Gertie Gorman | 1/6 |
| Defendant Anna B. Stangroom | 1/6 |
| Defendants Bertha Tuttle, Alfred Zengel, Charlotte Zengel, Mary Moore, Ladora Zengel, J. A. Zengel, individually and as administrator of the estate of Elizabeth Zengel | 1/6 |
| Ruth Whitehead Harrison, administratrix of ~~last will and testament~~ of Alfred Palmberg, deceased | 1/6 |

with neither the unknown heirs of Elizabeth Zengel, nee Elizabeth E. Palmberg, deceased, who appears of record alias as Bessie Zengel, nor the unknown heirs of Alfred Palmberg, deceased, nor the unknown heirs of Maude Palmberg, deceased, nor any other persons or parties unknown claiming any right, title, estate, lien or interest in the real estate described in the complaint and amended complaint as to whom an order

6.

Ex. 3II-6

default has heretofore been entered in the above

_____ having any interest in the aforesaid Parcels A, B and C.

That Charles W. Bovee of Bellevue, Washington, is a fit and _____ person to be named referee in connection with partition as _____ to perform the duties of a referee as by law provided.

DONE IN OPEN COURT this 21st day of December, 1949.

_____
JUDGE

From the foregoing Findings of Fact, the court makes the following

## CONCLUSIONS OF LAW

### I.

That any claim against plaintiffs for loss of Parcel B is barred ___ the statute of limitations, and all claims for allowance for improve- ___, and all counterclaims and setoffs interposed by the defendants _____ the plaintiffs should be disallowed and dismissed.

### II.

That partition in kind should not be decreed but that Parcels A, ___ tidelands in Parcel B, and Parcel C above described should be _____ sold and the net proceeds distributed to the parties in ac- _____ with their interests as hereinabove defined. Said property _____ be ordered sold in the manner required by law for the sale of ____ property on execution, and should be sold for cash unless the court shall otherwise hereafter determine, the court to retain juris- diction for that purpose. The decree should further provide that any party hereto may bid for such property and purchase the same.

### III.

That in arriving at the net proceeds of sale, there should be charged against the respective shares of the respective parties

7.

entitled to the proceeds of sale each party's pro rata share of money paid on account of taxes as described in Paragraph VII of the Findings of Fact, and any party who has paid more than his share of such payments should be reimbursed from the proceeds of such sale.  In addition, there should be paid from the proceeds of the sale and charged against the share of each party entitled to the proceeds in proportion of such party's interest in said fund the sum of $105.00, being the cost of the survey by Victor J. Carlson, Jr.

## IV.

That plaintiffs' costs and disbursements, including a reasonable attorney's fee, to be fixed by the court, together with the fee of the referee and the cost of an abstract of title, if any there be, shall be paid from the proceeds of sale and charged to the parties respectively entitled to share in the proceeds of sale in proportion to their respective interests therein as set forth in the aforesaid Findings of Fact.

The court shall retain jurisdiction to pass upon the matter of costs as in this paragraph described.

## V.

Charles W. Bovee should be appointed referee to perform the duties imposed on referees in partition suits, including the matter of sale of the property involved being partitioned.

## VI.

Title to all portions of Parcel B other than tidelands in front of said Parcel B shall be quieted in the defendants S. M. Stangroom and Annie Stangroom, his wife, free and clear of any claim of any other party hereto.

8.

VII.

That neither unknown heirs nor unknown claimants defaulted have any right, title or interest in the aforesaid property.

DONE IN OPEN COURT this 21st day of ~~December~~ January, 1949.

_____
J U D G E

Presented by:

_____

Attorneys for Plaintiffs

Ex. 3II-9

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

1949 JAN 21 PM 3 55

_____ STARES and FLORENCE STARES,
his wife,

Plaintiffs

-vs-

MINNIE HUGHES, Executrix of the Last Will
and Testament of MAUDE PALMBERG, deceased,
_____ STANGROOM, nee Annie B. Palmberg, and
S. L. STANGROOM, her husband; GERTRUDE HUGHES,
formerly Gertie Gorman; BERTHA TUTTLE, ALFRED
ZENGEL, CHARLOTTE ZENGEL, MARY MOORE and LADORA
ZENGEL, children, and J. A. ZENGEL, administrator
and surviving husband and heirs at law of
Elizabeth Zengel, nee Elizabeth E. Palmberg,
deceased, who appears of record also as Bessie
Zengel; REAR WHITEHEAD HARRISON, administratrix
of the estate of Alfred Palmberg, deceased; the
UNKNOWN HEIRS of Elizabeth Zengel, nee Elizabeth
E. Palmberg, deceased, who appears of record also
as Bessie Zengel; the UNKNOWN HEIRS of Alfred
Palmberg, deceased; the UNKNOWN HEIRS of Maude
Palmberg, deceased; also "all other persons or
parties unknown claiming any right, title,
estate, lien or interest in the real estate
described in the complaint herein",

