IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WARREN BERES, *et al.*,  )<br>  )<br>    Plaintiffs,  )<br>  )<br>v  )<br>  )<br>UNITED STATES,  )<br>  )<br>    Defendant.  )<br>  )<br>  )<br>  )<br>  ) | Nos. 03-785L, 04-1456L,<br>04-1457L, 04-1458L, 04-<br>1459L, 04-1463L, 04-<br>1465L, 04-1466L, 04-<br>1467L, 04-1468L, 04-<br>1469L, 04-1471L, 04-<br>1472L, 04-1473L, 04-1474L<br><br>The Honorable Marian Blank<br>Horn |

### DECLARATION OF BETH NELSON

I, Beth Nelson, make the following declaration:

1. I am a United States citizen, a resident of the State of Washington, over the age of twenty-one, have personal knowledge of the facts stated here in and am competent to testify to the matters stated in this Declaration. I and my husband Robert are Plaintiffs in *Nelson v. United States*, No. 04-1465L.

2. I am the granddaughter of Gertie Gorman Hughes, who was the daughter of Alfred Palmberg, the person who gave the railroad an easement in 1887.

3. My husband and I purchased the property at 3123 East Lake Sammamish Parkway NE from my parents, William and Betty Hughes in 1977. Immediately, thereafter we built our home and lived there until November of 1998 when we sold our property. While I understand that the Government is asserting that we only

Declaration of Beth Nelson   1

bought submerged lands from my parents, that was not the understanding of any of the parties to that transaction.

4. When we purchased our property, my husband and I and my parents understood that we were buying waterfront property west of the railroad right of way along with the submerged lands out to the line of navigability which I believe was where water was 12 feet deep. This was just a few years after my parents bought from Rose Earley. The whole purpose of our purchase was so we could build our home. It would be completely illogical for us to be purchasing only submerged lands and no party to the transaction believed that only submerged lands were being sold.

5. Our family understood that my great grandfather Alfred Palmberg gave the railroad only an easement and that our family would recover the land if the railroad ever stopped using the easement for railroad purposes. When my husband and I purchased our lot, both my parents and my husband and I understood that we would be buying the adjoining land underlying the railroad right of way. We knew, however, that we could not interfere with the railroad uses.

6. We used various portions of the railroad right of way as if it were our own for over 21 years. We accessed our home with a driveway which crossed over the right of way. We paved the driveway on the eastside from the railroad tracks to the East Lake Sammamish Parkway and we placed gravel on the west side of the railroad tracks to our house. We understood that Burlington Northern had no objection to us crossing the right of way or constructing these improvements on the right of way.

Declaration of Beth Nelson   2

7. On the east side of the right of way, there was an area where we or our guests parked vehicles. South of that area we planted and maintained an apple, plum and pear trees and maintained the entire east and west halves of the right of way. This involved trimming and mowing vegetation on a regular basis. We also maintained the driveway where we accessed our home. We also mowed and maintained the driveway that provided access to the other two waterfront parcels owned by my parents.

8. On the west side of the right of way in front of our home, we had our septic drain field which we maintained as lawn, by regular mowing and watering. My husband used the lawn for practicing golf. We understood that the railroad had no objection to our drain field's location on the right of way.

9. We had a bulldozing business from 1986 until after 1998. During that time period we parked our bulldozer in an area which was on the east half of the railroad right of way adjacent to the lot immediately north of our lot every day.

10. In regard to the two lots north of us that were owned by my parents, we used the dry land in those lots as well as the right of way for recreational purposes for over 50 years.

11. At no time did anyone ever tell us that we only had the right to use submerged lands or that we could not use the railroad right of way.

12. We paid taxes on our property every year since we first purchased the property in 1977 and I do not believe the taxes were based solely on owning submerged land.

Declaration of Beth Nelson   3

Ex. 11-3

King County gave us a building permit and it would not have issued a permit to allow us to build a home on land that submerged.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and was executed by me this 29th day of January, 2018, at Bellevue, Washington.

_____
Beth Nelson

Declaration of Beth Nelson   4