## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WARREN BERES, ET AL., | ) | |
|     Plaintiffs, | ) | Nos. 03-785L, 04-1456L, 04-1457L, 04-1458L, 04-1459L, 04-1463L, 04-1465L, 04-1466L, 04-1467L, 04-1468L, 04-1469L, 04-1471L, 04-1472L, 04-1473L, 04-1474L |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
|     Defendant. | ) | Honorable Marian Blank Horn |

### DECLARATION OF PAM BARRETT

1. I am the daughter of Plaintiff Donald Barrett in *Collins v. United States*, case no. 04-1472L, consolidated with *Beres v. United States*, case no. 03-785L. I am the Attorney in Fact for my father in this matter. (See Ex. A, hereto.) My father has some memories of the property that is the subject of this lawsuit, but his memory is fading. The subject property had been owned by my parents when I grew up and the below facts are based on my personal knowledge and belief.

2. My father and mother, Jeannette Barrett (deceased), owned a property in Lake Sammamish that is the subject of dispute in this partial summary judgment proceeding. They purchased the property from Rose Earley in 1961. (See Ex. B, 1961 Deed, hereto.) The property was subdivided in 2008 into two parcels and those parcels were sold in 2015. The south parcel was sold to Chuck Yoong Chan and Mei-Chin Tsai. The north parcel was sold to Jyotirmoy Paul.

3. When my parents bought the property in 1961, my impression growing up was they understood that they were buying lake-front property that extended from Lake Sammamish to the East Lake Sammamish Parkway and that the property had an easement on it for the railroad to use so long as there were trains to run. That was my family's belief and, as far as I could understand it based on our neighbors' improvements of their own properties, including their gardening and other uses of the right of way, that was the common belief of the owners on Lake

Ex. 15-1

Sammamish both north and south of my family's property. As far as I know, no one other than King County has ever claimed we didn't own the full right of way as part of the Barrett property. And King County didn't claim to own it until after the rail-trail conversion.

4. Consequently, we treated the right of way no differently from the rest of our property. Beginning in late 1982, upon retirement in Washington State, my father, Don Barrett, and our family began regular, ongoing use of our beach property listed as Tax Lot 202506-9041. During this time period, the property was zoned as "Open Space" by King County thereby restricting the amount of landscaping or improvements that could be done to our property in order to enhance the "Open Space."

5. My family's overall usage on the right of way included but was not limited to the following: **Stream management since 1982** (*See* Ex. C, Adverse Possession Map (AP Map), areas D, F, G, and H) – throughout the year we cleared streams of silt, maintained the stream path, and cleared upland ditches parallel to the rail bed; **Property management since 1982** (*See id.*, areas A and C) – year round, we maintained the access road/parking area, managed weeds, removed leaves, maintained a park-like setting, performed tree management (pruning, removal of dead or dangerous trees), harvested firewood from downed trees for campfires and residential wood fires, created mulch from leaf and tree debris; **In the Spring**, we prepared for upcoming Summer family/friends events (Annual Family 4th of July Picnic, Youth Camping, etc.), where we installed tarps over family built picnic tables using trees within the right of way, setup a hand washing station near the access road, set out seating, and setup hammock chair rigging; **Installation of Salmon Fishery in 1994** (*See id.*, areas H and I; *see also* Ex. D, Hydraulic Project Approval) – In 1994 we built a water-holding pond at the mouth of the culvert on the north end of our property (*See* Ex. C, AP Map, area I), and installed pipes and barrels downstream from the culvert (*See id.*, area H) for the incubation of Salmon Eggs, Alevins, and Fry. Once hatched from the upper barrel, they would swim to the next downstream barrel and then into Lake Sammamish; **Planting of vegetation throughout property** (*See id.*, areas E, B, and

Ex. 15-3

crosshatches) – Because of the "Open Space" restriction, we were limited as to the amount of landscaping that could be done but we preferred to keep the area natural and park-like in any case. We were permitted to plant holly to inhibit trespassing, and randomly plant rhododendron, roses, ivy, and native cedar trees throughout the property as is reflected by the crosshatches on the AP Map (Ex. C).

