IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WARREN BERES, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | No. 03-785L, 04-1456L, 04-1457L,<br>04-1458L, 04-1459L, 04-1463L, 04-1465L,<br>04-1466L, 04-1467L, 04-1468L, 04-1469,<br>04-1471L, 04-1472L, 04-1473L, 04-1474L<br>     Hon. Marian Blank Horn<br><br>     DECLARATION |

## DECLARATION OF COUNSEL IN SUPPORT OF DEFENDANT'S ALTERNATIVE REQUEST FOR RELIEF UNDER RULE 56(d)

Pursuant to 28 U.S.C. § 1746 and Rule of the United States Court of Claims 56(d), Rachel Roberts hereby declares as follows:

1.      I am an attorney for the Department of Justice ("DOJ") and I, along with my colleague Tanya Nesbitt, represent the United States in this action.

2.      I submit this Declaration in support of the United States' Alternative Request for Relief Under Rule 56(d).

3.      As required by Rule 56(d), this Declaration specifies the reasons that the United States "cannot present facts essential to justify its opposition."  RCFC 56(d); *see C.W. Over & Sons, Inc. v. United States*, 44 Fed. Cl. 18, 23 (1999) ("[t]o obtain discovery, the party must state, by affidavit, explicit reasons why discovery is required in opposition to the motion for summary judgment.").

4.      The seventeen complaints in this action were filed between 2003 and 2005, respectively, and were later consolidated under the lead case of *Beres, et al., v. United States*, No. 03-785 (Fed. Cl).[1]  In each case, Plaintiffs allege that the Surface and Transportation Board's ("STB") issuance of a Notice of Interim Trail Use ("NITU") pursuant to the National Trails System Act, 16 U.S.C. § 1247(d), resulted in the uncompensated taking of their property interests along a 12.45 mile railroad corridor in Sammamish, Washington, in violation of the Fifth Amendment to the United States Constitution.  To date, the United States and Plaintiffs have reached a settlement providing just compensation for 47 claims.  Twenty-one claims, including Plaintiffs' adverse possession claims remain pending before the Court.

5.      In October 2016, Plaintiffs first informed the United States that they planned to assert adverse possession as an alternative theory of ownership for 10 properties in the litigation. These were the very same properties where the United States had previously disputed the existence of an ownership interest.  For each of these properties, the deeds do not explicitly convey any portion of the right-of-way, but the landowner's property is adjacent to the right-of-way.  In an effort to reach settlement, both Plaintiffs' counsel on December 16, 2016 provided the United States with limited summaries, pictures and synopsis of the description of the alleged use and possession of the right-of-way for the Collins, Freedman, Schroeder, Matrinez and Spencer Plaintiffs.  These documents were prepared for settlement purposes.  After some months

---

[1]These cases include: *Schroeder v. U.S.*, No. 04-1456 L; *Chamberlin v. U.S.*, No. 04-1457 L (filed *sub nom Ray*); *Klein v. U.S.*, No. 04-1458 L; *Peterson v. U.S.*, No. 04- 1459L); *Spencer v. U.S.,* No. 04-1463 L; *Nelson v. U.S.*, No. 04-1465 L; *Manning v. U.S.*, No. 04-1466 L; *Morel v. U.S.*, No. 04-1467 L; *Lane v. U.S.*, No. 04-1468 L; *Ritzen v. U.S.*, No. 04-1469 L; *Estate of Pearl Welch*, No. 04-1471 L; *Collins*, No. 04-1472 L; *Brown*, No. 04-1473 L; and *Waverly Hills Club, Inc.*, No. 04-1474 L).  Two related actions, *Edlund*, No. 04-1464 L, and *Rundle*, No. 04-1476 L, were voluntarily dismissed.  *See Edlund v. United States*, No. 04-1464 L, Order (Fed. Cl. May 15, 2007) (Dkt. No. 10) (dismissing plaintiff's claims with prejudice); *see also Rundle v. United States*, No. 04-1476 L, Order (Fed. Cl. May 15, 2007) (Dkt. No. 11) (same).

of negotiations, Plaintiffs on March 17, 2017 filed a *Motion for an Order Affirming this Court Has Jurisdiction to Determine Whether the Land Taken by the United States Had Been Adversely Possessed by Certain Plaintiffs Prior to the Taking*.  (ECF No. 202).  On March 31, 2017, the United States filed its response arguing, *inter alia*, that Plaintiffs' motion failed to meet Article III's case or controversy requirements because no specific relief was sought and no factual allegations or information was contained in the motion.  Def.'s Opp'n. In Support 3-4 (ECF No. 205).  The Court later denied the motion finding it premature.  (ECF No. 222).

6.    In the same order the Court set a trial date of April 23, 2018 and a discovery deadline of December 29, 2017.  (ECF No. 222).  The Court's order did not contain a deadline for the disclosure of expert testimony, nor did the Court set a deadline for the parties to exchange expert reports.  *Id.*  While the parties continued settlement discussions on all remaining parcels, the parties also began to conduct discovery.  Plaintiffs and the United States exchanged an initial set of discovery that included: interrogatories, requests for production, and requests for admissions.  Each set of discovery and its responses sought information related to the ten claims through which Plaintiffs assert ownership of land underlying the right-of-way through adverse possession.

