IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

BERT STARES, et al,

    Plaintiffs,

vs.

MINNIE THOMAS, Executrix of the Last Will and Testament of Maude Palmberg, deceased, et al,

    Defendants.

NO. 367315

ANSWER OF REAH WHITEHEAD HARRISON

Comes now the defendant, Reah Whitehead Harrison, as administratrix of the estate of Alfred Palmberg, deceased, and for answer to the amended complaint of the plaintiff admits, denies and alleges as follows:

I.

Referring to the allegations contained in paragraph No. III of said complaint, this defendant denies any knowledge or information sufficient to form a belief with reference to the interests of the defendants other than this answering defendant in so far as said interests are not derived through this defendant's decedent. With respect to the allegations in said paragraph III concerning the title and interest of this defendant's decedent, this defendant denies each and every allegation therein contained except as consistent with the following claim of title of said decedent: The right, title and interest of the said Alfred Palmberg, deceased, (being this defendant's decedent), in and to the real property described in said amended complaint was and is as follows:

    PARCEL "A": An undivided five-eighteenths interest, unless the decree of distribution in the estate of Bertha Palmberg was effective to reduce the decedent's interest to an undivided one-sixth interest;

    PARCEL "B": In the uplands portion of Parcel "B", an undivided five-eighteenths interest, unless the decree of distribution in the estate of Bertha Palmberg was effective to reduce said decedent's

-1-

interest to an undivided one-sixth interest, and also unless the title of S. L. Stangroom and Anna B. Stangroom is an adverse tax title and not merely a redemption for the benefit of all heirs;

PARCEL "B", Shorelands: An undivided one-sixth interest;

PARCEL "C": An undivided one-sixth interest.

II.

Referring to the allegations contained in paragraph No. V of said complaint, this defendant admits that some improvements have been made on the property described in said complaint, but denies any knowledge or information sufficient to form a belief with reference to each and every other allegation relating to improvements in said paragraph contained; denies that this defendant or her decedent has destroyed any improvements on said property whatsoever; and with reference to each and every other allegation in said paragraph contained, this defendant denies any knowledge or information thereof sufficient to form a belief.

III.

Referring to the allegations contained in paragraphs No. VI and No. VII of said complaint, this defendant denies any knowledge or information thereof sufficient to form a belief.

WHEREFORE, having fully answered plaintiff's complaint, this defendant prays for relief in accordance with the prayer of her final report and petition for distribution filed in the estate of Alfred Feinberg, deceased, being Probate Cause No. 96567 in the above entitled court, copies of which final report and petition have been served upon the attorneys for the parties appearing in the above entitled cause.

Theodore S. Turner
Attorney for defendant, Jean Whitehead

-2-

STATE OF WASHINGTON )
                     ) SS:
COUNTY OF KING       )

REAH WHITEHEAD HARRISON, being first duly sworn, on oath deposes and says:

That she is the administratrix of the estate of Alfred Palmberg, deceased, and one of the defendants in the above entitled case; that she has read the foregoing Answer, knows the contents thereof, and believes the same to be true.

*Reah Whitehead Harrison*

SUBSCRIBED AND SWORN TO before me this 30th day of August, 1948.

*Theodore S. Turner*
Notary Public in and for the State of Washington, residing at Seattle.