# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **WARREN BERES,** *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Nos. 03-785L, 04-1456L, 04-1457L, 04-1458L, 04-1459L, 04-1463L, 04-1465L, 04-1466L, 04-1467L, 04-1468L, 04-1469L, 04-1471L, 04-1472L, 04-1473L, 04-1474L |
| v. | ) | |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | The Honorable Marian Blank Horn |
| | ) | |

**Separate Reply in Support of Plaintiffs' Cross Motion for Summary Judgment by the Hughes Estate and Nelsons**

STEPHENS & KLINGE LLP
Richard M. Stephens
Stephens & Klinge LLP
10900 NE 8th Street, Suite 1325
Bellevue, WA 98004
Phone: (425) 453-6206
e-mail: stephens@sklegal.pro
*Attorney of Record for the following consolidated Plaintiffs: Beres; Ritzen, et al.; Morel, et al.; Klein; Chamberlin, et al.; Nelson, et al.; Lane; Peterson, et al.; Schroeder; Manning, et al.; and Spencer, et al.*

**May 9, 2018**

# TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………i

TABLE OF AUTHORITIES……………………………………………….ii

INTRODUCTION………………………………………………………….1

ARGUMENT……………………………………………………………….2

I
IF THE PARTITION PROCEEDING DID NOT RESULT IN THE CONVEYANCE OF THE FEE UNDERLYING THE RIGHT OF WAY, THE HUGHES ESTATE AND NELSONS OWN A SIGNIFICANT PORTION OF THE RIGHT OF WAY AND ARE ENTITLED TO COMPENSATION………………………………….2

CONCLUSION……………………………………………………………..3

# TABLE OF AUTHORITIES

Cases

*Matter of the Estate of Schmidt,*
    136 P. 274 (Wash. Sup. Ct. 1925) ............................................................................ 2

**INTRODUCTION**

Plaintiffs Robert and Beth Nelson and the Estate of William Hughes are plaintiffs in Cause No.04-1465.[1] The Nelsons and the Hughes Estate are heirs of the original dedicator of the railroad easement, Alfred Palmberg. They are some of the Plaintiffs with deeds that raise the shorelands issue.

The Nelsons and Hughes Estate file this separate reply on one issue because they have a conflict with other Plaintiffs represented by Cecilia Fex who also derive their title from Alfred Palmberg and who also have the shorelands issue. While the Hughes Estate concurs with the reply filed by all Plaintiffs in the pending motion, that is, that they acquired title to the right of way through their deeds and historical use of the property, this separate reply is made to show an alterative method of demonstrating title to the right of way unique to them. That alternative is that they are successors to several of the Palmberg heirs, giving them a significant portion of the railroad right of way by inheritance if Defendant is correct that the deeds do not convey title.

The Nelson and the Hughes Estate also realize that they are providing an argument which was not raised in their moving papers. It is in response to the Defendants' recognition that the right of way was owned by the Palmberg heirs at the time of the partition action. Doc. 253 at 13. They have no objection to Defendant having a reasonable amount of time to respond to this separate reply.

---

[1] Beth Nelson is an heir to the Hughes Estate and its Executor.

## ARGUMENT

### I

### IF THE PARTITION PROCEEDING DID NOT RESULT IN THE CONVEYANCE OF THE FEE UNDERLYING THE RIGHT OF WAY, THE HUGHES ESTATE AND NELSONS OWN A SIGNIFICANT PORTION OF THE RIGHT OF WAY AND ARE ENTITLED TO COMPENSATION

Defendant concedes that the right of way was owned by the six heirs of Bertha Palmberg. Doc. 253 at 13. If the right of way was never conveyed as a result of the partition proceeding, then the Hughes Estate (and Nelsons as heirs) are the owners of a significant portion of the right of way.

The six heirs of Bertha Palmberg were Bert Stares, Elizabeth Stengel, Anna Stangroom, Maud Palmberg, Alfred Palmberg (the son) and Gertie Gorman Hughes. *See* Doc. 253 at 13-15. Alfred Palmberg (the son) died during the partition action. He left 20% of his interest in the right of way to Gertie Gorman Hughes and 9.4% of his estate to Minne Hughes. *See* Hughes Ex. 1, at 7, attached to the Second Declaration of Beth Nelson.

Maud Palmberg died and transferred all of her estate to her niece, Minnie Hughes. *See* Hughes Ex. 2. Minnie Hughes died in 1987. Second Nelson Decl. When she died, her entire estate transferred to her brother William Hughes. Hughes Ex. 3 is a copy of Minnie Hughes' will which was never probated. Second Nelson Decl. Under Washington law, a probate proceeding is unnecessary to transfer interests in property. *Matter of the Estate of Schmidt*, 136 P. 274 (Wash. Sup. Ct. 1925). Transfers of property pursuant to a will occur by operation of law vest immediately upon death. *Id.* at 275. William Hughes received all of Maud Palmberg's one sixth interest in the right of way plus the 9.4% of Alfred Palmberg's (the son's) interest if it were not sold in the partition action.

Gertie Gorman Hughes died in 1988. Pursuant to her will, when all of Gertie Gorman Hughes' estate was to be split between her son William Hughes, which is now the Plaintiff Hughes Estate, and her daughter, Minnie Hughes. Hughes Ex. 4. Because Minnie Hughes predeceased her mother when she died in 1987, her inheritance lapsed. *See* Hughes Ex. 4. William Hughes received all of the interest of his mother, Gertie Gorman Hughes as a one sixth owner, plus the 20% of the one sixth interest owned by Alfred Palmberg (the son).

Therefore, the two sixths (Gertie's and Maud's) are in the William Hughes Estate plus 29.4% of the one sixth interest of Alfred (the son) or 4.9%. Therefore, the Hughes Estate owns at least 38.23% of the right of way, if for any reason it is not owned through their deeds.

## CONCLUSION

As an alternative ground for determining title, the Court can conclude that the Hughes Estate owns at least 38.23% of the right of way. No trial is necessary to make that determination.

Respectfully submitted this 9th day of May, 2018.

STEPHENS & KLINGE LLP

*s/*
Richard M. Stephens
Stephens & Klinge LLP
10900 NE 8th Street, Suite 1325
Bellevue, WA 98004
Phone: (425) 453-6206
E-mail: stephens@sklegal.pro

*Attorney of Record for the following Consolidated Plaintiffs: Nelson, et al.*