# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WARREN BERES and VICKI BERES, *et al.*, | )<br>)<br>) |
| Plaintiffs, | ) Nos. 03-785L, 04-1456L, 04-<br>) 1457L, 04-1458L, 04-1459L, 04- |
| v. | ) 1463L, 04-1465L, 04-1466L, 04-<br>) 1467L, 04-1468L, 04-1469L, 04- |
| UNITED STATES, | ) 1471L, 04-1472L, 04-1473L, 04-<br>) 1474L |
| Defendant. | )<br>) The Honorable Marian Blank Horn<br>) |

## Second Declaration of Beth Nelson in Support of Plaintiffs' Cross Motion for Summary Judgment

I, Beth Nelson make the following declaration:

1. I and my husband, Robert Nelson, are Plaintiffs in this case. I am also an heir to Estate of William Hughes.

2. My great grandfather was Alfred Palmberg who filed for and received a land patent from the United States and conveyed to the railroad an easement. Alfred was survived by his wife, Bertha Palmberg, who had six children. Those children are Alfred Palmberg (the son), Maud Palmberg, Gertie Gorman Hughes, Bert Stares, Annie Stangroom and Bessie Zengel. My grandmother was Gertie Gorman Hughes. She had two children—Minnie Hughes and William Hughes, my father.

1

3. When Alfred Palmberg (the son) died, he conveyed 20% of his estate to my grandmother, Gertie Gorman Hughes and 9.4% of his estate to his niece and my aunt, Minnie Hughes. Attached hereto as Hughes Exhibit 1 is a true and correct copy of the court order approving these distributions.

4. When my great aunt Maud Palmberg died, she conveyed all of her estate to her niece Minnie Hughes. Attached hereto as Hughes Exhibit 2 is a true and correct copy of the court order approving this distribution.

5. My aunt Minnie Hughes died in 1987, predeceasing my father and their mother who died in 1988. Minnie Hughes left her entire estate to her brother William Hughes. Attached hereto as Hughes Exhibit 3 is a true and correct copy of her will which I understand was never probated. I have the original will signed by Minnie Hughes. There are no other wills from Minnie and my father treated her estate as if it was transferred to him.

6. When my grandmother Gertie Gorman Hughes died in 1988 she left everything to my father, William Hughes. Attached hereto as Hughes Exhibit 4 is a true and correct copy of her will which I understand was never probated. I have the original will signed by Gertie Gorman Hughes. There are no other wills from Gertie Gorman Hughes and my father treated her estate as if it was transferred entirely to him.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and was executed by me this ninth day of May, 2018, at Bellevue, Washington.

Beth Nelson

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

VOL 505 PAGE 388   IN PROBATE
FILED

IN THE MATTER OF THE ESTATE
OF
ALFRED PALMBERG, DECEASED.

1949 JUN 23 AM 11 04   NO. 96567

ORDER APPROVING FINAL REPORT AND ACCOUNT AND DECREE OF DISTRIBUTION

NORMAN R. ___
KING COUNTY, WASH.

This matter coming regularly on to be heard June 21, 1949, before the undersigned Judge of the above entitled Court on the Final Report and Account and Petition for Distribution filed by the administratrix herein, and the administratrix appearing in person and by her attorney, Bert Stares appearing by his attorneys, Preston, Thorgrimson & Horowitz, Minnie Hughes, executrix of the estate of Maude Palmberg, deceased, and Gertrude German Hughes appearing by their attorneys, Messrs. Wright and Wright, and Bertha Tuttle, Alfred Zengel, Charlotte Zengel, Mary Moore and Ladora Zengel appearing by their attorney, Philip W. School, Esquire; and it appearing to the Court that due and regular notice of the hearing on said report has been given in the form and manner required by law, and that on March 26, 1948, being the date originally fixed in said notice of hearing for the hearing thereof, this cause was regularly continued and was subsequently continued from time to time until date hereof in order to give an opportunity of completing the litigation hereinafter referred to; and it further appearing that no objections to the said final report and account of the administratrix herein have been made or filed, excepting only the exceptions of the said Bert Stares, which exceptions have been disposed of by the decree in said litigation; and evidence having been introduced, and the Court having considered the evidence and being fully advised,

NOW, THEREFORE, FINDS:

I.

The deceased above named, who was also known as Alfred W. Palmberg, died intestate in King County, Washington, July 22, 1943.

-1-

leaving an estate therein subject to administration.

II.

Reah Whitehead Harrison was duly and regularly appointed administratrix of the estate of said deceased March 11, 1946, pursuant to petition and notice as provided by law, and thereafter qualified as such.

