IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WARREN BERES, *et al.*,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Nos. 03-785L, 04-1456L, 04-1457L,
04-1458L, 04-1459L, 04-1463L, 04-1465L,
04-1466L, 04-1467L, 04-1468L, 04-1469,
04-1471L, 04-1472L, 04-1473L, 04-1474L

Judge Marian Blank Horn

## DEFENDANT UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STRIKE ATTORNEY DECLARATIONS

# TABLE OF CONTENTS

I.     Plaintiffs' Declarations Are Inadmissible And Should Be Stricken By The Court ............ 2

    A.     The Declarations Offer Improper and Inadmissible Legal Opinions ...................... 2

    B.     The three attorney declarations are unhelpful and do not assist the Court in resolving the pending motions for partial summary judgment ............................. 5

    C.     The cases Plaintiffs' cite do not support their argument that the attorney declarations are admissible ................................................................................... 6

II.     The Attorney Declarations Do Not Meet the Requirements of Rule 26 ........................... 8

III.     The Three Attorney Declarants are Not Qualified Expert Witnesses .............................. 10

IV.     All Three Attorney Declarations are Inadmissible .......................................................... 14

V.     Conclusion ...................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Authentic Apparel Grp. LLC v. United States*,
134 Fed. Cl. 78 (2017) ........................................................................................................ 13

*Banks v. United States*,
75 Fed. Cl. 294 (2007) ........................................................................................................ 14

*Cohen v. United States*,
100 Fed. Cl. 461 (2011) ...................................................................................................... 14

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) ............................................................................................................ 12

*Dixon v. Certainteed Corp.*,
168 F.R.D. 51 (D. Kan. 1996) ........................................................................................ 9, 10

*GASA, Inc. v. United States*,
88 Fed. Cl. 752 (2009) .......................................................................................................... 9

*Gulf Grp. Gen. Enters. Co. W.L.L v. United States*,
98 Fed. Cl. 639 (2011) .......................................................................................................... 5

*Katzin v. United States (Katzin I)*,
120 Fed. Cl. 199 (2015) ........................................................................................................ 7

*Katzin v. United States (Katzin II)*,
124 Fed. Cl. 122 (2015) ........................................................................................................ 7

*Katzin v. United States (Katzin III)*,
127 Fed. Cl. 440 (2016) ........................................................................................................ 7

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999) ............................................................................................................ 12

*Murfam Farms, LLC v. United States*,
No. 06-245, 06-246, 06-247, 2008 WL 4725468 (Fed. Cl. Sept. 19, 2008) ..................... 6, 11

*Nat'l Assistance Bureau, Inc. v. Macon Mem'l Intermediate Care Home, Inc.*,
714 F. Supp. 2d 1192 (M.D. Ga. 2009) ................................................................................ 8

*Pauls v. Green*,
816 F. Supp. 2d 961 (D. Idaho 2011) ................................................................................... 5

*Roeder Co. v. Burlington N., Inc.*,
716 P.2d 855 (Wash. 1986) ................................................................................................... 6

*Stobie Creek Invs., LLC v. United States*,
81 Fed. Cl. 360 (2008) ..................................................................................................... 3, 11

*Sys. Fuels v. United States*,
    117 Fed. Cl. 362 (2014) ............................................................................ 9

*Thomas v. United States*,
    106 Fed. Cl. 467 (2012) .......................................................................... 11

*United States v. Jayyousi*,
    657 F.3d 1085 (11th Cir. 2011) .............................................................. 13

**Rules**

Fed. R. Evid. 602 ............................................................................................ 10

Fed. R. Evid. 701 ............................................................................................ 13

Fed. R. Evid. 701(c) ....................................................................................... 13

Fed. R. Evid. 702 .................................................................... 2, 6, 10, 13, 14

Fed. R. Evid. 703 ............................................................................................ 10

RCFC 26 ..................................................................................................... 1, 14

RCFC 26(a) ...................................................................................................... 14

RCFC 26(a)(2) ............................................................................................... 2, 9

RCFC 26(a)(2)(B) .......................................................................................... 2, 8

RCFC 26(a)(2)(B)(ii) ...................................................................................... 10