Defendants

No. 367515

D E C R E E

THIS MATTER having come on regularly to be heard for the entry
of final Decree this day, plaintiffs appearing by Preston, Thorgrimson
& Horowitz, their attorneys; the defendants Minnie Hughes, executrix
of the last will and testament of Maude Palmberg, deceased, and
Gertrude Gorman Hughes appearing by Wright & Wright, their attorneys;
the defendants Annie Stangroom, nee Annie B. Palmberg, and S. L.
Stangroom, her husband, Bertha Tuttle, Alfred Zengel, Charlotte
Zengel, Mary Moore and Ladora Zengel and J. A. Zengel, individually
and as administrator of the estate of Elizabeth Zengel, nee Elizabeth
E. Palmberg, deceased, who appears of record also as Bessie Zengel,
appearing by Philip W. School, their attorney; the defendant Rea
Whitehead Harrison, administratrix of the estate of Alfred Palmberg,
deceased, appearing by Theodore S. Turner, her attorney; Findings of
Fact and Conclusions of Law having heretofore been entered by the
court, and the court being fully advised in the premises,

1.

Ex. 3I1-10

VOL 1332 PAGE 201

IT IS HOW ORDERED, ADJUDGED AND DECREED as follows:

1. That Parcels A, B shorelands and C, being the property herein-
after described, be and the same are hereby ordered sold, and the net
proceeds after the deductions hereinafter described, distributed in
accordance with the interests of the parties as hereinafter defined.

2. IT IS FURTHER ORDERED, ADJUDGED and DECREED that Charles W.
Morse be and he hereby is appointed referee to perform the duties
imposed on referees in partition suits, including the sale of the
property hereby ordered sold.

3. IT IS FURTHER ORDERED, ADJUDGED and DECREED that the property
hereinabove ordered to be sold shall be sold in the manner required by
law for the sale of real property on execution, the sale to be for
cash unless the court shall otherwise hereafter determine, the court
to retain jurisdiction for that purpose. In that connection,

IT IS FURTHER ORDERED, ADJUDGED and DECREED that any party
hereto may bid for such property and purchase the same.

4. IT IS FURTHER ORDERED, ADJUDGED and DECREED that in selling
the hereinafter described property, bids may be received for the
whole of Parcels A, B shorelands and C or any one or more of said
parcels, bids to be accepted in such manner as will produce the highest
and best price.

5. IT IS FURTHER ORDERED, ADJUDGED and DECREED that from the
proceeds of sale the following items shall be deducted:

(1) The sum of $195.02, to be paid to Victor J. Carlson, Jr.

(2) $283.56, on account of taxes heretofore paid, said sum
to be distributed as follows:

PARCEL A

To Bert Stares and Florence Stares          $___.__

To Gertrude Gorman Hughes                    ._.

PARCELS B SHORELANDS and C

To Annie Stangroom and S. L. Stangroom        ._.

2.

Ex. 3II-11

(3) Plaintiffs' cost and disbursements  to be taxed, including a reasonable attorneys' fee to be fixed by the court, together with the referee's fee and the necessary costs of sale and the cost of an abstract of title, if any there be, the amount thereof to be charged to the parties respectively entitled to share in the proceeds of sale in the proportions hereinafter defined.

The balance of said fund shall be paid to the parties herein-after named in proportion to their interests as hereinafter defined.

4.  IT IS FURTHER ORDERED, ADJUDGED and DECREED that the interests of the parties in the hereinafter described real property and the proceeds of the sale thereof and the items chargeable to the parties are chargeable in the proportions hereinafter defined:

| Name | Proportion |
|---|---|
| PARCEL A | |
| Plaintiffs Bert Stares and Florence Stares | 1/3 |
| Defendant Gertrude Hughes, formerly Gertie Gorman | 1/6 |
| Defendant Anna B. Stangroom | 1/6 |
| Defendants Bertha Tuttle, Alfred Zengel, Charlotte Zengel, Mary Moore, Ladora Zengel, J. A. Zengel, individually and as administrator of the estate of Elizabeth Zengel | 1/6 |
| Reah Whitehead Harrison, administratrix of last will and testament of Alfred Palmberg, deceased | 1/6 |
| PARCEL B SHORELANDS AND PARCEL C | |
| Plaintiff Bert Stares | 1/6 |
| Defendant Minnie Hughes, executrix of last will and testament of Maude Palmberg, deceased | 1/6 |
| Defendant Gertrude Hughes, formerly Gertie Gorman | 1/6 |
| Defendant Anna B. Stangroom | 1/6 |
| Defendants Bertha Tuttle, Alfred Zengel, Charlotte Zengel, Mary Moore, Ladora Zengel, J. A. Zengel, individually and as administrator of the estate of Elizabeth Zengel | 1/6 |

Ex. 3II-12

Proportion

Whitehead Harrison, administratrix
of ~~the will and testament~~ of Alfred
Palmberg, deceased

1/6

5.  IT IS FURTHER ORDERED, ADJUDGED and DECREED that any claim
against the plaintiffs for loss of Parcel B Uplands, and all claims
for allowance for improvements and all counterclaims and setoffs in-
terposed by the defendants against the plaintiffs be and they are
hereby dismissed with prejudice.