6.  As to the steep slope to the east, between the rail bed and East Lake Sammamish Parkway NE, usage was limited because of the topography but we were able to clear ditches for the maintenance of stream flow. (*See id.*, area D).

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge. This declaration was executed on this 25 day of January, 2018.

_____
Pamela Barrett

Ex. 15-3

When Recorded return to:

Charles N. Mullavey
Mullavey, Prout, Grenley & Foe
P.O. Box 70567
Seattle, WA 98127

## SPECIAL DURABLE POWER OF ATTORNEY

PRINCIPAL:           **DONALD W. BARRETT**

ATTORNEY IN FACT:  **PAMELA L. BARRETT**

I, **DONALD W. BARRETT** (the "Principal"), domiciled in Washington State, designate **PAMELA L. BARRETT** as my Attorney in fact, but limited to all matters concerning Warren Beres and Vicki Beres, et al. vs. United States, Nos. 03-785L, 04-1456L, 04-1457L, 04-1458L, 04-1459L, 04-1463L, 04-1465L, 04-1466L, 04-1467L, 04-1468L, 04-1469L, 04-1471L, 04-1472L, 04-1473L, 04-1474L and any additional litigation, settlement, mediation, arbitration, or other legal proceeding relating thereto. If for any reason **PAMELA L. BARRETT** becomes unable or unwilling to act as Attorney in fact, then **ROBERT J. BARRETT** is designated as my alternate Attorney in fact, but limited to all matters concerning Warren Beres and Vicki Beres, et al. vs. United States, Nos. 03-785L, 04-1456L, 04-1457L, 04-1458L, 04-1459L, 04-1463L, 04-1465L, 04-1466L, 04-1467L, 04-1468L, 04-1469L, 04-1471L, 04-1472L, 04-1473L, 04-1474L and any additional litigation, settlement, mediation, arbitration, or other legal proceeding relating thereto.

    1. <u>Effectiveness</u>.  This Special Durable Power of Attorney shall become effective immediately.

    2. <u>Duration</u>.  This Special Durable Power of Attorney shall remain in effect, to the extent permitted by 11.94 of the Revised Code of Washington, until revoked. I intend this Power of Attorney shall not be affected by my disability. "Disability" shall include the inability to manage property and affairs effectively for reasons such as mental illness, mental deficiency, physical illness or disability, or advanced age.

    3. <u>Powers</u>.  My Attorney in fact, shall have the following powers regarding all matters concerning Warren Beres and Vicki Beres, et al. vs. United States, Nos. 03-785L, 04-1456L, 04-1457L, 04-1458L, 04-1459L, 04-1463L, 04-1465L, 04-1466L, 04-1467L, 04-1468L, 04-1469L, 04-1471L, 04-1472L, 04-1473L, 04-1474L and any additional litigation, settlement, mediation, arbitration, or other legal proceeding relating thereto.

- 1 -

CNM:seo/SPOA/Donald W. Barrett

Ex. 15A-1

   A. *Claims Against Principal*.  To pay, settle, compromise or otherwise discharge any and all claims of liability or indebtedness against the Principal and, in so doing, use any of the Principal's funds or other assets or use funds or other assets of the Attorney in fact and obtain reimbursement out of the Principal's funds or other assets.

   B. *Legal Proceedings*.  To participate in any legal action in the name of the Principal or otherwise.  This shall include actions for attachment, execution, eviction, foreclosure, indemnity and any other proceeding for equitable or injunctive relief, and legal proceedings in connection with the authority granted in this instrument.  My Attorney in fact is specifically authorized to deal with the law firm of the attorney at law who drafted this Durable Power of Attorney, and I hereby waive my client-attorney privilege with this firm in order to allow this firm to deal with my Attorney in fact.

   C. *Written Instruments*.  To sign, seal, execute, deliver and acknowledge all written instruments and do and perform each and every act and thing whatsoever which may be necessary or proper in the exercise of the powers and authority granted to the Attorney in fact as fully as the Principal could do if personally present.