7.    The discovery conducted is inadequate because it does not contain or has very limited factual information related to: how the right-of-way was used prior to September 18, 1998; the specific areas of the right-of-way allegedly used by plaintiffs or their predecessors in interest; and whether the use was continuous or sporadic and open, notorious, hostile and exclusive such that the holder of the reversionary interest underlying the right-of-way would have notice of the occupation.  This information is needed to establish the United States' defense

that these Plaintiffs have not adversely possessed portions of the right-of-way under Washington law.

8.    On July 28, 2017, lead counsel for the United States, Ms. Nesbitt, emailed chambers and informed the Court that the parties were interested in "briefing one motion and one cross-motion for partial summary judgment related to the adverse possession issues in the case." July 28, 2017 E-mail (Exhibit A).  Ms. Nesbitt also informed the Court that the parties wished to request a telephonic status conference with the Court to discuss the timing of these motions.  *Id.*  The Court later set a status conference with the parties for September 15, 2017.  ECF No. 228.

9.    In early September 2017, the United States retained the services of an expert witness to assist with surveying and boundary research.

10.    On September 15, 2017 this Court held a telephonic status conference to discuss the timing of potential motions for partial summary judgment.  David Harrington, Assistant Section Chief for the Natural Resources Section, and myself were present for the United States. At the status conference, I explained that there were certain threshold issues that, if resolved, would streamline the issues for trial.  At the status conference, the Court directed the parties to file motions for partial summary judgment addressing remaining threshold issues in the litigation.  The Court discouraged the parties from including issues in summary judgment briefing that would warrant further factual development through discovery.

11.    In light of the status conference, the United States requested that its surveyor focus his work on boundary record research related to the United States' upcoming motion for partial summary judgment and defer work on other items.  Moreover, because summary judgment briefing was to address potentially dispositive legal issues, the United States deferred

further factual discovery on Plaintiffs' adverse possession claims, which would be costly, time-intensive, and unnecessary given the United States' understanding of Washington property law.

12.     Plaintiffs have not limited their cross-motion for partial summary judgment to threshold legal issues.  Instead, Plaintiffs ask the Court to find as a matter of law that Plaintiffs have acquired a property interest through adverse possession – an inherently fact-intensive and complex inquiry.

13.     The United States requires discovery to present evidence that is essential to its response to Plaintiffs' adverse possession claims.  To allow time for such discovery, the United States has filed: (1) the attached *Combined Reply in Support of its Motion for Partial Summary Judgment and Response in Opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment*, which sets out in Argument Section III why the Court should deny Plaintiffs' partial summary judgment on its cross motion in order to allow adequate time for discovery under Rule of the United States Court of Claims 56(d) and (2) this Rule 56(d) Declaration.

14.     Discovery from Plaintiffs and third parties is necessary for the United States to develop and present evidence that responds to Plaintiffs' adverse possession claims.  This evidence would be obtained through written discovery, depositions and expert testimony.  The discovery the United States would seek includes the following:

      a.     First, the United States requires additional factual discovery to determine whether Plaintiffs or their predecessors in interest continuously used the right-of-way for the ten-year statutory period required under Washington law.

      b.     Second, the United States requires discovery concerning whether any use of portions of the right-of-way by Plaintiffs and their predecessors in interest was open, notorious, hostile and/or exclusive.  Satisfying the open and notorious elements of

adverse possession requires a showing of consistent use. *Chaplin v. Sanders*, 676 P.2d 431,437 (Wash. 1984). Discovery is necessary to establish whether Plaintiffs and their predecessors in interest consistently used portions of the right-of-way prior to 1998. Additionally, factual discovery is necessary to determine whether under Washington law Plaintiffs' and their predecessors' in interest use was open and hostile vis-à-vis the party against whom adverse possession is asserted, *i.e.*, the holder of a reversionary interest in the corridor. *Anderson v. Hudak*, 907 P.2d 305, 307 (Wash App. 1995) ("We hold that the planting of a row of trees alone, without some use that is open and hostile, does not satisfy the elements of adverse possession. . . '"); *see also Crites v. Koch*, 741 P.2d 1005, 1009 (Wash. Ct. App. 1987) (finding that occasional parking of equipment and crossing without permission was a type of neighborly accommodation and not sufficiently hostile).

      c.     Third, the United States requires discovery about the specific parts of the right –of-way used by Plaintiffs and their predecessors in interest. Only portions of the right-of-way possessed by Plaintiffs and their predecessors in interest should be considered by this Court for purposes of their adverse possession claims. *See Slater v. Murphy*, 55 Wash. 2d 892, 900 (Wash. 1959) ("The absence of color of title affects the extent of the Slaters' possession and limits their claim to that portion of the property subject to actual possession."). Factual discovery is also needed to determine whether this alleged possession occurred within the boundaries of the right-of-way.

15.    The facts that the United States seeks are discoverable. Under the Rules of the Court of Federal Claims, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," which includes inadmissible information "reasonably calculated to lead to the discovery of admissible evidence." RCFC 26(b)(1). As

discussed above, the discovery the United States seeks is relevant to the threshold determination of the United States' defense of these adverse possession claims.

16.     To obtain factual information that is essential to its defense, the United States would serve additional discovery requests, which would likely include requests for admission, interrogatories, and document requests.  The United States would also likely serve deposition notices.  These discovery requests would be served on Plaintiffs and possibly upon non-parties such as Plaintiffs' predecessors in interest.  The United States would also seek testimony from expert witnesses regarding the scope of Plaintiffs' and their predecessors' in interest use of portions of the right-of-way in relationship to the boundaries of the right-of-way.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Rachel Roberts
Co-counsel for the United States


Executed on March 23, 2018