III.

Said administratrix caused notice to creditors to be published according to law in the Argus, a legal newspaper of general circulation in said King County, the first publication of such notice being on June 22, 1946. No claims have been served or filed in said estate, and the time for filing claims herein has expired.

IV.

An inventory was filed herein October 17, 1947, but the administratrix, on the basis of further study and investigation, caused an amended inventory and appraisement to be prepared under date of January 30, 1948, and the property therein described was appraised in the manner required by law, as appears by the amended inventory and appraisement on file herein. Due to uncertainty existing at the time of said appraisement, in regard to the extent of the decedent's interest in the property therein described, said appraisers valued the whole property, noting said values on said amended inventory and appraisement, and from such values the value of the decedent's interest may be computed. The appraised value of decedent's undivided one-sixth interest, which interest was adjudicated in the litigation hereinafter referred to, is the sum of $1,038.43.

V.

The property of the above entitled estate consists entirely of an undivided interest in certain real estate. The other undivided interests in said real property were, at the time of filing the report of the administratrix herein, owned by the heirs of the decedent above named. At the time of filing said final report of the administratrix,

-2-

Hughes Ex. 1-2

vol 505 page 390

there was pending in the above entitled Court a certain cause entitled "Bert Stares, et al., plaintiffs, vs. Maude Palmberg, et al, defendants," being Cause No. 367315 of said Court. The administratrix herein and all of the said heirs are parties to said litigation. The said suit was brought for partition of the said real property, and resulted in a decree entered in said cause January 21, 1949, adjudicating the respective interests of the parties thereto, including the administratrix herein, and ordering that the property be sold, and that the proceeds of such sale remaining after payment of certain costs and charges, be paid to the parties according to their respective interests, all as more particularly provided in said decree. Such sale has been held and confirmed, but the proceeds of such sale have not yet been distributed. The administratrix has produced evidence that the share to be received by her as administratrix of the decedent above named for his undivided interest in said property will be the sum of approximately $1,541.77.

In the aforesaid decree, it was adjudicated that the decedent above named owned an undivided one-sixth interest in the following described real property situated in Section 20, Township 25 North, Range 6 East W.M., King County, Washington, to-wit:

Parcel (a): Beginning at a point on the north line of Government lot 1, 630 feet east of the northwest corner thereof; thence south 900 feet; thence southwesterly at right angles to the right of way of Northern Pacific Railway Company (formerly Seattle and International Railway) to the northeasterly line of the said right of way; thence southeasterly along said northeasterly line to the south line of said Government lot 1; thence east along said south line to the southeast corner thereof; thence north along the east line thereof to the northeast corner thereof; thence west along the north line to point of beginning; EXCEPT County Road; together with preference right to purchase the second class shorelands lying in front thereof and in front of said railroad right of way.

Parcel (b): The second class shorelands adjoining the following described property: Beginning at the northeast corner of Government lot 2; thence south along east line thereof 569.64 feet; thence west 221.58 feet; thence southwesterly at right angles to right of way of the Northern Pacific Railway Company (formerly the Seattle and

- 3 -

Hughes Ex. 1-3

International Railway) 15.3 feet to the northeasterly line of said right of way; thence northwesterly along said northeasterly line to the north line of said Government lot 2; thence east along said north line to the point of beginning; EXCEPT County Road; and EXCEPT portion if any, in said railroad right of way.

Parcel (a): Second class shorelands lying in front of the following described real property and in front of the railroad right of way referred to in the following description: Beginning at the southeast corner of said Government lot 2; thence north along the east line thereof 110 feet; thence west 57 feet to the northeasterly line of the right of way of the Northern Pacific Railway Company (formerly the Seattle and International Railway); thence southeasterly along said northeasterly line to the point of beginning; EXCEPT County Road.

Said decree further adjudicated that the decedent above named had no right, title or interest in or to the uplands referred to in the foregoing description of Parcel (b).

VI.

Administratrix herein has necessarily been represented in this probate proceeding by attorneys. The late Walter C. Hinman, Esquire, was attorney for her at the inception of this proceeding, and rendered services which included advice, the filing of the petition for letters of administration, publishing notice to creditors, preparing the original inventory and procuring the entry of an order appointing appraisers. Such services were of the reasonable value of $50.00. He also advanced certain expenses of administration which are itemized in paragraph XV of the Final Report and Account of the administratrix herein, in the aggregate sum of $25.03. Thereafter, he died, and neither he nor his estate have been compensated for the services rendered nor for the funds advanced. His estate was probated in King County, and probate thereof has been completed. Floy K. Hinman, as sole beneficiary under his will, is entitled to receive such compensation and reimbursement.