RCFC 26(a)(2)(B)(vi) ..................................................................................... 10

RCFC 37(a)(1) ................................................................................................. 14

RCFC 37(c)(1) ................................................................................................. 14

RCFC 56(c)(4) ............................................................................ 11, 12, 13, 14

Pursuant to the Court's Order of April 23, 2018, ECF No. 257, Defendant United States submits this reply to Plaintiffs' Response to Defendant's Motion to Strike Attorney Declarations and References to such portions in Plaintiffs' Opposition to Defendant's Motion for Partial Summary Judgment, ECF No. 264 ("Pls.' Resp.") and in support of its Motion to Strike, ECF No. 252.

The United States moved to strike three attorney declarations filed by Plaintiffs to support their partial summary judgment arguments on threshold title issues because the declarations of Charles Klinge, ECF No. 244-3 ("Klinge Decl."), Ex. 3-1; Jerry Broadus, ECF No. 244-10 ("Broadus Decl."), Ex. 4-1 and Vicki E. Orrico, ECF No. 244-20 ("Orrico Decl.), Ex. 13-1, offer legal opinions and do not meet the requirements of Rules 26(a)(2), 26(a)(2)(B) and 56(c)(4) of the Rules of the United States Court of Federal Claims ("RCFC") or Federal Rule of Evidence ("FRE") 702. The United States observed in its motion that Plaintiffs have attached three declarations that improperly opine on irrelevant facts and the ultimate question of law facing the Court: whether, under Washington law, Plaintiffs own a proprietary interest in the right-of-way at issue. Def.'s Mot. to Strike 1. In response, Plaintiffs first contend that none of the declarants provide opinion on the "ultimate issue" in the case and that since the declarations are supposedly admissible the Court can determine what weigh to afford them. Pls.' Resp. 1-15. Second, Plaintiffs contend that they have not violated RCFC 26 because no trial has been scheduled in this action. *Id*. 15-18. Third, Plaintiffs contend that all three attorneys are qualified expert witnesses who can properly provide opinions about the interpretation of deeds and other title documents at issue. *Id*. at 18-22. Lastly, Plaintiffs contend that striking the attorney declarations is not the appropriate remedy, in part because the United States could have deposed or served supplemental discovery. *Id.* at 23-24. However, as set forth below and in our motion

1

to strike, these declarations are irrelevant, are not based on personal knowledge, and opine on purely legal issues.

Plaintiffs fail to establish in their response that the proffered attorney declarations meet the requirements of RCFC 26(a)(2), 26(a)(2)(B), 56(c)(4) and FRE 702. None of the three attorney declarants were disclosed as expert witnesses to the United States. In fact, the first time the United States became aware that Plaintiffs had retained experts to review their deed and other title documents was when Plaintiffs' filed their Opposition to Defendant's Cross Motion for Partial Summary Judgment. ECF Nos. 244, 244-3, 244-10, 244-20. In addition to the belated disclosures of these putative experts, Plaintiffs failed to provide the associated expert witness reports required by RCFC 26(a)(2)(B). The three attorney declarants are not qualified to give expert testimony on deed and title issues and their testimony is not based on personal knowledge. Therefore, these declarations are inadmissible and the Court should strike them or disregard them in their entirety.

## I.     Plaintiffs' Declarations Are Inadmissible And Should Be Stricken By The Court

### A.     The Declarations Offer Improper and Inadmissible Legal Opinions

Plaintiffs contend that the three attorney declarations do not contain legal opinions. Pls.' Resp. 2-3. An examination of the declarations reveals otherwise.