6.  IT IS FURTHER ORDERED, ADJUDGED and DECREED that the court
shall retain jurisdiction to fix costs as in this Decree provided.

7.  IT IS FURTHER ORDERED, ADJUDGED and DECREED that all portions
of Parcel B hereinafter described other than the shorelands in front
of said Parcel B are hereby quieted in the defendants S. L. Stangroom
and Annie Stangroom, his wife, free and clear of any claim of any
other party hereto.

8.  IT IS FURTHER ORDERED, ADJUDGED and DECREED that neither the
unknown heirs of Elizabeth Zengel, nee Elizabeth E. Palmberg, deceased,
who appears of record also as Bessie Zengel, nor the unknown heirs of
Alfred Palmberg, deceased, nor the unknown heirs of Maude Palmberg,
deceased, nor any other persons or parties unknown claiming any right,
title, estate, lien or interest in the real estate hereinafter described
and as to whom an order of default has heretofore been entered, has
any interest in and to the following described property or the proceeds
of the sale thereof.

The property hereinabove referred to is described as follows:

In the County of King, State of Washington, those
portions of Government Lots 1 and 2 of Section 3
Township 25 North, Range 6 E.W.M. described as follows:

4.

Ex. 3II-13

VOL 1332 PAGE 204

PARCEL A:

Beginning at a point on the north line of Government Lot 1, 630 feet east of the northwest corner thereof; thence south 900 feet; thence southwesterly at right angles to the right of way of Northern Pacific Railway Company (formerly Seattle and International Railway) to the northeasterly line of the said right of way; thence southeasterly along said northeasterly line to the south line of said Government Lot 1; thence east along said south line to the southeast corner thereof; thence north along the east line thereof to the northeast corner thereof; thence west along the north line to print of beginning; thence west along the north line to point of beginning; EXCEPT County Road;

PARCEL B:

Beginning at the northeast corner of said Government Lot 2; thence south along east line thereof 568.64 feet; thence west 221.58 feet; thence southwesterly at right angles to right of way of the Northern Pacific Railway Company (formerly the Seattle and International Railway) 15.3 feet to the northeasterly line of said right of way; thence northwesterly along said northeasterly line to the north line of said Government Lot 2; thence east along said north line to the point of beginning; EXCEPT County Road; TOGETHER with second class shore lands adjoining, EXCEPT portion if any, in said railroad right of way.

PARCEL C:

The second class shorelands adjoining that certain parcel of land particularly described as "Beginning at the Southeast corner of said Government Lot 2; thence North, along the East line thereof, 110 feet; thence West 87 feet to the Northeasterly line of the right of way of the Northern Pacific Railway Company (formerly the Seattle and International Railway); thence Southeasterly, along said Northeasterly line, to the point of beginning, EXCEPT County Road." EXCEPT portion, if any, in said railroad right of way.

DONE IN OPEN COURT this 21st day of January, 1949.

_Howard M. Findley_
J U D G E

Presented by:

_Charles Horowitz_
PRESTON, THORGRIMSON & HOROWITZ
Attorneys for Plaintiffs

Ex. 3II-14

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

BERT STARES, et al.,                          )          NO. 367315
                    Plaintiffs,               )
                                              )
    vs.                                       )     REFEREE'S RETURN OF SALE
                                              )
MINNIE HUGHES, as Executrix,                  )
et al,                                        )
                    Defendants.               )



    Comes now Charles W. Bovee, the Referee appointed pursuant to
the decree entered in the above entitled cause January 21, 1949, and
respectfully shows:

                                I.

    Your Referee consulted the interested parties and made a careful
inspection of the property, in order to be fully advised of all circum-
stances which might have any bearing upon the sale ordered by the
Court.  Your Referee determined that a sale in February or March might
not bring the best price, and that it would be more advantageous to
await better weather.

                                II.

    By the latter part of March, your Referee felt that the weather
had sufficiently improved, and therefore fixed the date of sale as
April 30, 1949.  Your Referee caused to be prepared a notice of such
sale, which was published in the East Side Journal, a legal newspaper
of general circulation, and posted in three public places in the county,
all as appears by the affidavits of such publication and poster accompany-
ing the filing of this return.

                                III.