   D. *Disclaimer*.  To disclaim any interest, as defined in Chapter 11.86.010 of the Revised Code of Washington, in any property to which I would otherwise succeed and to decline to act or resign if appointed or serving as an officer, director, executor, trustee or other fiduciary.

4. Limitations on Powers.  Except for the authority specifically stated in paragraph 3, my Attorney in fact shall not have any powers.

5. Accounting.  My Attorney in fact shall be required to account to any subsequently appointed personal representative.

6. Reliance.  The designated and acting Attorney in fact and all persons dealing with the Attorney in fact shall be entitled to rely upon this Power of Attorney, so long as neither the Attorney in fact nor any person with whom the Attorney in fact was dealing at the time of any act taken pursuant to this Power of Attorney, had received actual knowledge or actual notice of any revocation, suspension, or termination of this Power of Attorney, by death or otherwise.  Any action so taken, unless otherwise invalid or unenforceable, shall be binding on my heirs, devisees, legatees, or personal representative.

7. Indemnity.  My estate shall hold harmless and indemnify the Attorney in fact from all liability for acts or omissions done in good faith and not in fraud or gross negligence.

8. Revocation.

   A. This Special Durable Power of Attorney may be revoked, suspended, or terminated by written notice from me to the designated Attorney in fact and, if this power has been recorded, by recording the written instrument of revocation with the King County Auditor in the Records Section, King County, Washington.

- 2 -

CNM:seo/SPOA/Donald W. Barrett

Ex. 15A-2

9. <u>Termination</u>.

   A. *By Guardian*. The appointment of a guardian of my estate vests in the guardian, with court approval, the power to revoke, suspend, or terminate this Power of Attorney. The appointment of a guardian of the Person only, shall not empower the guardian to revoke, suspend or terminate this Power of Attorney.

   B. *By Death of Principal*. My death shall be deemed to revoke this Power of Attorney upon actual knowledge or actual notice being received by the Attorney in fact.

10. <u>Execution</u>. This Special Durable Power of Attorney is signed this __17th__ day of __May__, 2010, to become effective as provided in Paragraph 1.

_____
**DONALD W. BARRETT**

Domiciled and residing at:     2920 E. Lake Sammamish Pkwy N.E.
                               Sammamish, Washington 98074


STATE OF WASHINGTON  )
                     ) ss.
COUNTY OF KING       )

On this day personally appeared before me **DONALD W. BARRETT** to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this __17th__ day of __May__, 2010.

_____
NOTARY PUBLIC in and for the State of Washington.
Printed name: __Sarah E. Ondrak__
My Commission Expires: __2-21-14__

- 3 -

Filed for Record at Request of

**LAWYERS TITLE INSURANCE CORPORATION**
SEATTLE, WASHINGTON

Filed for Record at Request of Name... Donald W. Barrett
Address... 2920 E. Lk Sammamish Rd
        N.
        Redmond, Washington

NAME ___ Evergreen Escrow Co. ___
ADDRESS ___ 13533 Aurora Avenue North ___
CITY AND STATE ___ Seattle, Washington ___

THIS SPACE RESERVED FOR RECORDER'S USE

JUL 26 11 02 AM '77
RECORDED KC RECOR

FORM L58

# Statutory Warranty Deed

THE GRANTOR    ROSE EARLEY, a widow

for and in consideration of  $1.00 and other value

in hand paid, conveys and warrants to    DONALD W. BARRETT and JEANNETTE C. BARRETT, his wife

the following described real estate, situated in the county of         KING            , State of Washington:

The southeasterly 475 feet of the second class shorelands adjoining that portion of Government lot 2, section 20, township 25 north, range 6 east, W.M., described as follows:
 Beginning at the northeast corner of said government lot; thence south along the east line thereof 569.64 feet; thence west 221.58 feet; thence southwesterly at right angles to the right of way of the Northern Pacific Railway Co., (formerly the Seattle and International Railway) 15.3 feet to the northeasterly line of said right of way; thence north westerly along said northeasterly line to the north line of said government lot; thence east along said north line to the point of beginning; EXCEPT county road; and EXCEPT portion if any, in said railroad right of way.