VII.

Thereafter, Theodore S. Turner was retained by the administratrix as attorney for the estate and has rendered services necessary to

-4-

complete the probate thereof, including, in addition to those listed in paragraph XI of the final report of the administratrix, participation in the trial of the partition suit of Stares vs. Hughes, above referred to. Such services are of the reasonable value of $200.00. Said attorney has been paid nothing on account thereof.

## VIII.

The administratrix herein has rendered services of substantial value to said estate, including, among other things, the investigation of the nature of the title and interest of the deceased in the real property involved, the facts of heirship, a conference with the Inheritance Tax Division of the State of Washington, taking one of the appraisers out to view the property, and participation in the trial of Stares vs. Hughes, above referred to. Such services are of the reasonable value of $150.00. Said administratrix also advanced from her personal funds the sum of $5.00 for filing the Final Report and Account herein, and the further sum of $10.50 for publishing notice of hearing thereon, or a total of $15.50. Said administratrix has received nothing on account of her services nor in reimbursement for said advances.

## IX.

An inheritance tax is due the State of Washington in this estate, but the administratrix has been unable to pay the same because she has not yet received any funds. Said tax is a lien upon the assets of this estate, which must be paid prior to distribution.

## X.

The expenses of last illness of said deceased, and of his funeral and burial have been paid by relatives of the deceased, and the latter have not claimed reimbursement.

Hughes Ex. 1-5

XI.

The deceased at the time of his death on July 22, 1943, left as his only heirs his sister, Anna B. Stangroom (nee Anna B. Palmberg), Maude Palmberg and Gertie Gorman Hughes, half-sisters, Bert Stares, half-brother, and the following children of deceased's sister, Elizabeth Zengel (nee Elizabeth E. Palmberg), deceased: Bertha Tuttle, Alfred Zengel, Charlotte Zengel, Mary Moore and Ladora Zengel, all of whom are of legal age. All of said heirs reside in King County, Washington.

Under date of June 7, 1945, the said Maude Palmberg executed and delivered a quit claim deed to the said Bert Stares conveying her interest in Parcel (a) hereinabove described. Said deed was recorded June 5, 1946, in Volume 2464 of Deeds, page 635, records of said King County.

The said Maude Palmberg died testate November 26, 1946, and her will was admitted to probate in the above entitled Court in probate cause No. 100214. By said will, the said Maude Palmberg devised her entire estate to her niece, Minnie Hughes, who is also executrix under the will. Said estate is still pending.

By virtue of the aforesaid deed from Maude Palmberg to Bert Stares, the distributive share of the proceeds of the Referee's sale to which the said Minnie Hughes would otherwise be entitled, is subject to deduction in the amount of the portion of such proceeds which is derived from the Referee's sale of Parcel (a), and the distributive share of Bert Stares is subject to increase in the same amount. The Court finds that at said Referee's sale, the price realized on Parcel (a) was substantially 53% of the gross proceeds of the entire property. The Court, therefore, finds that by virtue of said Maude Palmberg-Stares deed, the distributive share

-6-

vol 505 pag 394

of Minnie Hughes in this estate is 1/5th less 53% of such 1/5th,
or 9.4% of the net estate of this decedent remaining after payment
of the ~~administrative~~ expenses of administration.

XII.

By virtue of the facts hereinabove found, the court finds that
the net estate remaining after payment of ~~the administrative~~ and
the balance of the expenses of administration should be distributed
as follows:

| Name of Heir | Distributive Share of Net Estate |
|---|---|
| Anna B. Stevenson | 20% |
| Bertha Tuttle | 5% |
| Alfred Zengel | 5% |
| Charlotte Zengel | 5% |
| Mary Morse | 5% |
| Ladora Zengel | 5% |
| Minnie Hughes | 9.4% |
| Gertie Doreen Hughes | 20% |
| Bert Graves | 30.6% |
| Total . . . . . . . . | 100% |

On the foregoing findings, it is hereby ORDERED, ADJUDGED
AND DECREED:

1. That the Final Report and Account of the administratrix
herein be, and it hereby is, approved.

2. That upon receipt by the administratrix of the share of
Hughes vs. the net proceeds of the Referee's sale in the case of Graves vs.
Hughes to which this estate is entitled, the administratrix forthwith
pay the inheritance tax due the State of Washington from this estate
charging the distributive share of the heirs with their proportionate
part thereof.