Mr. Klinge describes his expertise to include "extensive experience with title matters in the State of Washington and appeared as an expert witness on title issues in the State of Washington [Superior Court for] Snohomish County." Klinge Decl. ¶ 1. He further states that he retained Fidelity National Title Insurance Company to produce chains of title for the Spencer, Rossi and Brockway properties. *Id.* ¶ 4-5. According to Mr. Klinge, "[a]dditional research was done regarding certain probate records described herein," but Mr. Klinge fails to provide the

source of these records or inform the United States and the Court whether these documents are attached as exhibits to his declaration. *Id.* ¶ 5. Mr. Klinge then offers his opinion about whether the Plaintiffs and their predecessors own the fee interest in the land within the railroad corridor or right-of-way. *Id.* ¶¶ 14, 17, 21. Whether these particular Plaintiffs have obtained a fee interest in portions of the right-of-way through conveyances from their predecessors in interest is the legal question currently before the Court. Mr. Klinge has thus rendered his opinion on purely legal issues that are for this Court to decide. *Stobie Creek Invs., LLC v. United States*, 81 Fed. Cl. 360-61 (2008) (excluding opinion that concerned interpretation of law as unhelpful). Plaintiffs would have their retained "expert" supplant the Court from its role in deciding legal issues. But this is inappropriate and peppering the Court with attorney declarations – something that could, if allowed, be done by both sides – is unhelpful. That standing alone is enough for exclusion. *Id. at* 360. The opinion of a real estate attorney on the supposed legal effect of unrecorded plats, deeds and other title documents is inappropriate for the Court to consider. The proper focus should be on Washington law, which is set forth in the various judicial decisions the United States has cited in its motion for partial summary judgment.

Plaintiffs attempt to make something of the fact that the United States did not list each and every legal conclusion contained in the Klinge, Broadus and Orrico declarations. Pls.' Resp. 1, 6-9. Together, the declarations comprise sixty-eight pages of irrelevant and unhelpful supposition about the purported intentions of the Plaintiffs' predecessors in interest. Mr. Klinge makes the same inappropriate conclusions of law that the Matrinez, Schroeder, Nelson, and Hughes Plaintiffs own a portion of the right-of-way, disregarding the existence of metes and bounds descriptions and conveyances to second-class shorelands in their various deeds. Klinge Decl. ¶¶ 35, 47, 67.

Land surveyor and retired attorney Mr. Broadus' declaration is based on his review of the statutory deeds for the properties owned by the Spencer, Brockway and Rossi Plaintiffs. Broadus Decl. ¶¶ 4-5. Mr. Broadus' declaration offers his opinion on how "modern practice" or the "modern surveyor" addresses the "difficulties of tracing metes and bounds descriptions said to begin where government lot boundaries intersect other lines, such as right of way lines." *Id.* ¶¶ 7-9. Mr. Broadus' opinions about modern standards of practice might be useful if the Court were simply being called upon to interpret modern deed descriptions. However, Mr. Broadus' declaration does not address historical standards or practices dating back to the Connell deed from the 1920s, and he is not qualified to do so.

In addition, Broadus' declaration does more than provide an opinion on how modern surveyor practice should interpret metes and bounds descriptions. He provides his opinion and legal analysis that the metes and bounds portions of the descriptions in the Spencer, Brockway and Rossi deeds "do not precisely or carefully define the parcels as either including or excluding the adjoining fee portion of the abutting railroad right of way." *Id.* ¶ 13. Even if current standards of practice were admissible to assist the Court in its interpretation of modern deeds, Broadus' opinion about the deeds themselves would not be admissible for purposes of Rule 56. Similarly, the declaration of Ms. Orrico offers the same legal conclusion as the Klinge Declaration about what the Earley deed purportedly conveyed to the Freedman, Barrett and Collin Plaintiffs. Orrico Decl. ¶ 14; Klinge Decl. ¶¶ 61-62. The question of the legal effect of the Earley deed's conveyance and the outcome of the 1945 Partition proceeding is a question for this Court to determine and should not be subject to expert witness speculation. Def.'s' Reply in Supp. of Mot. for Part. Summ. J. 16, ECF No. 253.