    Your Referee procured additional blueprints showing the report of
survey by Mr. Carlson, and left copies of such blueprints, together
with copies of the notice of sale, with the following real estate dealers:
A. J. Peters, of Issaquah, East Side Land Company, Redmond, Herman Peach,
Kirkland, and Bellevue Realty Company, Bellevue, all in King County,

                              - 1 -

Washington.  Your Referee also advertised such sale in two issues
of the Seattle Post Intelligencer on successive Sundays, as a result
of which advertisement your Referee received a number of calls on
the telephone and in person, there being at least six of these.  In
addition, your Referee made a number of personal contacts with
individuals who might be interested in bidding on the property.
Your Referee also made arrangements that all prospective bidders might
have an adequate opportunity of inspecting the property prior to sale,
by arranging with Mr. Bert Stares to show such persons the property.

### IV.

At the time and place of sale and pursuant to the aforesaid
notice, your Referee appeared and read the aforesaid notice of sale
in full and then announced that bids would be called for in the
following order:  (1) bids for each parcel separately, in turn;
(2) bids for combinations of two parcels; (3) bids for all three
parcels together, and that after so calling for bids each bidder
would be given an opportunity to raise his previous bid or to make
a new bid.  Your Referee then announced that all bids would be con-
sidered as standing until the acceptance of some other bid, and that
at the conclusion of the bidding the Referee would consider the
several bids and determine the highest and best.

### V.

Your Referee thereupon proceeded with the sale by calling for
bids on Parcel (a), which resulted in a high bid at that time (i.e.,
on the first call for bids by parcels) of $5,000.00.  In like manner
your Referee next called for bids on Parcel (b), which resulted in a
high bid at that time of $5,100.00.  Similarly, the high bid for

Ex. 3JJ-2

Parcel (c) was $1505.00.  The aggregate of the high bids by parcels on the first call was, accordingly, $11,605.00.

Your Referee then called for bids on combinations of two parcels, which resulted in a high bid for Parcels (a) and (b) in combination of $11,610.00, for Parcels (a) and (c) in combination of $6,525.00, and no bid on Parcels (b) and (c) in combination. Thus, at that stage of the sale, the high bids consisted of $11,610.00 for Parcels (a) and (b) in combination and $1505.00 for Parcel (c), making an aggregate of $13,115.00.

Your Referee then called for bids on the combination of all three parcels, receiving a high bid of $13,120.00.

Your Referee then announced that any bidder might raise his previous bid in any category.  Your Referee then received a high bid of $7500.00 on Parcel (a), a high bid of $5,150.00 on Parcel (b), a high bid of $5,025.00 on Parcels (a) and (c) in combination, a high bid of $6,660.00 on Parcels (b) and (c) in combination, and a high bid of $13,610.00 on Parcels (a), (b) and (c) in combination.

Receiving no further bids, your Referee then proceeded to study the several bids and determined the highest and best bids as follows:

| Name of Bidder | Parcels | Amount of Bid |
|---|---|---|
| Eugene A. Wright, for J. J. Simpson | Parcel (a) | $7,500.00 |
| J. A. Earley | Parcels (b) and (c) in combination | 6,660.00 |

Aggregate amount of bids . . $14,160.00

Your Referee thereupon announced such determination accordingly, and there being no objections, received from the successful bidders their certified checks for $500.00 (on Parcel (a)) and $1000.00 (on parcels (b) and (c)), and your Referee gave his receipts therefor.

Ex. 3JJ-3

VI.

Your Referee thereafter deposited the aforesaid down-payments received from the bidders in a special account in the Washington State Bank at Bellevue, Washington, and now has said funds on hand in said account.

VII.

Your Referee is of the opinion that the sale should be confirmed, for the high bids which were accepted by your Referee represent the full and fair value of the property, and the proceedings for such sale were, in the opinion of your Referee, fair to all interested parties and to all bidders.

VIII.

Your Referee has advanced from his personal funds the following expenses in connection with the sale aforesaid:

Publishing notice in East Side Journal . . . . .  $40.00
Advertising in Seattle P.I. . . . . . . . . . .  19.50
Copies of blueprints from Mr. Carlson  . . . . .   3.00
                         TOTAL   . . . . . . .  $52.50

IX.

Your Referee has received no compensation for his services as such.

WHEREFORE, your Referee respectfully prays for relief as follows:

1.   That the aforesaid sale be confirmed, and that the Court order your Referee to proceed to consummate the same by ordering title insurance to the purchasers and executing deeds to them in accordance with their bids, and delivering such deeds on payment of the balance of the purchase price.

2.   That the Court determine the reasonable compensation for the services of your Referee, and that the same be ordered paid to him, together with reimbursement of the sums advanced as aforesaid.