This deed is given in fulfillment of that certain real estate contract between the parties hereto, dated November 29                                  , 19 61, and conditioned for the conveyance of the above described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

Subject to all easements, restrictions and reservations of record, if any.

Dated this     1st        day of December, 1961

_____Rose Earley_____ (SEAL)

_____ (SEAL)

STATE OF WASHINGTON,       } ss.
County of    KING

On this day personally appeared before me  ROSE EARLEY, a widow

Ex. 15B-1

AKF 00078



A) Access Road.
B) Garden.
C) Wood pile storage.
D) Cleared drainage ditches after storms.
E) Rhododendron planted by late Mrs. Barrett.
F) Cleared culverts and water runoff on train tracks from silt and debris.
G) Maintained stream and water flow by clearing debris and overgrown plants; used bobcat on occasion.
H) Maintained stream and water flow by clearing debris and overgrown plants; Installed pipes and barrels along with Salmon fishery.
I) Holding pond for Fishery.
Crosshatch) Cedar trees, ivy and holly were planted for ground cover.

Ex. 15C-1



Ex. 15C-2



Ex. 15C-3



Ex. 15C-4

# HYDRAULIC PROJECT APPROVAL

R.C.W. 75.20.100
R.C.W. 75.20.103

**DEPARTMENT OF FISHERIES**
General Administration Bldg.
Olympia, Washington 98504
(206) 753-6650

Date: January 6, 1994
(applicant should refer to this date in all correspondence)
PAGE 1 OF 1 PAGES

| Field | Value |
|---|---|
| [10] LAST NAME, FIRST | Barrett, Donald |
| [18] CONTACT PHONE(S) | (206) 868-3111 |
| [1] CONTROL NUMBER | 00-63058-01 |
| [19] STREET OR RURAL ROUTE | 2920 East Lake Sammamish Parkway NE |
| [7] | |
| [8] | |
| [9] WRIA | 08.0139 |
| CITY | Redmond |
| STATE | WA |
| ZIP | 98053 |
| [14] | |
| [17] | |
| [12] WATER | Unnamed |
| TRIBUTARY TO | Lake Sammamish |
| [11] TYPE OF PROJECT | Fish Egg Incubator |
| [13] QUARTER SECTION | SW |
| SECTION | 20 |
| TOWNSHIP | 25N |
| RANGE(E-W) | 06E |
| COUNTY | King |

**TIME LIMITATIONS:** [5] THIS PROJECT MAY BEGIN Immediately    [6] AND MUST BE COMPLETED BY February 28, 1994

THIS APPROVAL IS TO BE AVAILABLE ON THE JOB SITE AT ALL TIMES AND ITS PROVISIONS FOLLOWED BY THE PERMITTEE AND OPERATOR PERFORMING THE WORK.
SEE IMPORTANT GENERAL PROVISIONS ON REVERSE SIDE OF APPROVAL

NOTE: Washington Department of Fisheries reviewed your application received December 21, 1993. We approve the project, as illustrated in your plans, subject to the following provisions.

1. Disturbance of existing salmon redds shall not occur as a result of this project.

2. Placement and removal of egg incubators shall be accomplished with minimal disturbance to the existing stream bed and vegetation.

3. Any disturbed areas shall be immediately protected from erosion by covering with a minimum four (4) inch thick layer of straw mulch and revegetated immediately upon project completion with live willow stakes place on two (2) foot centers.

4. The intake pipe screen shall have meshes not to exceed 1/8 inch square.

LOCATION: Same as applicant.

1t

SEPA: Applicant indicates exempt.
REGIONAL HABITAT MANAGER: Larry Fisher (206) 392-9159
PATROL - Lisi [3]
APPLICANT - WILDLIFE - READER - PATROL - HAB. MGR. - WRIA

DEPARTMENT OF FISHERIES    _Millard S. Deich_ / DIRECTOR

AKF 00116