-7-

VOL 505 PAGE 395

3. That the administratrix then pay the balance of the expenses of administration, including the fees of appraisers, the administratrix and attorneys, and their reimbursement for funds advanced.

4. That the administratrix distribute the balance of the estate then remaining to the heirs and in the proportions hereinabove named and fixed.

5. Upon completion of the foregoing, the administratrix file herein a supplemental report showing full compliance with this decree.

DONE IN OPEN COURT this ____ day of _____, 1949.

*[signature: Homer T. Findley]*

Presented by:

*[signature: Theodore R. Turner]*
Attorney for Administratrix

O.K. as to form:

PRESTON, THORGRIMSON & HOROWITZ
By *[signature]*
Attorneys for ____ States

WRIGHT & WRIGHT
By *[signature]*
Attorneys for Minnie Hughes and
Gertrude Gorman Hughes

*[signature]*
Attorney for Anna ____ Stangroom and
the heirs of Elizabeth Zengel, Deceased.

-8-

Hughes Ex. 1-8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR KING COUNTY

IN PROBATE

VOL 500 PAGE 408

In the Matter of the Estate of

MAUD PALMERS,

Deceased.

NO. 100214

DECREE OF DISTRIBUTION AND ORDER APPROVING FINAL ACCOUNT AND REPORT OF THE EXECUTRIX

THE ABOVE MATTER having come on regularly for hearing before this court on the final account and report of the executrix, Minnie Hughes, as well as upon her petition for distribution herein, and it appearing by due proof having been made to the satisfaction of the court that due notice of the time and place appointed by this court for the hearing of said matter has been duly given by posting notices thereof in three of the most public places in King County and by the publishing of the same in a newspaper of general circulation therein, and that due proof of said posting and of said publication are herein on file, which notice sets forth the name of this estate and all other requisites therein to be contained, as well as the time and place appointed for the settlement of said account, to-wit: The 12th day of August, 1949, in the Court House in Seattle, King County, Washington; and

It further appearing that said estate is ready for distribution and that this court has duly made and entered an order herein that all persons interested in this estate shall appear in said court at said time and place and show cause, if any they have, why distribution of said estate should not be made; and

It further appearing that Minnie Hughes, the executrix, has duly furnished the clerk of this court with a list of the heirs of said decedent agreeable with the provisions of the statutes in such cases provided; and

It further appearing that the executrix has accounted in full for all of the assets of the estate coming into her hands and under her control and has made no profit thereon; and

It further appearing that this estate is not subject to inheritance tax;

1.

Hughes Ex. 2-1

VOL. 509 PAGE 409

It further appearing that all proceedings herein are regular and the final account of said executrix is ready for settlement and the estate is ready for distribution; and

It further appearing that the executrix received in cash the sum of $300.00 and disbursed the sum of $339.00, having paid the deficit from her own funds; and

It further appearing that under the Last Will and Testament of the decedent she left the whole of the estate to Minnie Hughes, executrix; that the only item remaining in the estate is U. S. Savings Bond, Series E, No. 1473790305, which bond was originally issued to Mr. Alfred William Palmberg, payable on death to Miss Maud May Palmberg, who is one and the same person as Maud Palmberg, decedent herein. That the said Alfred William Palmberg died on July 22, 1943, so that this bond then became the property of Maud Palmberg, the decedent herein, and should be distributed to Minnie Hughes, under the Will. Now, therefore, on motion of Elias A. Wright, one of the attorneys of record of said executrix,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there are no unpaid creditors or persons pretending to be creditors of the above named decedent or of her estate; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this estate is not subject to inheritance tax; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all the rest and residue of the estate, consisting of United States Savings Bond, Series E, No. 1473790305, of the face value of $50.00, as well as and together with any estate that may hereafter be discovered, shall be and hereby is awarded to MINNIE HUGHES, as her sole and separate property.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon the filing of this decree the said Minnie Hughes, executrix, be and she hereby is discharged from further duty, responsibility or liability in the premises and the administration of this estate be and it hereby is brought to a close.

DONE IN OPEN COURT this 12th day of August, 1949.

_____
JUDGE.

Presented by:

WRIGHT & WRIGHT
_____

Hughes Ex. 2-2

## LAST WILL AND TESTAMENT
## of
## MINNIE HUGHES

IN THE NAME OF GOD, AMEN:

I, MINNIE HUGHES, of King County, Washington, being of sound and disposing mind and memory, and not acting under duress, menace, fraud or any undue influence of any person whomsoever, do make, publish and declare this my Last Will and Testament, in manner following, that is to say:

FIRST: I direct that my executor hereinafter named pay out of my estate as soon as may be after my decease all of my ~~just~~ debts, funeral and testamentary expenses.