**B.  The three attorney declarations are unhelpful and do not assist the Court in resolving the pending motions for partial summary judgment.**

Putting aside opinions in the declarations on the "ultimate issue," other opinions that they contain are not helpful to the Court.  This Court recently decided that declarations and affidavits similar to those of Mr. Klinge, Mr. Broadus and Ms. Orrico – declarations which were also submitted in rails-to-trails litigation – were not helpful to its evaluation of the evidence and struck them from the summary judgment record.  *See* Orders in *Andrew S. Lucier v. United States*, No. 16-865L, ECF Nos. 49 & 51 (Fed. Cl. May 18, 2018), *Thomas E. Beattie v. United States*, 16-893L, ECF Nos. 38 & 39 (Fed. Cl. May 18, 2018) (striking Plaintiffs' attorney and title expert affidavits because they "do not contain information which assists the court with evaluating the evidence before the court . . .").  As explained in *Gulf Group General Enterprises Co. W.L.L v. United States*, expert testimony addressing an ultimate issue to be decided by the trier of fact is not outright prohibited under the Federal Rules of Evidence, but such opinions must be helpful to the trier of fact.  98 Fed. Cl. 639, 642 (2011) (citing Notes to Fed. R. Evid. 704).  Applying this standard, the court concluded that "expert testimony that constitutes legal analysis or application of the law would not assist the court—the trier of fact—in understanding the evidence or determining a fact in issue."  *Id.; see also Pauls v. Green*, 816 F. Supp. 2d 961, 979 (D. Idaho 2011) (even though expert testimony may embrace an ultimate issue to be decided by the trier of fact, "an expert witness cannot give an opinion as to her *legal conclusion, i.e.,* an opinion on an ultimate issue of law." (internal quotation marks and citation omitted)).

The testimony provided by these declarants is not just "dry recitations of the wording in deeds to assist with the distillation of scores of historical documents reaching back to the late 1800's, as well as statements and opinions concerning the facts in these documents or standard practices of property professionals in Washington, offered to assist the Court with understanding

the evidence or determining a fact in issue." Pls.' Resp. 4. Instead, a close examination reveals that the declarations contain rife speculation about the actions of the Plaintiffs' predecessors in interests. For example, the declarants speculate as to why Plaintiffs' predecessors added metes and bounds descriptions to plats or failed to record plats. Broadus Decl. ¶ 15; Klinge Decl. ¶ 10. In the absence of specific factual support, they offer opinion on what is claimed to be "common knowledge." Broadus Decl. ¶ 15. Plaintiffs proffer these declarations in an attempt to get this Court to disregard established Washington law, interpreted and applied in Washington courts, on the legal effect of a metes and bounds description. *Roeder Co. v. Burlington N., Inc.,* 716 P.2d 855, 858-61 (Wash. 1986) (en banc). Plaintiffs also fail to show that their declarations are properly used to determine the legal ownership of the right-of-way when no ambiguities exist as to the language in any of the title documents in Plaintiffs' chains of title or in the related plats. *See* Fed. R. Evid. 702; Def.'s Cross-Mot. for Summ. J. 17-18, ECF No. 235, Pls.' Resp. 9, 14. Although Plaintiffs state numerous times that this Court should admit the testimony of Mr. Klinge, Mr. Broadus, and Ms. Orrico and address any deficiencies in the declarations by affording their testimony limited weight, this conflicts with the Court's gatekeeping function to "ensure that they [the expert reports] will help the trier of fact, and that they are both reliable and relevant." Pls.' Resp. at 20; *see Murfam Farms, LLC v. United States*, No. 06-245, 06-246, 06-247, 2008 WL 4725468, at *3 (Fed. Cl. Sept. 19, 2008). Even if expert testimony were properly entertained, these declarations are not.

### C. The cases Plaintiffs' cite do not support their argument that the attorney declarations are admissible.

The cases relied on by Plaintiffs in their response brief are inapposite and do not support an argument that their declarations are admissible. Plaintiffs contend that the testimony of declarants Klinge, Broadus and Orrico is essentially the same as that of the title expert in *Katzin*.

Pls.' Resp. 2-5; *Katzin v. United States (Katzin I),* 120 Fed. Cl. 199 (2015). *Katzin* is not binding

and is, in any event, distinguishable. In opposing the government's motion for summary

judgment on the ownership dispute, the *Katzin* plaintiffs submitted a declaration from a land title

expert. Although the expert's declaration included some legal opinions, *Katzin I*, 120 Fed. Cl. at

212 n.16, the court allowed the declaration to remain in the record and concluded, based on all

the evidence before it, "that genuine issues of material fact exist as to ownership." *Id.* at 217.