-4-

Ex. 3JJ-4

3. That the Court make such other and further order in the premises as may to the Court seem just and proper.

*[signature]*
REFEREE

*Theodore S. Turner*
**Attorney for Referee**

STATE OF WASHINGTON )
                     ) SS:
COUNTY OF King       )

CHARLES W. BOVEE, being first duly sworn, on oath deposes and says:

That he is the Referee in the above entitled matter; that he has read the foregoing Referee's Return of Sale, knows the contents thereof, and that the same is true.

*[signature]*

SUBSCRIBED AND SWORN TO before me this _14th_ day of May, 1949.

*Theodore S. Turner*
Notary Public in and for the State
of Washington, residing at _Seattle_

*Copy received May 17, 1949*
*Philip W. School*
*att. for the Stangroom et al*

RECEIVED
*Copy*
MAY 19 1949
*attorneys for defendants Hughes*
**WRIGHT & WRIGHT**
BY *[signature]*

COPY RECEIVED
*May 14, 19__*
PRESTON, THORGRIMSON & HOROWITZ
By *[signature]*

-5-

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

BERT STARES, et al,                     )        NO. 367315
                    Plaintiffs,         )
                                        )
        vs.                             )        ORDER CONFIRMING REFEREE'S SALE
                                        )
MINNIE HUGHES, as Executrix,            )
et al,                                  )
                    Defendants.         )

      This matter coming regularly on to be heard this day before
the undersigned Judge of the above entitled Court on the Referee's report
of sale, entitled "Referee's Return of Sale", and his motion for confirm-
ation thereof, and it appearing that said report is on file herein, and
evidence having been introduced, and the Court having considered said
report and the evidence and being fully advised; and it appearing that
the said Referee's sale was held April 30, 1949, that due and regular
notice thereof was given as provided by law, that said sale was
conducted in the form and manner required by law and by the decree of
this Court entered in this cause January 21, 1949, as modified by the
supplemental order entered herein March 23, 1949, that all proceedings
for such sale were regular and fair, that all parties who have appeared
in this action were represented at said sale and that no exceptions
thereto have been filed; and it further appearing that at said sale
the highest and best bids were as follows:  That of J. J. Simpson for
Parcel (a) (which is more particularly described in said decree and
said notice of sale) in the amount of $7500.00, and that of J. A. Earley
for Parcels (b) and (c) (more particularly described in said decree and
notice) in the amount of $6,660.00; and it appearing that said bids
represent the full and fair value of said property, and that the sale
should be confirmed;

-1-

VOL 1340 PAGE 521

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. That the aforesaid Referee's sale be, and the same hereby is, confirmed, and the bidders above named are hereby adjudged the purchasers of the property in accordance with their respective bids.

2. That the Referee be, and he hereby is, authorized and directed to order title insurance in favor of such purchasers insuring the title to the property so purchased by them, and, upon payment by such purchasers of the unpaid balance of the purchase price, to make, execute, and deliver to such purchasers his deeds as such Referee, conveying title to the property so purchased by them; and in this connection the said Referee is hereby authorized to incur such expense incidental to the consummation of such sale (e.g., title insurance, revenue stamps, etc.) as may be necessary.

3. The said Referee shall promptly report to this Court upon consummation of such sale concerning his actions hereunder, and concerning all costs, expense and charges, including the compensation of the Referee and his attorney, which may be payable out of the proceeds of such sale.

4. Jurisdiction is hereby retained pending consummation of such sale and hearing on the Referee's report to be filed, and determination of such costs, expense, charges and compensation.

DONE IN OPEN COURT this 20ᵗʰ day of May, 1949.

Presented by:

_Theodore S. Turner_
Attorney for Referee

_Horace aut Findley_
Judge

Approved as to form and substance:
PRESTON, THORGRIMSON & HOROWITZ
By _Charles Horo_
Attorneys for Bert Stares, et al, Plaintiffs.

WRIGHT & WRIGHT
By _Wilmer L. Wright_
Attorneys for defendants Minnie Hughes and Gertrude Gorman Hughes