SECOND: I hereby recite and declare that I am a spinster; that I have no children.

THIRD: Having the above and foregoing in mind, I hereby give, devise and bequeath the whole of my estate to my brother, WILLIAM F. HUGHES, of Redmond, Washington, including all lands, tenements and hereditaments, as well as estates in expectancy and remainder, in fact all of my estate and property, as his sole and separate property.

FOURTH: I hereby nominate and appoint my brother, WILLIAM F. HUGHES, as sole executor of this my Last Will and Testament, he to serve without bond and upon the admission of this will to probate he to handle and manage my estate without the intervention of the Probate Court, hereby giving and granting unto him all

Hughes Ex. 3-1

the powers that I would possess were I living.

FIFTH:    I hereby revoke all previous wills and codicils by me made.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 20 day of July, 1948.

*Minnie Hughes* (SEAL)

THE FOREGOING INSTRUMENT, consising of two (2) pages, including this, was at the date hereof by MINNIE HUGHES signed, sealed and published as and declared by her to be her LAST WILL AND TESTAMENT, in the presence of us who, at her request and in her presence and in the presence of each other, have subscribed our names as witnesses hereto.

_____
Reisiding at Seattle, Washington

_____
Residing at Seattle, Washington

LAST WILL AND TESTAMENT

of

GERTRUDE GORMAN HUGHES

I, GERTRUDE GORMAN HUGHES, a resident of King County, State of Washington, being of sound and disposing mind and memory and not acting under duress, menace, fraud, or any undue influence of any person whomsoever, do make, publish and declare this my Last Will and Testament, in manner following:

FIRST   I direct that my executor hereinafter named pay out of my estate as soon as may be after my decease all of my just debts, funeral and testamentary expenses.

SECOND   I hereby recite and declare that I am a widow; that I have two children, namely: MINNIE HUGHES and WILLIAM F. HUGHES, both residents of Redmond, Washington; that I have no other children and no children who have become deceased leaving children surviving them.

THIRD   Having the above and foregoing in mind, I hereby give, devise and bequeath the whole of my estate, real, personal and mixed, of every kind and nature, wheresoever situated or located, both of lands, tenements and hereditaments, as well as estates in expectancy and remainder, to my two children above named, share and share alike.

FOURTH   I hereby nominate and appoint my son, WILLIAM F. HUGHES, as sole executor of this my Last Will and Testament, he to serve without bond, and, after the admission of this will to probate, he to handle and manage my estate without the intervention of any court, hereby giving and granting unto him all the powers that I would possess were I living.

FIFTH   In case of the death of my daughter, Minnie Hughes, before me, or should we perish as the result of a common disaster, then in that event I hereby give, devise and bequeath the whole of my estate to my son, WILLIAM F. HUGHES, as his sole and separate property.

*Gertrude Gorman Hughes*

Hughes Ex. 4-1

SIXTH    In case of the death of my son, William F. Hughes, before me, or should we perish as the result of a common disaster, then in that event I hereby give, devise and bequeath the one-half of the estate which I have bequeathed to him, to his wife, BETTY M. HUGHES, should she be his wife at the time of my death, as her sole and separate property. Should she be deceased or not be his wife at the time of his or my death, then I give, devise and bequeath the one-half which I have heretofore bequeathed to my son, to the children of the body of my son, William F. Hughes.

SEVENTH    Further in case of the death of my son before me, or should we perish as the result of a common disaster, then I hereby nominate and appoint alternately my daughter-in-law, BETTY M. HUGHES, as executrix of this my Last Will and Testament.

EIGHTH    I hereby revoke all previous wills and codicils by me made.

IN WITNESS WHEREOF I have hereunto set my hand and seal this 26th day of September, A. D. 1949.

*Gertrude Gorman Hughes* (SEAL)

THE FOREGOING INSTRUMENT, consisting of two (2) pages, including this, was at the date hereof by GERTRUDE GORMAN HUGHES signed, sealed and published as and declared by her to be her Last Will and Testament, in the presence of us, who, at her request and in her presence and in the presence of each other, have subscribed our names as witnesses thereto.

*[signature]*
Residing at Seattle, Washington

*Arthur T. Wendells*
Residing at Seattle, Washington

*Mabelle Kelly*
Residing at Seattle, Washington