*See also Katzin v. United States (Katzin III)*, 127 Fed. Cl. 440, 445 (2016) ("This case raises

factual questions of property ownership that turn "'in large part on events and handwritten

records spanning the 19th and 20th centuries,' beginning when Culebra was a possession of the

Kingdom of Spain." (quoting *Katzin I*, 120 Fed. Cl. at 201)), *appeal dismissed*, Nos. 2016-2636,

2016-2719, 2018 WL 1583224 (Fed. Cir. Feb. 7, 2018). As an example of one of the many

factual complications faced by the court in *Katzin I*, some of the chains of title were in Spanish.

*Katzin I,* 120 Fed. Cl. 211-212. In contrast, there are no such complications present here.

      Significantly, the *Katzin* plaintiffs used their expert declaration only to establish a

genuine issue of material fact to avoid summary judgment and allow their claims to proceed to

trial. *Katzin I,* 120 Fed. Cl. at 217. The claims subsequently proceeded to trial, where the expert

declarant was permitted to testify as an expert, and was subject to cross-examination, prior to the

court's ruling on the merits. *See Katzin v. United States (Katzin II)*, 124 Fed. Cl. 122, 125 (2015)

(pre-trial ruling permitting proffered expert to testify at trial). The *Katzin* court's post-trial

opinion includes detailed factual findings based on the court's review of the deeds in the chain-of

tittle for the property, subdivision plans, maps and government records. *Katzin III*, 127 Fed. Cl.

at 446-79. Notably, the court's reliance on the testimony of plaintiff's land title expert was

limited to the factual issues of the Puerto Rican Registry of Property procedures and

identification of relevant entries in that registry. *Id.* at 449 & n.5. Accordingly, the decisions in *Katzin* do not support Plaintiffs' contention that the legal opinions of their expert witnesses regarding the interpretation of certain deeds are properly presented at summary judgment.

Plaintiffs also cite to *National Assistance Bureau*, *Inc. v. Macon Memorial Intermediate Care Home, Inc.,* 714 F. Supp. 2d 1192, 1202 (M.D. Ga. 2009). There, the question presented at summary judgment was whether certain warranty deeds were subject to reformation to reflect the plain intent of the parties. *Id.* at 1195. The parties agreed that the relevant facts were undisputed. *Id.* Although the government moved to strike the testimony of an expert title examiner, it conceded that the title opinions presented by the expert were correct. *Id.* at 1202 ("The conclusions [the title examiner] reaches are not in dispute in this case. . . ."); *id.* ("[T]he Government concedes that [the title examiner's opinion] is correct."). The court denied the motion to strike, but also stated that it did not rely on the expert's testimony in determining that the deeds in question were subject to reformation. *Id.* at 1203. That ruling also does not support Plaintiffs' attempt to file attorney declarations on disputed title issues.

## II.     The Attorney Declarations Do Not Meet the Requirements of Rule 26.

This Court should also strike the Klinge, Broadus and Orrico Declarations because Plaintiffs failed to disclose the declarants, provide the substantive information required in an expert report, including a complete statement of documents and information relied on, to support the expert opinions contained in the Declarations.

RCFC 26(a)(2)(B) requires any expert disclosure to be "accompanied by a written report" containing "a complete statement of all the opinions," "the facts or data considered," "any exhibits that will be used," "the witness's qualifications," and "a list of all other cases in which, during the previous 4 years, the witness testified as an expert[.]" RCFC 26(a)(2)(B). These

disclosures are essential to allow the Court and the United States to adequately evaluate the opinions being disclosed, which is integral to the adversary process. *See GASA, Inc. v. United States*, 88 Fed. Cl. 752, 755 (2009) (unpublished) (stating that "parties utilizing expert testimony are required to submit a written report from the expert during discovery . . . ."). Plaintiffs did not comply with these requirements.