_____
Attorney for defendant Stangroom, et al.

_Theodore S. Turner_
Attorney for Reah Whitehead Harrison

Ex. 3JJ-7

# 3929069

## REFEREE'S CORRECTIVE DEED

By virtue of a decree entered January 21, 1949, in the Superior Court of the State of Washington for King County in a certain cause, being cause No. 367315, wherein Bert Stares and Florence Stares, his wife, are plaintiffs, and Minnie Hughes, Executrix of the Last Will and Testament of Maude Palmberg, deceased, Annie Stangroom, nee Annie B. Palmberg, and S. L. Stangroom, her husband; Gertrude Hughes, formerly Gertie Gorman; Bertha Tuttle, Alfred Zengel, Charlotte Zengel, Mary Moore and Dadora Zengel, children, and J. A. Zengel, administrator and surviving husband, and heirs at law of Elizabeth Zengel, nee Elizabeth E. Palmberg, deceased, who appears of record also as Bessie Zengel; Reah Whitehead Harrison, administratrix of the estate of Alfred Palmberg, deceased; the unknown heirs of Elizabeth Zengel, nee Elizabeth E. Palmberg, deceased, who appears of record also as Bessie Zengel; the unknown heirs of Alfred Palmberg, deceased; the unknown heirs of Maude Palmberg, deceased; also "all other persons or parties unknown claiming any right, title, estate, lien or interest in the real estate described in the complaint herein", are defendants, which plaintiffs and defendants are hereinafter known as the heirs of Alfred Palmberg, deceased, which decree was supplemented by order of said Court entered in said cause on March 23, 1949, and pursuant to a sale held April 30, 1949, under the authority aforesaid, at which the grantee hereinafter named became the purchaser of the property hereinafter described, which sale was confirmed by order of said Court entered in said cause May 20, 1949;

And by virtue of an order entered in said cause No. 367315 August /2 , 1949, authorizing the undersigned grantor to execute and deliver this corrective deed; Now, Therefore,

Ex. 3KK-1

CHARLES W. BOVEE, hereinafter known as the grantor, being the Referee appointed and authorized by said decree to make this sale and conveyance, in consideration of Six Thousand Six Hundred Sixty Dollars ($6660.00) to him in hand paid, grants, bargains, sells, conveys and confirms to J. A. EARLEY, the grantee, the following described real estate:

All shore lands of the second class formerly owned by the State of Washington situated in front of, adjacent to or abutting upon government lot 2, section 20, township 25 north, range 6 east, W. M., except the shore lands in front of the following described tract:

Beginning at a point on the east line of said government lot 2, 569.64 feet south of the northeast corner thereof; thence west 221.58 feet; thence southwesterly at right angles to the center line of the Northern Pacific Railway 15.3 feet to the easterly margin of the right of way of said railway; thence southeasterly along said right of way 240.04 feet; thence east 87 feet to the east line of said government lot 2; thence north 200 feet to said point of beginning.

The portions of said government lot 2, not thus excepted, have a frontage of 15.81 lineal chains, more or less, measured along the government meander line.

The shorelands hereby conveyed are all the shore lands of the second class conveyed by that certain deed from the State of Washington to Alfred Palmberg, Maude Palmberg, Annie Stangroom, Bessie Zengel, Gertie Gorman and Bert Stares by deed dated February 27, 1940, recorded March 15, 1940, in volume 1889 of deeds, page 1, under auditor's file No. 3090903, records of King County.

The grantor, for the aforesaid heirs of Alfred Palmberg, deceased, does by these presents covenant with the grantee, his heirs and assigns, as follows and not otherwise:  That this conveyance passes to the grantee the title of all the said heirs of Alfred Palmberg, deceased, that said title is free from any encumbrances done or suffered from said heirs of Alfred Palmberg, deceased, and that the grantee shall have quiet enjoyment of said real estate against the said heirs of Alfred Palmberg, deceased, and their heirs and assigns.

Ex. 3KK-2

The intent of this deed is to clarify the description of the land sold as aforesaid and conveyed by the deed of said grantor to the grantee dated June 8, 1949, and recorded June 17, 1949, in volume 2851 of Deeds, page 212, records of King County, Washington.

Dated at Seattle, Washington, this ___11th___ day of August, 1949.

_____
Grantor

STATE OF WASHINGTON )
                    ) SS:
COUNTY OF           )

On this day personally appeared before me CHARLES W. BOVEE, to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his free and voluntary act and deed for the uses and purposes therein mentioned.

GIVEN UNDER MY HAND AND OFFICIAL SEAL this ___11th___ day of August, 1949.

_____
Notary Public in and for the State
of Washington, residing at _Seattle_.

Approved:

_____
Judge of the Superior Court
of King County, Washington.

Ex. 3KK-3

Form 109 W

54/5002

1780326

PAID
JUN 24 1976
CONTRACT DEPT.
WALLINGFORD BRANCH
SEATTLE WASHINGTON

# REAL ESTATE CONTRACT

THIS CONTRACT, made this    9th       day of    April, 1962

ROSE A. EARLEY, a widow                                   hereinafter called the "seller" and

WILLIAM F. HUGHES and BETTY M. HUGHES, his wife       hereinafter called the "purchaser,"

WITNESSETH: The seller agrees to sell to the purchaser, and the purchaser agrees to purchase of the seller the following described real estate with the appurtenances, situate in    King       County, Washington:

The northwesterly 200 feet of the Second Class Shorelands adjoining that portion of Government lot 2, section 20, township 25 north, range 6, EWM, in King County, Washington, described as follows:
Beginning at the northeast corner of said Government lot; thence south along the east line thereof, 569.64 feet; thence west 221.58 feet; thence southwesterly at right angles to the right of way of the Norther Pacific Railway Company, (formerly the Seattle & International Railway) 15.3 feet to the northeasterly line of said right of way; thence northwesterly along said northeasterly line to the north line of said Government Lot; thence east along said north line to the point of beginning; EXCEPT County Road; EXCEPT portion if any, in said railroad right of way.