Plaintiffs state without any legal support, that the United State must explain how "RCFC 26(2) is implicated since no trial is currently scheduled and no deadline has passed to trigger the requirements under RCFC 26(a)(2)." Pls.' Resp. 15. While there appears to be no law directly on point, as Plaintiffs acknowledge, their argument that disclosure of their experts or expert witness reports is premature undermines the spirit of the discovery rules and would prejudice the United States. The bedrock principle of many rules of the Court of Federal Claims, is the idea that all parties have an adequate opportunity to gather evidence to support their defense and avoid last minute surprise. *See Sys. Fuels v. United States*, 117 Fed. Cl. 362, 364 (2014) ("Rule [26(a)(2)(D)] serves primarily to require disclosure of expert testimony early enough before trial to allow parties and counsel adequate time to prepare cross-examination, confer with their own experts, and file any supplementations.") (citing *Dixon v. Certainteed Corp.*, 168 F.R.D. 51, 54 (D. Kan. 1996))).

Placing the belated disclosure aside, Plaintiffs have not acknowledged that the Klinge and Orrico declarations are unaccompanied by a list of qualifications or list of cases within the previous 4 years in which the witnesses have testified as experts. RCFC 26(a)(2)(B)(iv)-(v). While Broadus' declaration is accompanied by a curriculum vitae, it also lacks a list of the previous cases where he testified as an expert. And all three declarations are devoid of a statement of the compensation, if any, these witnesses received in exchange for review of the

title documents and testimony in this case.  RCFC 26(a)(2)(B)(vi).  This information is necessary to effectively cross-examination or depose the declarants.  Pls.' Resp. 17.

Additionally, the Klinge and Broadus declarations are devoid of a statement that contains all the facts and data considered by each witness, as required by RCFC 26(a)(2)(B)(ii).  As Plaintiffs point out, the United States acknowledges that Plaintiffs have attached the title and deed records that they rely upon to their declarations.  Pls.' Resp. 16; Stephens Decl. ¶ 4 (Ex. 1), ECF. No. 264-1.  However, as articulated in the United States' Motion to Strike, both the Broadus and Kling declarations rely upon the work of others.  Def.'s Mot. to Strike 8.  In response, Plaintiffs argue that Klinge's reliance on the work of others is permitted under FRE 703.  This response misses the point.  The problem is that it is unclear what portions of "Mr. Graddon's work" Klinge relies upon in his own declaration.  Klinge Decl. ¶¶ 12-13.  Klinge also states that he conducted additional research regarding "certain probate records," but no additional information is provided on what this research is or the facts and data that underlie it.  *Id.*  Similarly, it is unclear what documentation was given to Mr. Broadus by Mr. Stephens in relation to the 1945 partition action.  Broadus Decl. ¶ 17.  Put simply, Plaintiffs declarations fail to include much of the information that is required by Rule 26.  Consequently, for this additional reason, they should be disregarded.

## III.  The Three Attorney Declarants are Not Qualified Expert Witnesses

Klinge, Broadus and Orrico are neither offered nor competent to testify as fact witnesses.  *E.g.,* FRE 602.  The Klinge, Broadus and Orrico declarations are admissible, if at all, as expert opinion, meaning they must meet the requirements set out in FRE 702.  When a court considers the admission of expert testimony, it must first determine to what extent the expert's specialized knowledge "'will assist the trier of fact' in 'understand[ing] the evidence' or 'determin[ing] a

fact in issue.'" *Stobie Creek Invs.,* 81 Fed. Cl. at 360 (citing Fed. R. Evid. 702). None of the three attorney declarants have established that they have the specialized knowledge necessary to opine on issues of title in this case, beyond their job titles. In addition, some of the review of the deed, title and other records cited in their declarations were not personally conducted by the declarants. The declarants also lack personal knowledge of the intent of Plaintiffs' predecessors in interest. As a result, they fail to meet the requirements of RCFC 56(c)(4), which requires that expert witness declarants provide testimony based on personal knowledge. The Court should determine whether the three attorney declarations are admissible before considering them in resolving the pending motions for partial summary judgment. *See Thomas v. United States*, 106 Fed. Cl. 467, 476 n.4 (2012).