Free of incumbrances, except:

None

Subject to all easements, restrictions and reservations of record, if any.

On the following terms and conditions: The purchase price is   TWELVE THOUSAND AND 00/100- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -($ 12,000.00  ) dollars, of which
TWO THOUSAND FIVE HUNDRED AND 00/100- - - - - - - - - - - - - ($ 2,500.00   ) dollars has been paid, the receipt whereof is hereby acknowledged, and the purchaser agrees to pay the balance of said purchase price as follows:

EIGHTY AND 00/100- - - - - - - - - - - - - - - - - - - - - - - -($80.00     ) Dollars, or more at purchaser's option, on or before the   5th   day of   May      1962 and   EIGHTY AND 00/100- - - - - - - - - - - - - - - - - - - - - - - - ($80.00    ) Dollars, or more at purchaser's option, on or before the   5th   day of each then succeeding calendar month until the balance of said purchase price shall have been fully paid.   The purchaser further agrees to pay interest on the balance of said purchase price and the diminishing amounts thereof at the rate of   7   per cent per annum from the   9th   day of   April      1962, which interest shall be deducted from each monthly installment and the balance of each installment applied in reduction of principal.   All payments to be made hereunder shall be made at   Wallingford Branch, Pacific National Bank
or at such other place, as the seller may direct in writing.

The purchaser agrees: (1) to pay before delinquency all payments of whatsoever nature, required to be made upon or by virtue of said mortgage, if any; also all taxes and assessments which are above assumed by him, if any, and all which may, as between grantor and grantee, hereafter become a lien on the premises; and also all taxes which may hereafter be levied or imposed upon, or by reason of, this contract or the obligation thereby evidenced, or any part thereof; (2) to keep the buildings now and hereafter placed upon the premises unceasingly insured against loss or damage by fire, to the full insurable value thereof, in the name of the seller as owner, in an insurance company satisfactory to the seller for the benefit of the mortgagee, the seller, and the purchaser, as their interests may appear, until the purchase price is fully paid, and to deliver to seller the insurance policies, renewals, and premium receipts, except such as are required to be delivered to the mortgagee; (3) to keep the buildings and all other improvements upon the premises in good repair and not to permit waste; and (4) not to use the premises for any illegal purpose.

In the event that the purchaser shall fail to pay before delinquency any taxes or assessments or any payments required to be made on account of the mortgage, or to insure the premises as above provided, the seller may pay such taxes and assessments, make such payments, and effect such insurance, and the amounts paid therefor by him shall be deemed a part of the purchase price and become payable forthwith with interest at the rate of 10 per cent per annum until paid, without prejudice to other rights of seller by reason of such failure.

E463937

VOL 4265 PAGE 418

The purchaser agrees to assume all risk of damage to any improvements upon the premises, or of the taking of any part of the property for public use; that no such damage or taking shall constitute a failure of consideration, but in case of such damage or taking, all moneys received by the seller by reason thereof shall be applied as a payment on account of the purchase price of the property, less any sums of money which the seller may be required to expend in procuring such money, or at the election of the seller, to the rebuilding or restoration of such improvements.

The seller agrees, upon receiving full payment of the purchase price and interest in the manner above specified, to execute and deliver to purchaser a    **Statutory Warranty**    deed to the property, excepting such part thereof which may hereafter be condemned, if any, free of incumbrances except those above mentioned, and any that may accrue hereafter through any person other than the seller.

The seller has delivered, or within ten days herefrom will procure and deliver, to the purchaser, a title policy in usual form issued by the Puget Sound Title Insurance Company, insuring the purchaser to the full amount of said purchase price against loss or damage occasioned by reason of defect in, or incumbrance against, seller's title to the premises, not assumed by the purchaser, or as to which the conveyance hereunder is not to be subject.

The parties agree: (1) to execute all necessary instruments for the extension of payment or renewal of said mortgage during the period prior to the delivery of said deed, or the termination of purchaser's rights by virtue of the provisions hereof; provided the seller shall not be obligated thereby to assume any personal obligation or to execute any mortgage providing for a deficiency judgment against the seller, or securing a principal indebtedness in excess of that now unpaid on the above mentioned mortgage or bearing an interest rate of more than two per cent greater than that of the original mortgage indebtedness; (2) that the purchaser has made full inspection of the real estate and that no promise, agreement or representation respecting the condition of any building or improvement thereon, or relating to the alteration or repair thereof, or the placing of additional improvements thereon; shall be binding unless the promise, agreement or representation be in writing and made a part of this contract; (3) that the purchaser shall have possession of the real estate on    Closing    and be entitled to retain possession so long as purchaser is not in default in carrying out the terms hereof; and (4) that, upon default, forfeiture may be declared by notice sent by registered mail to the address of the purchaser, or his assigns, last known to the seller.