Mr. Klinge, Mr. Broadus, and Ms. Orrico assert that their prior experience with the interpretation of deeds and other title documents renders them proper expert witnesses in this case. Pls.' Resp. 18-21. However, without a statement of qualifications under Rule 26 for Mr. Klinge and Ms. Orrico, the United States is left guessing as to whether they have the requisite skills and experience to qualify as expert witnesses. Furthermore, Plaintiffs fail to articulate how their job descriptions as real property lawyers and surveyors affords them the ability to serve as expert witnesses in this case. Additionally, although the law firm of Stephens & Klinge LLP is completing its representation on a fee-for-service basis, and may not have a direct pecuniary interest in the outcome of the case, this does not address the fact that Mr. Klinge may have a potential bias in an outcome that is favorable to the clients his firm represents. Def.'s Mot. to Strike 11. Furthermore, a lack of pecuniary interest is not a reason to admit Mr. Klinge's testimony since it is unhelpful to this Court's examination of the legal issues and is unreliable. *See Murfam Farms*, 2008 WL 4725468, at *3, *see infra Section I.A.*

Also Plaintiffs' incomplete disclosure under Rule 26 does not provide the Court with an opportunity to weigh the *Daubert* factors to assess Mr. Klinge, Mr. Broadus or Ms. Orrico's reliability. *See Daubert v.Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). The Supreme Court stated in *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 149 (1999), that the principles espoused in *Daubert* apply to all expert testimony. Contrary to Plaintiffs' suggestion, *Daubert* applies regardless of whether these expert declarants are "offering the type of testimony that relies on scientific methodology. . . ." *Kumho Tire Co.,* 526 U.S. at 149; Pls.' Resp. 17. The Court should strike all three attorney declarations for failure to provide the required information.

The Court should also strike all three attorney declarations because they fail to meet the requirements of RCFC 56(c)(4), which requires that a "declaration used to . . .oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." RCFC 56(c)(4). By Plaintiffs' own admission, Mr. Klinge lacks personal knowledge of the "transactions that occurred a century ago." Pls.' Resp. 21- 22. Nevertheless, two of the declarants provide testimony that Plaintiffs claim is helpful to determine the intent of grantors who are no longer living and about whom the declarants know nothing. Klinge Decl. ¶¶ 12-15; Broadus Decl. ¶ 12. None of these experts have any personal knowledge of these grantors' intent. Additionally, it is unclear whether Mr. Klinge in fact reviewed the same documentation that forms the basis for Mr. Graddon's conclusions. Pls.' Resp. 21-22; Klinge Decl. ¶ 22. Similarly, it is unclear whether Ms. Orrico has any knowledge of or even reviewed the documentation Mr. Klinge relied upon to formulate his conclusions about the 1945 Partition proceeding. Orrico Decl. ¶ 4. Even more troubling is Plaintiffs' argument that Mr. Broadus is qualified due to his decades of surveyor

experience, yet he did not personally examine or survey any of the parcels at issue in the plats he examined, instead he relied upon "record research of recorded surveys." Broadus Decl. ¶ 9.

Plaintiffs, in the alternative, ask this Court to admit the testimony of Mr. Klinge, Mr. Broadus and Ms. Orrico as lay witnesses testimony in the event they do not meet the requirements of Rule 56(c)(4). First, this Court should reject this offer outright because lay opinion testimony under FRE 701 is permitted where "it describes something a trier of fact could not otherwise experience by 'drawing upon the witness's sensory and experiential observations that were made as a first-hand witness to a particular event.'" *Authentic Apparel Grp. LLC v. United States*, 134 Fed. Cl. 78, 81 (Fed. Cl. 2017) (citing *United States v. Jayyousi*, 657 F.3d 1085, 1120 (11th Cir. 2011)). That would be inappropriate here since neither Mr. Klinge, Mr. Broadus nor Ms. Orrico possess first-hand knowledge of the intent of any of Plaintiffs' predecessors in interest. Second, lay opinion testimony is limited to testimony that is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). The Advisory Committee Notes indicate that "the addition of section (c) [to Rule 701] is intended to 'eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing' thereby avoiding the requirement of disclosing expert witnesses." *Authentic Apparel Grp.,* 134 Fed. Cl. at 82 (citing 2000 Advisory Committee Notes). Yet that is exactly what Plaintiffs are attempting to do here. This Court should strike all three attorney declarations and disregard them in determining the pending motions for partial summary judgment because they fail to comply with FRE 702 and RCFC 56(c)(4).