Time is of the essence hereof, and in the event the purchaser shall fail to comply with or perform any condition or agreement hereof promptly at the time and in the manner herein required, the seller may elect to declare all of the purchaser's rights hereunder terminated, and upon his doing so, all payments made by the purchaser hereunder and all improvements placed upon the premises shall be forfeited to the seller as liquidated damages, and the seller shall have the right to re-enter and take possession of the property; and if the seller within six months after such forfeiture shall commence an action to procure an adjudication of the termination of the purchaser's rights hereunder, the purchaser agrees to pay the expense of searching the title for the purpose of such action, together with all costs and a reasonable attorney's fee.

*In Witness Whereof* the parties have signed and sealed this contract the day and year first above written.

_William F. Hughes_ (Seal)
_Betty M. Hughes_ (Seal)
_Rose Earley_ (Seal)
_____ (Seal)

STATE OF WASHINGTON,} ss.
County of ___King___

I, the undersigned, a notary public in and for the state of Washington, hereby certify that on this ___9th___ day of ___April, 1962___, personally appeared before me ___Rose A. Earley, a widow___ ___and William F. Hughes and Betty M. Hughes, his wife___ to me known to be the individual s described in and who executed the foregoing instrument, and acknowledged that ___they___ signed and sealed the same as ___their___ free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and official seal the day and year last above written.

_Jack H. Green_
Notary Public in and for the state of Washington, residing at ___Seattle, Washington.___

**PUGET SOUND TITLE INSURANCE COMPANY**
LAWYERS TITLE INSURANCE CORPORATION
SEATTLE, WASH.

Filed for Record at Request of

Name ___Evergreen Escrow Co.___
Address ___13533 Aurora Avenue North___
City and State ___Seattle, Washington.___

THIS SPACE RESERVED FOR RECORDER'S USE:

RECORDED Deeds
VOL ___4265___ OF
PAGE ___417___ REQUEST OF

1962 APR 19 AM 8 30

ROBERT A. MORRIS AUDITOR
KING COUNTY WASH.
___ DEPUTY

5415002

Ex. 3LL-2

Statutory Warranty Deed

JUL 16 1976   7607120476   8900025   — E RF — E RF   2.00

PACIFIC NATIONAL BANK OF WASHINGTON
PAID
JUN 24 1976
CONTRACT DEPT
WALLINGFORD BRANCH
08K8
SEATTLE WASHINGTON

JUL 12  9 55 AM '76

RECORDED/RECORDED
WASHINGTON
TITLE INSURANCE COMPANY
SEATTLE WASHINGTON

FILED for Record at request of
Mail to  WILLIAM F. HUGHES
3202 E. LAKE
SAMMISH RD.,
REDMOND, WASH

Send Tax Statement to

FORM L58

## Statutory Warranty Deed

THE GRANTORS    ROSE A. EARLEY, a widow

for and in consideration of    $1.00 and other value

in hand paid, conveys and warrants to    WILLIAM F. HUGHES and BETTY M. HUGHES, his wife

the following described real estate, situated in the County of    King    , State of Washington:

The northwesterly 200 feet of the Second Class Shorelands adjoining that portion of Government lot 2, Secontion 20, Township 25 North, range 6,EWM, in King County, Washington, described as follows:
Beginning at the northeast corner of said Government Lot; thence south along the east line thereof, 569.64 feet; thence west 221.58 feet; thence southwesterly at right angles to the right of way of the Northern Pacific Railway Company, ( formerly the Seattle & International Railway) 15.3 feet to the northeasterly line of said right of way; thence northwesterly along said northeasterly line to the north line of said Government Lot; thence east along said north line to the point of beginning;
EXCEPT County Road;
EXCEPT portion if any, in said raliroad right of way.

SALES TAX PAID ON CONTRACT AFF. NO. E463957
KING CO. RECORDS DIVISION
BY E Springer , DEPUTY

Dated this    9th    day of    April, 1962

Rose Earley    (SEAL)

Jack H    (SEAL)

STATE OF WASHINGTON,  } ss.
County of King

On this day personally appeared before me    ROSE A. EARLEY, a widow

to me known to be the individual    described in and who executed the within and foregoing instrument, and acknowledged that    she    signed the same as    her    free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this    9th    day of    April, 1962

Jack H Greer
Notary Public in and for the State of Washington,
residing at    Seattle, Washington

Ex. 3MM-1