**IV.** **All Three Attorney Declarations are Inadmissible**

The United States will be prejudiced if these declarations are considered as evidence. Because Plaintiffs failed to comply with RCFC 26, FRE 702 and RCFC 56(c)(4) the Court should strike the declarations in their entirety under RCFC 37(c)(1) which provides that "[i]f a party fails to provide information . . . as required by RCFC 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion." *See Banks v. United States*, 75 Fed. Cl. 294, 298 (2007). Plaintiffs argue that the United States was required to confer with Plaintiffs about the belated disclosure and attach a certificate detailing such efforts to before filing a motion to strike. Pls.' Resp. 23; RCFC 37(a)(1). However, the plain language of Rule 37(a)(1) states otherwise:

> A party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

The United States is not compelling disclosure or discovery here, as the proverbial cat has already been let out of the bag. Rule 37(a)(1) does not apply to the United States' request that the Court strike the three attorney declarations before it. RCFC 37(c)(1) remains the appropriate remedy for Plaintiffs failure to make the required disclosures under Rule 26(a)(2)(B). Plaintiffs have not established that their failure to disclose these expert witnesses is substantially justified or harmless. *Cohen v. United States*, 100 Fed. Cl. 461, 469 (2011). Accordingly, the appropriate remedy is to strike all three declarations.

Lastly, Plaintiffs contend that the United States has been "dilatory" in procuring its own experts to refute the conclusions of Plaintiffs' three attorney declarants. Pls.' Resp. 24-25. And that granting the United States' request for additional time to conduct discovery related to remaining facts in dispute will result in additional delay. *Id.* Any delay that may be created by

allowing the United States a full and fair opportunity to refute any conclusions proffered by Plaintiffs' declarants would be attributable to Plaintiffs' unwillingness to follow this Court's instruction to brief only the threshold legal issues at summary judgment.  Declaration of Rachel Roberts ("Roberts Decl.") ¶ 10; *see also* Order 2, *1100 w. Ewing Assoc., LLC v. United States*, No. 16-314L, ECF No. 47 (Fed. Cl. May 11, 2018) (granting Government's motions to strike and deferring resolution and ruling on any ownership issues outside of the Court's instruction to brief the "threshold question of whether the railroad acquired fee simple title or an easement to the pertinent segments of the railroad right-of-way").  Based on the parties' telephonic status conference with the Court in September 2017, the United States deferred further discovery based on this instruction.  Roberts Decl. ¶¶ 11-12.  In fact, it was the United States that approached Plaintiffs in July 2017 about establishing expert discovery schedules, and Plaintiffs indicated they were unsure of the "scope of their expert witness testimony."  Parties' July 31, 2017 Joint Status Report 13, ECF No. 224.  Plaintiffs' argument that the United States "has not timely taken the steps it should have done" is inaccurate.  Pls.' Resp. 25.

In the event the Court does not strike Plaintiffs' three attorney declarations under Rule 37(c)(1) and concludes that the declarations create a genuine issue of material fact, the Court should provide the United States an opportunity to take expert witness discovery and procure its own expert witnesses.

## V.     CONCLUSION

For these reasons, the Court should strike the declarations of Plaintiffs' putative experts. Moreover, the Court should rule that Plaintiffs have produced no evidence that they own the right-of-way and no evidence to overcome the express metes and bounds and second-class shorelands descriptions in their chains of title.

If this Court entertains the untimely, unhelpful and inadmissible expert testimony of Plaintiffs' three attorney declarants, and concludes that a genuine issue of material fact prevents the entry of judgment for the United States, the Court should provide the United States an opportunity to take expert discovery and give the United States time to obtain its own expert witness.

DATED: June 1, 2018

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General

*/s/ Tanya Nesbitt*
Tanya Nesbitt
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
601 D Street N.W.
Washington, D.C.  20004
Tel.: (202) 305-0457
Fax: (202) 305-0506
E-mail: tanya.nesbitt2@usdoj.gov

*Attorney of Record for Defendant*