# EXHIBIT AAA
# (SEE FOLLOWING PAGE)

Ex. 3AAA-1



BB10119003

68-72

Copy 1 of 1 of SURVEYOR Document 27412 Filed 08/12/03 Page 2 of 41

Filed for Record at Request of

KING COUNTY
NO EXCISE TAX
SEP 22 1988
E1023102

88/09/22    #0934  B
RECD F    6.00
CASHSL    *****6.00
11

NAME  Meriwether Leachman Assoc., Inc.

ADDRESS  11800 N.E. 160th Street

CITY AND STATE  Bothell, WA  98011

# Quit Claim Deed

THE GRANTOR    William F. Hughes and Betty M. Hughes, husband and wife

for and in consideration of  Love and Affection

convey    and quit claim    to    William J. Hughes and Peggy Ann Hughes, husband and wife

the following described real estate, situated in the County of    King
State of Washington, including any after acquired title:

A portion of property described in Exhibit "A" attached in
accordance with lot line adjustment under King County
Building and Land File, No. 8805025,        per attached
Exhibit "A".

Dated this    1st    day of    August  1988

William F. Hughes    (SEAL)

Betty M. Hughes    (SEAL)

STATE OF WASHINGTON,    }
County of  King    } ss.

On this    1st    day of  August, 1988  , before me, the undersigned,
a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared
WILLIAM F. HUGHES AND BETTY M. HUGHES.
to me known to be the individuals described in and who executed the foregoing instrument, and acknowl-
edged to me that + hey signed and sealed this said instrument as their  free and voluntary act and
deed for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this        day of

Notary Public in and for the State of Washington,
residing at  Redmond.

Ex. 3BBB-1

8809220934

## EXHIBIT "A"

That portion of Government Lot 1, Section 20, Township 25 North, Range 6 East, W.M., in King County, Washington, more particularly described as follows:

Commencing at the Southeast corner of said Government Lot; thence North 00°13'45" West along the east line thereof, 606.50 feet; thence South 71°21'57" West, 455.46 feet to the POINT OF BEGINNING; thence South 49°12'24" East, 79.14 feet; thence South 59°25'48" West, 181.43 feet; thence North 44°21'30" West, 147.22 feet; thence North 45°38'30" East, 50.00 feet; thence North 65°52'03" East, 121.06 feet; thence South 49°12'24" East, 70.00 feet to the POINT OF BEGINNING.

SUBJECT TO a 30 foot wide easement over the northeasterly portion of the above-described parcel more particularly described as follows:

Beginning at the most northerly corner thereof; thence South 49°12'24" East, 149.14 feet; thence South 59°25'48" West, 31.66 feet; thence North 49°12'24" West, 153.06 feet; thence North 65°52'03" East, 33.12 feet to the POINT OF BEGINNING.

TOGETHER WITH an easement for ingress, egress and utilities described as follows:

That portion of Government Lot 1, Section 20, Township 25 North, Range 6 East, W.M., in King County, Washington, more particularly described as follows:

Commencing at the southeast corner of said Government Lot; thence South 89°43'00" West along the south line thereof, 688.63 feet to the northeasterly margin of the Issaquah-Redmond County Road; thence North 44°21'30" West along said road margin, 265.61 feet to the POINT OF BEGINNING; thence continuing North 44°21'30" West, 60.62 feet; thence North 45°38'30" East, 396.21 feet; thence North 65°52'03" East, 105.48 feet; thence South 49°12'24" East, 66.24 feet; thence South 65°52'03" West, 121.06 feet; thence South 45°38'30" West, 387.19 feet to the POINT OF BEGINNING.

File No. 1000-88(2)
        8/1/88

THIS SPACE RESERVED FOR RECORDER'S USE

KING COUNTY
NO EXCISE TAX

SEP 22 1988

E1023103

88/09/22    #0935    B
RECD F    6.00
CASHSL    ****6.00
11

Filed for Record at Request of

NAME Meriwether Leachman Assoc., Inc.

ADDRESS 11800 N.E. 160th Street

CITY AND STATE Bothell, WA 98011

8809220935

# Quit Claim Deed

THE GRANTOR     William F. Hughes and Betty M. Hughes,
husband and wife

for and in consideration of     Love and Affection

convey     and quit claim     to     William F. Hughes and Betty M. Hughes,
husband and wife

the following described real estate, situated in the County of
State of Washington, including any after acquired title:

A portion of property described in Exhibit "A" attached in
accordance with lot line adjustment under King County
Building and Land File No. 8805025     per attached
Exhibit "A".

Dated this     1st     day of     August 1988

William F. Hughes (SEAL)

Betty M. Hughes (SEAL)

STATE OF WASHINGTON,

County of KING

On this 1st day of AUGUST, 1988, before me, the undersigned,
a Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared
WILLIAM F. HUGHES AND BETTY M. HUGHES

to me known to be the individuals described in and who executed the foregoing instrument, and acknowl-
edged to me that they signed and sealed this said instrument as their free and voluntary act and
deed for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this     day of

Notary Public in and for the State of Washington,
residing at Redmond

8809220935

## EXHIBIT "A"

That portion of Government Lot 1, Section 20, Township 25 North, Range 6 East, W.M., in King County, Washington, more particularly described as follows:

Beginning at the Southeast corner of said Government Lot; thence South 89°43'00" West along the south line thereof, 382.91 feet; thence North 44°21'30" West, 247.46 feet; thence South 45°38'30" West, 219.64 feet to the northeasterly margin of the Issaquah-Redmond County Road; thence North 44°21'30" West along said road margin 83.59 feet; thence North 45°38'30" East, 337.19 feet' thence North 59°25'48" East, 181.43 feet; thence North 49°12'24" West, 79.14 feet; thence North 71°21'57" East, 455.46 feet to the east line of said Government Lot; thence South 00°13'45" East along said east line, 606.50 feet to the POINT OF BEGINNING;

TOGETHER WITH an easement for ingress, egress and utilities described as follows:

That portion of Government Lot 1, Section 20, Township 25 North, Range 6 East, W.M., in King County, Washington, more particularly described as follows:

Commencing at the southeast corner of said Government Lot; thence South 89°43'00" West along the south line thereof, 688.63 feet to the northeasterly margin of the Issaquah-Redmond County Road; thence North 44°21'30" West along said road margin, 265.61 feet to the POINT OF BEGINNING; thence continuing North 44°21'30" West, 60.62 feet; thence North 45°38'30" East, 396.21 feet; thence North 65°52'03" East, 105.48 feet; thence South 49°12'24" East, 215.38 feet; thence South 59°25'48" West, 31.66 feet; thence North 49°12'24" West, 153.06 feet; thence South 65°52'03" West, 87.94 feet; thence South 45°38'30" West, 387.19 feet to the POINT OF BEGINNING.

File No. 1000-88(1)
8/1/88

Ex. 3CCC-2

FILED FOR RECORD AT REQUEST OF

FILED FOR RECORD AT REQUEST OF
TRANSAMERICA TITLE
INSURANCE COMPANY
320 108th Ave. N.E.
P.O. BOX 1493

WHEN RECORDED RETURN TO 98009

KING COUNTY
EXCISE TAX PAID

MAY 26 1989
E1062690

89/05/26        #1614  B
RECD F     21.00
CASHSL     ***21.00
                      55

| Name | CENTER ESCROW, INC. *5437* |
| | P.O. BOX 3862 |
| Address | BELLEVUE, WA 98009 |
| City, State, Zip | |

## Statutory Warranty Deed

**THE GRANTOR**  WILLIAM HUGHES, also appearing of record as WILLIAM F. HUGHES, and
BETTY MARY HUGHES, husband and wife,

for and in consideration of  $10 and other good and valuable consideration

in hand paid, conveys and warrants to  KAO FAMILY PARTNERSHIP

the following described real estate, situated in the County of  KING   , State of Washington:

See Exhibit A attached hereto and incorporated herein by reference.

SUBJECT TO:  Exhibit B.

FURTHER SUBJECT TO:  Exhibit C.

Dated  May 25 , 19 89    APPROVED:

_William Hughes_                       KAO FAMILY PARTNERSHIP
WILLIAM HUGHES

_B. H. Mary Hughes_
BETTY MARY HUGHES

| STATE OF WASHINGTON | } ss. | STATE OF WASHINGTON | } ss. |

COUNTY OF   KING

On this day personally appeared before me

WILLIAM HUGHES and BETTY MARY HUGHES
to me known to be the individual described in and who
executed the within and foregoing instrument,
and acknowledged that  they  signed the same
as  their  free and voluntary act and deed,
for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this
25th day of May , 19 89

_Nancy L. Ford_
Notary Public in and for the State of Washington,
residing at  Monroe

ISC/CSWDWA//0486

My appointment expires:  5-20-91

COUNTY OF

On this _____ day of _____, 19 ___
before me, the undersigned, a Notary Public in and for the State of Wash-
ington, duly commissioned and sworn, personally appeared

and
to me known to be the                  President and                  Secretary,
respectively, of
the corporation that executed the foregoing instrument, and acknowledged the said in-
strument to be the free and voluntary act and deed of said corporation, for the uses and
purposes therein mentioned, and on oath stated that                  authorized to exe-
cute the said instrument and that the seal affixed is the corporate seal of said corporation.
Witness my hand and official seal hereto affixed the day and year first above writ-
ten.

Notary Public in and for the State of Washington,
residing at

KAO FAMILY PARTNERSHIP

KAO, MING-TSONG                   _[signature]_
KAO, LIN TSAI-SHUANG              _[signature]_

KAO, TUNG-LANG                    _Kao, Tung Lang_
KAO, LEE SHU-YEN                  _Kao, Lee Shu Yen_

KAO, MING-SAN                     _Kao Ming San_
KAO, WEN CHU-MEI                  _[signature]_

KAO, MING-SHOU                    _Kao Ming Shou_
KAO, KO SHNU-LIN                  _Kao Ko Shnu Lin_

KAO, MING-CHIH                    Kao, MING-CHIH
                                  by _[signature]_ (P.O.A)
KAO, HSU LI-CHEN                  KAO, HSU LI-CHEN
                                  by _[signature]_ (P.O.A)

8905261614

Ex. 3DDD-2

State of Washington          )
                             ) ss.
County of KING               )

I certify that I know or have satisfactory evidence that MING-TSONG KAO signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated May , 1989

Notary Public for the State of Washington

My appointment expires 11/15/92

State of Washington          )
                             ) ss.
County of KING               )

I certify that I know or have satisfactory evidence that LIN TSAI-SHUANG KAO signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated May , 1989

Notary Public for the State of Washington

My appointment expires 11/15/92

State of Washington          )
                             ) ss.
County of KING               )

I certify that I know or have satisfactory evidence that TUNG-LANG KAO signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated May , 1989

Notary Public for the State of Washington

My appointment expires 11/15/92

State of Washington          )
                             ) ss.
County of KING               )

I certify that I know or have satisfactory evidence that LEE SHU-YEN KAO signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated May , 1989

Notary Public for the State of Washington

My appointment expires 11/15/92

8905261614

Ex. 3DDD-3

State of Washington )
) ss.
County of KING )

I certify that I know or have satisfactory evidence that MING-SAN KAO signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated May , 1989

Notary Public for the State of Washington

My appointment expires 11/13/92

State of Washington )
) ss.
County of KING )

I certify that I know or have satisfactory evidence that WEN CHU-MEI KAO signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated May , 1989

Notary Public for the State of Washington

My appointment expires 11/13/92

State of Washington )
) ss.
County of KING )

I certify that I know or have satisfactory evidence that MING-SHOU KAO signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated May , 1989

Notary Public for the State of Washington

My appointment expires 11/13/92

State of Washington )
) ss.
County of KING )

I certify that I know or have satisfactory evidence that KO SHWU-LIN KAO signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated May , 1989

Notary Public for the State of Washington

My appointment expires 11/13/92

8905261614

Ex. 3DDD-4

STATE OF WASHINGTON,
County of   KING    } ss.

On this          day of       May              , 19 89   before me personally appeared
WEN CHIU-MEI KAO                                   to me known to be the individual who executed the
foregoing instrument as Attorney In Fact for  MING-CHIU/KAO  and  HSU LI-CHEN KAO
and acknowledged that   he   signed the same as    ror   free and voluntary act and deed as Attorney In Fact
for said principal for the uses and purposes therein mentioned, and on oath stated that the Power of Attorney authorizing
the execution of this instrument has not been revoked and that said principal is now living and is not insane.

GIVEN under my hand and official seal the day and year last above written.

..........................................................
Notary Public in and for the State of Washington,
residing at
My appointment expires:   4/13/82

ACKNOWLEDGMENT ATTORNEY IN FACT

A-1

8905261614

Ex. 3DDD-5

DESCRIPTION:

THAT PORTION OF GOVERNMENT LOT 1 IN SECTION 20, TOWNSHIP 25 NORTH, RANGE 6
EAST W.M., DESCRIBED AS FOLLOWS:

BEGINNING ON THE NORTH LINE OF GOVERNMENT LOT 1, 630 FEET EAST OF THE
NORTHWEST CORNER OF SAID GOVERNMENT LOT 1;
THENCE SOUTH 600 FEET; ...
THENCE SOUTHWESTERLY, AT RIGHT ANGLES TO THE RIGHT-OF-WAY OF THE BURLINGTON
NORTHERN RAILROAD COMPANY, FORMERLY SEATTLE AND INTERNATIONAL RAILWAY, AS
CONVEYED BY INSTRUMENT RECORDED UNDER RECORDING NO. 13077, TO THE
NORTHEASTERLY LINE OF THE ISSAQUAH-REDMOND COUNTY ROAD, AS CONVEYED TO KING
COUNTY BY INSTRUMENT RECORDED UNDER RECORDING NO. 066024;
THENCE SOUTHEASTERLY, ALONG THE NORTHEASTERLY LINE OF SAID ROAD, TO THE SOUTH
LINE OF GOVERNMENT LOT 1;
THENCE EAST, ALONG SAID SOUTH LINE, 608.63 FEET, MORE OR LESS, TO THE
SOUTHEAST CORNER OF SAID GOVERNMENT LOT 1;
THENCE NORTH, ALONG THE EAST LINE OF SAID GOVERNMENT LOT 1, 1325.52 FEET, MORE
OR LESS, TO THE NORTHEAST CORNER OF SAID GOVERNMENT LOT 1;
THENCE WEST, ALONG THE NORTH LINE OF SAID GOVERNMENT LOT 1, 724.45 FEET, MORE
OR LESS, TO THE TRUE POINT OF BEGINNING;

EXCEPT THAT PORTION LYING SOUTH OF THE FOLLOWING DESCRIBED LINE:

BEGINNING AT THE SOUTHEAST CORNER OF SAID GOVERNMENT LOT 1;
THENCE, ALONG THE EAST LINE OF GOVERNMENT LOT 1, NORTH 00°19'45" WEST 608.60
FEET TO THE TRUE POINT OF BEGINNING OF SAID LINE DESCRIPTION;
THENCE SOUTH 71°21'57" WEST 465.06 FEET TO THE NORTHEASTERLY LINE OF THAT
PARCEL OF LAND DESCRIBED BY INSTRUMENT RECORDED UNDER KING COUNTY RECORDING
NO. 8809220036;
THENCE NORTH 40°12'24" WEST 70.00 FEET;
THENCE SOUTH 65°52'05" EAST 121.08 FEET;
THENCE SOUTH 65°54'50" EAST, ALONG THE SOUTHEASTERLY LINE, EXTENDED
NORTHEASTERLY, OF THAT PARCEL OF LAND DESCRIBED BY INSTRUMENT RECORDED UNDER
KING COUNTY RECORDING NO. 6041744, 387.19 FEET TO THE NORTHEASTERLY LINE OF
THE ISSAQUAH-REDMOND COUNTY ROAD, AS CONVEYED TO KING COUNTY BY INSTRUMENT
RECORDED UNDER RECORDING NO. 066024 AND THE END OF SAID LINE DESCRIPTION;

SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

8905261614

EXHIBIT A

HUGHES/KAO FAMILY

Ex. 3DDD-6

( )                                              )

PLEASE DIRECT CORRESPONDENCE TO:              Transamerica No.: 0855488
Transamerica Title Insurance Co.              Customer No.    : 89-5437E
320 108th Avenue N.E.                         Seller          : Hughes
P.O. Box 1493                                 Buyer/Borrower  : KAO Partnership
Bellevue, WA 98009

Prepared for:                                 By _____
FERGUSON & BURDELL                                      Title Officer
KOLL CENTER BELLEVUE
500 108TH AVE. N.E., STE. 2100                For service on this order, call:
BELLEVUE, WA 98004                            646-8589 (FAX #646-8593)
ATTN: MICHAEL ROSS                            JOHN W. JONES or CINDY L. ESSER

## SCHEDULE A

### SECOND COMMITMENT

EFFECTIVE DATE: May 17, 1989 at 8:00 A.M.

1.  Policy or policies to be issued:          Amount

    (a)  (X) Alta Owner's Policy (6-1-87)     $525,000.00      Premium  $1,390.00
         ( ) Alta Owner's Policy-1970                          Tax      $  112.59
             (Amended 10-17-70)
             Standard Policy
         Proposed Insured:
             KAO FAMILY PARTNERSHIP
             (SEE NOTE 2)

    (b)  (X) Alta Loan Policy (6-1-87)        $367,500.00      Premium  $   50.00
         ( ) Alta Loan Policy-1970                             Tax      $    4.05
             (Amended 10-17-70)
         Proposed Insured:
             TO BE DETERMINED

                                                              Total    $1,556.64

2.  Title to fee simple estate or interest in said land is at the effective
    date hereof vested in:

    WILLIAM HUGHES, ALSO APPEARING OF RECORD AS WILLIAM F. HUGHES, AND BETTY MAY
    HUGHES, HUSBAND AND WIFE

3.  The land referred to in this commitment is situated in the County of King,
    State of Washington and is described as follows:

                          --see attached--

                          EXHIBIT B

8905261614

Ex. 3DDD-7

DESCRIPTION:

THAT PORTION OF GOVERNMENT LOT 1 IN SECTION 20, TOWNSHIP 25 NORTH, RANGE 6
EAST W.M., DESCRIBED AS FOLLOWS:

BEGINNING ON THE NORTH LINE OF GOVERNMENT LOT 1, 630 FEET EAST OF THE
NORTHWEST CORNER OF SAID GOVERNMENT LOT 1;
THENCE SOUTH 900 FEET;
THENCE SOUTHWESTERLY, AT RIGHT ANGLES TO THE RIGHT-OF-WAY OF THE BURLINGTON
NORTHERN RAILROAD COMPANY, FORMERLY SEATTLE AND INTERNATIONAL RAILWAY, AS
CONVEYED BY INSTRUMENT RECORDED UNDER RECORDING NO. 15877, TO THE
NORTHEASTERLY LINE OF THE ISSAQUAH-REDMOND COUNTY ROAD, AS CONVEYED TO KING
COUNTY BY INSTRUMENT RECORDED UNDER RECORDING NO. 956024;
THENCE SOUTHEASTERLY, ALONG THE NORTHEASTERLY LINE OF SAID ROAD, TO THE SOUTH
LINE OF GOVERNMENT LOT 1;
THENCE EAST, ALONG SAID SOUTH LINE, 688.63 FEET, MORE OR LESS, TO THE
SOUTHEAST CORNER OF SAID GOVERNMENT LOT 1;
THENCE NORTH, ALONG THE EAST LINE OF SAID GOVERNMENT LOT 1, 1325.52 FEET, MORE
OR LESS, TO THE NORTHEAST CORNER OF SAID GOVERNMENT LOT 1;
THENCE WEST, ALONG THE NORTH LINE OF SAID GOVERNMENT LOT 1, 724.45 FEET, MORE
OR LESS, TO THE TRUE POINT OF BEGINNING;

EXCEPT THAT PORTION LYING SOUTH OF THE FOLLOWING DESCRIBED LINE:

BEGINNING AT THE SOUTHEAST CORNER OF SAID GOVERNMENT LOT 1;
THENCE, ALONG THE EAST LINE OF GOVERNMENT LOT 1, NORTH 00°13'45" WEST 606.50
FEET TO THE TRUE POINT OF BEGINNING OF SAID LINE DESCRIPTION;
THENCE SOUTH 71°21'57" WEST 455.06 FEET TO THE NORTHEASTERLY LINE OF THAT
PARCEL OF LAND DESCRIBED BY INSTRUMENT RECORDED UNDER KING COUNTY RECORDING
NO. 8809220934;
THENCE NORTH 49°12'24" WEST 70.00 FEET;
THENCE SOUTH 65°52'03" EAST 121.06 FEET;
THENCE SOUTH 45°38'30" EAST, ALONG THE SOUTHEASTERLY LINE, EXTENDED
NORTHEASTERLY, OF THAT PARCEL OF LAND DESCRIBED BY INSTRUMENT RECORDED UNDER
KING COUNTY RECORDING NO. 6041744, 387.19 FEET TO THE NORTHEASTERLY LINE OF
THE ISSAQUAH-REDMOND COUNTY ROAD, AS CONVEYED TO KING COUNTY BY INSTRUMENT
RECORDED UNDER RECORDING NO. 956024 AND THE END OF SAID LINE DESCRIPTION;

SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.
(SEE NOTE 1)

PAGE   2

0858488

Ex. 3DDD-8

## SCHEDULE 5

EXCEPTIONS: Schedule B of the policy or policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company.

A.  Standard exceptions set forth on inside back cover.

B.  Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this Commitment.

C.  Instruments necessary to create the estate or interest to be properly executed, delivered and duly filed for record.

1.  Real Estate Excise Tax pursuant to the authority of RCW Chapter 82.45 and subsequent amendments thereto.

    As of the date herein, the tax rate for said property is .0159.

2.  General taxes, as follows, together with interest, penalty and statutory foreclosure costs, if any, after delinquency:
    (1st half delinquent on May 1; 2nd half delinquent on November 1)

    | TAX ACCOUNT NO. | YEAR | AMOUNT BILLED | AMOUNT PAID | PRINCIPAL BALANCE |
    |---|---|---|---|---|
    | 202506-9026-02 | 1989 | $4,209.18 | $    .00 | $4,209.18 |

    The levy code for the property herein described is 7279 for 1989.

3.  Liability for surface water management (SWM) service charges, if any, which are not presently assessed, but may appear on future rolls.

4.  MATTERS SET FORTH BY SURVEYS:

    DATED:                  February 17, 1987 and October 6, 1988
    RECORDED:               March 5, 1987, December 11, 1987 and
                            October 11, 1988
    RECORDING NOS.:         8703059047, 8712110764 and 8810119003
    DISCLOSES:              Easement over Southwesterly portion,
                            fence encroaching over Northwesterly
                            property line, and a discrepancy as to
                            record title in the length of the Westerly
                            property line (907.83 feet, compared to
                            900 feet of record)

5.  Terms and conditions of King County Lot Line Adjustment No. 8805025, recorded under Recording No. 8809220933.

PAGE    3

Ex. 3DDD-9

( )                                    )

6.  **EASEMENT AND THE TERMS AND CONDITIONS THEREOF:**

GRANTEE:                    William J. Hughes and Peggy Ann Hughes
PURPOSE:                    Ingress, egress and utilities
AREA AFFECTED:              Southwesterly portion, as described therein
                           and as shown on survey recorded under
                           Recording No. 8810119003

DATED:                     August 1, 1988
RECORDED:                  September 22, 1988
RECORDING NO.:             8809220934

NOTE 1:
The legal description submitted has been changed to conform with record title.

NOTE 2:
Any conveyance or mortgage by KAO Family Partnership, must be executed by all
of the partners and their respective spouses as of the date of acquisition
or evidence submitted that certain designated partners have been authorized
to act for the partnership.

A copy of the partnership agreement and amendments thereto must be submitted
to the Company for review.

NOTE 3:
Assessed Valuation:
    Land                           $288,000.00
    Improvements                   ----

                        END OF EXCEPTIONS

INVESTIGATION SHOULD BE MADE TO DETERMINE IF THERE ARE ANY SERVICE, INSTALLATION, MAINTENANCE
OR CONSTRUCTION CHARGES FOR SEWER, WATER OR ELECTRICITY.

IN THE EVENT THIS TRANSACTION FAILS TO CLOSE, A CANCELLATION FEE WILL BE CHARGED FOR SERVICES
RENDERED IN ACCORDANCE WITH OUR RATE SCHEDULE.

ENCLOSURES:  Sketch
             Paragraphs 4-7

RLR/al

cc:  CENTER MORTGAGE
     116 108TH AVENUE N.E.
     BELLEVUE, WA  98004
     ATTN:  JANE DEWAR

PAGE    4

Ex. 3DDD-10

Form No. W-AK-355
(Previous Form No. 80R)

ORDER NO. 818488
ESCROW NO.
LOAN NO.
MORTGAGOR
PLAT MAP Vol_____ PG____

8905261614



This map does not purport to show **all** highways, roads or easements affecting
said property; no liability is assumed for variations in dimensions and location.

Ex. 3DDD-11

FILED FOR RECORD AT REQUEST OF
AND WHEN RECORDED RETURN TO:

Michael D. Ross
Ferguson & Burdell
2100 Koll Center Bellevue
500 - 108th Avenue N.E.
Bellevue, Washington  98004

### DECLARATION OF RECIPROCAL, NON-EXCLUSIVE INGRESS, EGRESS AND UTILITY EASEMENTS WITH NON-BUILDING AGREEMENT

THIS DECLARATION OF RECIPROCAL, NON-EXCLUSIVE INGRESS, EGRESS AND UTILITY EASEMENTS WITH NON-BUILDING AGREEMENT (hereinafter referred to as the "Declaration") is made, declared and established this 23rd day of May , 1989, by and between WILLIAM F. HUGHES and BETTY M. HUGHES, husband and wife ("W.B.H.") and WILLIAM J. HUGHES and PEGGY A. HUGHES, husband and wife ("W.J.P.A.H.") shall be referred to herein collectively as "Declarants");

WHEREAS, W.B.H. owns that certain real property located in King County, Washington, delineated as Parcels A ("Parcel A") and ("Parcel B") on the Survey attached hereto as Exhibit "A" and by this reference incorporated herein (the "Survey") the legal description of which real property is set forth on the Survey; and

WHEREAS, W.J.P.A.H. is the owner in fee of that certain real property located in King County, Washington as delineated as Parcel C ("Parcel C") on the Survey the legal description of which real property is set forth on the Survey; and

WHEREAS W.B.H. intends to convey Parcel B and desires Parcel B to be bound by the terms of this Agreement; and

WHEREAS W.B.H. intends to further legally divide Parcel A at some future time and desires the Easements provided herein to serve all of the new lots to be created by such division; and

WHEREAS, as a part of the property division which created Parcel A and Parcel B, W.B.H. and W.J.P.A.H. established an easement for ingress, egress and utilities as delineated in yellow on the Survey and as legally described as a part of the legal descriptions of Parcel A, Parcel B and Parcel C set forth on the Survey (the "Easement Area"); and

WHEREAS, the Declarants mutually desire to establish certain non-exclusive and reciprocal rights of ingress and egress over and across the Easement Area and to provide for the construction and installation of underground utilities to serve their respective Parcels; and

038A0704

1

5/4/89

EXHIBIT C

8905261614

Ex. 3DDD-12

WHEREAS, the Easement Area has not been developed and there are presently no improvements either for utilities and/or ingress and egress located on the Easement Area.

NOW THEREFORE, for and in consideration of the declarations and benefits contained in and derived hereunder, and for other good and valuable consideration, the receipt and sufficiency of which each Declarant hereby acknowledges, each Declarant, for and on behalf of itself and its respective successors in interest and assigns, does hereby, respectively, grant, declare, reserve and establish the following:

A.    W.B.H. Easement.    W.B.H. does hereby grant, declare, reserve and establish a non-exclusive, perpetual easement and right-of-way for the uses set forth herein on that portion of the Easement Area on Parcel B (the "Parcel B Easement Area").

B.    W.J.P.A.H. Easement.    W.J.P.A.H. does hereby grant, declare, reserve and establish a non-exclusive, perpetual easement and right-of-way for the uses set forth herein on that portion of the Easement Area on Parcel C (the "Parcel C Easement Areas").

THIS DECLARATION is made, granted, declared, reserved, and established upon the following terms and conditions:

1.    Use.    The Declarants acknowledge and agree that this Declaration and the rights and easements hereunder are to be used by and for the benefit of each and all of the Declarants, and each and all of their successors and assigns, and their respective lessees, sublessees, tenants, subtenants, business invitees, employees and agents for the purposes of ingress and egress to Parcel A, Parcel B and Parcel C, as presently configured and presently existing and as may be changed in the future and all streets and roads which adjoin each respective Parcel and for the benefit of any adjoining property and that the rights of access to and from the Parcels and the Easement Areas, and ingress and egress thereto and therefrom, shall be free and unrestricted.    As used herein, the word "access" shall mean and include the right of ingress and egress by vehicle by each respective Declarant and/or each of their respective successors, assigns, lessees, sublessees, tenants, subtenants, invitees, employees and agents.    The Declarants further acknowledge, declare and establish that the Easement Areas are to be used by and for the benefit of each respective Declarant, and each of their successors and assigns for the purposes of constructing, maintaining, repairing and operating underground utilities, including without limitation, sanitary sewer, water, electricity, drainage and retention on, under and across each Easement Area for the benefit of each and every Parcel provided that the cost of constructing such utilities shall be borne by the owner of the Parcel for whom such utilities are being benefitted, and, if more than one Parcel is being benefitted then such costs shall be borne by all such Parcel owners in accordance

038A0704                     2                          5/4/89

Ex. 3DDD-13

with their respective uses. In the event any Parcel owner desires to use the utility lines after construction and installation of the same and such Parcel owner either (i) did not share in the original cost of installation and construction; or (ii) is requiring a more intense use than originally paid for as a part of such allocation of costs, then such Parcel owner shall reimburse to all Parcel owners originally paying for the cost of installation and construction an equitable amount based on their new and/or increased use. No parking of vehicles shall be permitted or allowed on the Easement Areas. Notwithstanding anything contained herein to the contrary, each Declarant shall be fully responsible and shall promptly pay all real estate taxes and assessments, whether special or general, which relate to the fee ownership of their respective parties of the Easement Area.

2. Effective Date and Contingencies. This Declaration shall be effective and the easement rights granted herein and the restrictions established herein shall be of full force and effect at such time as this Agreement is recorded.

3. Construction. The cost of all improvements on the Easement Area, including without limitations the cost of any road or street, but excluding the cost of any utilities shall be borne solely and exclusively by the owner or owners of Parcel B.

4. Maintenance of Easement Areas. All costs of maintaining the Easement Areas and the improvements constructed thereon and all real estate taxes relating to the easement area shall be borne among the owners of Parcel A, Parcel B and Parcel C in proportion to their pro rata share of square footage (less the square footage of the Easement Area) on their respective Parcels provided that, in no event shall any party be responsible for such maintenance unless and/or until such party is using Land Easement Area for ingress, egress or utilities.

5. Entry Upon Easement Areas. W.B.H. and W.J.P.A.H. or their authorized agents, employees or contractors acting for or on their behalf, shall have the right, so long as W.B.H. and W.J.P.A.H. own or have any interest in their respective Parcel, and thereafter any succeeding owner of each Parcel, or its or their authorized agents, employees or contractors acting on its or their behalf, upon thirty (30) days prior written notice to the owners of each other Parcel, may enter from time to time upon the Easement Areas for the purpose of locating, installing, establishing, repairing, restoring and maintaining all or any portion of the Improvements now existing, or hereafter constructed, on, across or under the Easement Areas and to locate, install, maintain, improve, repair, or replace any of the improvements, provided that, in the event of an emergency, any such party shall have the right to immediately commence such installation, maintenance, improvements, repairs or replacements, without such thirty (30) days prior notice. Declarants may also enter upon such portions of any of the Easement Areas as is reasonably necessary

8505261614

038A0704                                  3                         5/4/89

to accomplish the foregoing; provided, that each such Declarant shall restore the surface of the same to the condition it was in immediately prior to the entry by such Declarants. In no event shall the Easement Areas, or any portion thereof to completely closed for more than fourteen (14) days in any consecutive Sixty (60) day period.

6.    **Indemnification.**  W.B.H. and W.J.P.A.H., so long as each owns or has any interest in their respective Parcels, and then any succeeding owner of each respective Parcel, hereby, respectively agree to indemnify and hold each other harmless, from and against any claim, cause of action or other assertions of liability (including Attorneys' fees and costs), arising as a result of their negligence or intentional acts or omission or the negligent or intentional acts or omissions of their authorized agents, employees or contractors relating to this Declaration and/or the Easement Areas.

7.    **Eminent Domain.**  If the Easement Areas or any part thereof, are taken by any governmental agency in the exercise of its power of eminent domain, the award granted under such proceedings, or any settlement in lieu thereof, for the taking of such property shall be wholly payable to the fee owner of the portion of the Easement Area so taken. If all or any part of the Easement Areas are taken, this Declaration shall terminate with respect to the portion so taken and the obligations hereunder of the then owners of the Easement Areas or Non-Building Area shall automatically cease and terminate when possession is transferred to the condemning agency with respect to any portion of the Easement Areas so condemned.

8.    **Easement Runs with the Land.**  The easement rights granted herein, the restrictions established herein, and the covenants on the part of W.B.H. to accomplish and maintain the Improvements, shall run with the Parcels and shall bind and be obligatory upon the Declarants and their respective successors and assigns, tenants, subtenants, licensees, and invitees; provided, that anything herein to the contrary notwithstanding, no rights in or to the general public are created hereby. W.B.H., with respect to the W.B.H. Easement Area, and W.J.P.A.H. with respect to the W.J.P.A.H. Easement Areas, each respectively reserve the right to restrict access to their respective Easement Areas to the general public, from time to time and only as in strictly necessary to prevent these respective Easement Areas from being dedicated to public use.

9.    **Legal Expenses.**  If either party is required to bring or maintain any action (including assertion or any counter claim or cross-claim, or claim in a proceedings in bankruptcy, receivership or any other proceeding instituted by a party hereto or by others), or otherwise refers this Declaration to an attorney for the enforcement of any of the covenants, conditions or restrictions, the prevailing party in such action shall, in addition to all other

5/4/89

Ex. 3DDD-15

payments required herein, receive from the other, all the costs incurred by the prevailing party including reasonable attorneys' fees and such costs and reasonable attorneys' fees which the prevailing party incurred on any appeal.

IN WITNESS WHEREOF, the Declarants have executed this Declaration the day and year first written on behalf of themselves and their successors and assigns.

_____
WILLIAM F. HUGHES, husband

_____
BETTY M. HUGHES, wife

_____
WILLIAM J. HUGHES, husband

_____
PEGGY A. HUGHES, wife

CONSENTED AND AGREED TO
this _____ day of May, 1989.

KAO FAMILY PARTNERSHIP, a Washington General Partner

BY ITS MANAGING GENERAL PARTNER

_____
KAO MING SAN

8905261614

038A0704                    5                    5/4/89

Ex. 3DDD-16

STATE OF WASHINGTON   )
                      : ss.
County of King        )

I certify that I know or have satisfactory evidence that the persons appearing before me and making this acknowledgment are the persons whose true signatures appear on this document.

On this day personally appeared before me WILLIAM F. HUGHES and BETTY M. HUGHES, to me known to be the individuals described in and who executed the within and foregoing instrument, and acknowledged that they signed the same as their free and voluntary act and deed for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this _23_ day of _MAY_, 1989.

_Mazanne M. Russet_
Notary Public in and for the State of Washington, residing at _North Bend_
My commission expires _7-1-90_

STATE OF WASHINGTON   )
                      : ss.
County of King        )

I certify that I know or have satisfactory evidence that the persons appearing before me and making this acknowledgment are the persons whose true signatures appear on this document.

On this day personally appeared before me WILLIAM J. HUGHES and PEGGY J. HUGHES, to me known to be the individuals described in and who executed the within and foregoing instrument, and acknowledged that they signed the same as their free and voluntary act and deed for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this _23_ day of _MAY_, 1989.

_Mazanne M. Russet_
Notary Public in and for the State of Washington, residing at _North Bend_
My commission expires _7-1-90_

8905261614

038A0704                    6                    5/4/89

Ex. 3DDD-17

S. F. No. 15    1922.  Approved as to Form by De    ' Efficiency.  6778.    **REPORT OF ENGINEER**

**STATE OF WASHINGTON**
OFFICE OF
**COMMISSIONER OF PUBLIC LANDS**

*Olympia,*  Aug. 3, 1928

*To the Honorable Commissioner of Public Lands, Olympia, Wash.:*

*Sir — I herewith submit the following report on* App. No. 8732 by Alfred
Palmberg ( A. Palmberg) to purchase shore lands of the second class in front
of parts of lot 2, section 20, township 25 north, range 6 east, on the east
side of Lake Sammamish, in King County.

The applicant claims to be the owner of the  abutting upland and
states that there are no improvements on the shore lands.

In proof of ownership has submitted the certificate of title dated
July 19th, 1928, from Lawyers & Realtors Title Insurance Company, showing
that Maude Palmberg, Annie Stangroom, Bessie Zengel, Gertie Gorman, A. Palm-
berg and Bert Stares are holders as tenants in common and as their separate
estates a certain tract of upland located in said lot 2.

This application, together with App. No. 8710 covering the balance
of the frontage bordering on said lot 2 has been given considerable study
owing to the peculiar descriptions which have been used in describing the
upland tracts. We have secured 3 maps from the Northern Pacific Railway
Company and a plat from the Engineer of King County. These plats show the
railway right of way and the county road right of way mentioned in the des-
criptions and also show that the line of high water is located outside of
the west line of the Northern Pacific right of way, and also outside of the
government meander line.

From our study of the records, the following  description is
submitted:

S. F. No. 1526  1922.  Approved as to Form by De    Efficiency.  5776.

# RE   RT OF ENGINEER

**STATE OF WASHINGTON**
OFFICE OF
**COMMISSIONER OF PUBLIC LANDS**

*Olympia,* Aug. 3, 1928

*To the Honorable Commissioner of Public Lands, Olympia, Wash.:*

   *Sir — I herewith submit the following report on* App. No. 8732 Con't.

     All shore lands of the second class owned by the State of Washington, situate in front of, adjacent to or abutting upon the following described uplands:
     In front of all of lot 2, section 20, township 25 north, range 6 east, W. M., except the following described tract:
     Beginning at a point on the east line of said lot 2, 569.64 feet south of the northeast corner thereof, thence west 221.58 feet, thence southwesterly at right angles to the center line of the Northern Pacific Railway 15.3 feet to the easterly margin of the right of way of said railway, thence southeasterly along said right of way 240.04 feet, thence east 87 feet to the east line of said lot 2. thence north 200 feet to said point of  beginning.
     The above portions of said lot 2, not thus excepted. have a frontage of 15.81 lineal chains, more or less, measured along the government meander line.

               Respectfully submitted,

                 Edward C. Dohm,

               State Field Engineer.

MARKED BY O/R.

COMPARED BY

## ACTIVITY  REGISTER

SEC. __20__ ; TWP. __25__ N.; RGE. __6E__ ;W.M.

| NOTE | APP. NO. | NAME | DATE OF ISSUE | DOCUMENT & TERM | LAND TYPE | LOCATION |
|------|----------|------|---------------|-----------------|-----------|----------|
| 1 | A.P. 7293 | N.&M. ALNER. | 10-19-1925 | DV. 18 P.714B | 2.5 | LOT 6 |
| — | A.L. 9697 | W. T. ROCHE | | REL. 10-25-1977 | B.N.W | LOT 6 |
| 2 | A.P. 8570 | W. S. QUACKENBUSH | 7-15-1945 | D.V. 19 P.272. | 2.5 | LOT 3 |
| 3 | A.P. 8752 | PALMBERG, STAUGHSON, ZENGEL, DORHAN & STAPEL | 2-27-1940 | D.V. 18 P.484 | 2.5 | LOT 3. |
| 5 | A.P. 8710 | S. TURNER | 12-18-1948 | D.V. 18 P.286. | 2.5 | LOT 3. |
| 6 | A.P. 12030 | G. O. HUGHES | 9-19-1951 | D.V. 21 P.532 | 2.5 | LOT 1 |
| — | A.P. 11880 | J. A. EARLEY | | REL. 1-25-1951 | 2.5 | LOT 1 |
| 8 | A.P. 10198 | H.&J. ZENGLE | 6-10-1942 | D.V. 19 P.79 | 2.5 | LOT 1 |
| 9 | A.P. 9098 | B. STUART | | CANC. 3-1-1936 | 2.5 | LOT 1 |
| 10 | A.P. 11461 | J. ZENGLE | 7-26-1948 | D.V. 21 P.116 | 2.5 | LOT 1 |
| — | 20-12910 | GEORGE S. SUTHERLAND | | REC'D. 6-30-74 | 2.6 | LOT 1    (RECR. DOCK) |



SECTION 20
N44°30'W    422.4

20

2

3

LAKE  SAMMAMISH

4

SCALE IN FEET
400    0    400    800    1200    1600

3511320

## REFEREE'S DEED

By virtue of a decree entered January 21, 1949, in the Superior Court of the State of Washington for King County in a certain cause, being cause No. 367315, wherein Bert Stares and Florence Stares, his wife, are plaintiffs, and Minnie Hughes, Executrix of the Last Will and Testament of Maude Palmberg, deceased, Annie Stangroom, nee Annie B. Palmberg, and S. L. Stangroom, her husband; Gertrude Hughes, formerly Gertie Gorman; Bertha Tuttle, Alfred Zengel, Charlotte Zengel, Mary Moore and Ladora Zengel, children, and J. A. Zengel, administrator and surviving husband and heirs at law of Elizabeth Zengel, nee Elizabeth E. Palmberg, deceased, who appears of record also as Bessie Zengel; Resh Whitehead Harrison, administratrix of the estate of Alfred Palmberg, deceased; the unknown heirs of Elizabeth Zengel, nee Elizabeth E. Palmberg, deceased, who appears of record also as Bessie Zengel; the Unknown Heirs of Alfred Palmberg, deceased; the Unknown Heirs of Maude Palmberg, deceased; also "all other persons or parties unknown claiming any right, title, estate, lien or interest in the real estate described in the complaint herein", are defendants, which plaintiffs and defendants are hereinafter known as the heirs of Alfred Palmberg, deceased, which decree was supplemented by order of said Court entered in said cause on March 23, 1949, and pursuant to a sale held April 30, 1949, under the authority aforesaid, at which the grantee hereinafter named became the purchaser of the property hereinafter described, which sale was confirmed by order of said Court entered in said cause May 20, 1949; Now, Therefore,

CHARLES W. BOYEE, hereinafter known as the grantor, being the Referee appointed and authorized by said decree to make this sale and conveyance, in consideration of Six Thousand Six Hundred Sixty Dollars ($6660.00) to him in hand paid, grants, bargains, sells, conveys and confirms to J. A. EARLEY, the grantee, the

following described real estate:

Those portions of Government Lot 2, Section 20, Township 25 North, Range 6 E. W. M., King County, Washington, described as follows:

The second class shore lands adjoining the following described property: Beginning at the northeast corner of said Government Lot 2; thence south along east line thereof 569.64 feet; thence west 221.56 feet; thence southeasterly at right angles to right of way of the Northern Pacific Railway Company (formerly the Seattle and International Railway) 15.3 feet to the northeasterly line of said right of way; thence northwesterly along said northeasterly line to the north line of said Government Lot 2; thence east along said north line to the point of beginning; EXCEPT County Road; EXCEPT portion if any, in said railroad right of way;

The second class shore lands adjoining that certain parcel of land particularly described as: Beginning at the southeast corner of said Government Lot 2; thence north, along the east line thereof, 110 feet; thence west 87 feet to the northeasterly line of the right of way of the Northern Pacific Railway Company (formerly the Seattle and International Railway); thence southeasterly, along said northeasterly line, to the point of beginning, EXCEPT County Road. EXCEPT portion, if any, in said railroad right of way.

The grantor, for the aforesaid heirs of Alfred Palmberg, deceased, does by these presents covenant with the grantee, his heirs and assigns, as follows and not otherwise: That this conveyance passes to the grantee the title of all the said heirs of Alfred Palmberg, deceased, that said title is free from any encumbrances done or suffered from said heirs of Alfred Palmberg, deceased, and that the grantee shall have quiet enjoyment of said real estate against the said heirs of Alfred Palmberg, deceased, and their heirs and assigns.



DATED AT SEATTLE, WASHINGTON, this *8th* day of June, 1949.

_____
Grantor

-2-

STATE OF WASHINGTON )
                    ) SS:
COUNTY OF KING      )

On this day personally appeared before me CHARLES W. BOVEE,
to me known to be the individual described in and who executed the
within and foregoing instrument, and acknowledged that he signed
the same as his free and voluntary act and deed for the uses and
purposes therein mentioned.

GIVEN UNDER MY HAND AND OFFICIAL SEAL this _8th_ day of
June, 1949.

*Theodore S. James*

Notary Public in and for the State
of Washington, residing at Seattle.

Approved: *June 9th 1949.*

*Howard Tuddey*

Judge of the Superior Court
of King County, Washington

Filed for Record *June 17, 1949 10:44 a.m.*
Request of *J. A. Carley*
ROBERT A. MORRIS, County Auditor

-3-

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

BERT STARES, et al,                     )
                                        )    NO. 367315
            Plaintiffs,                 )
                                        )
        vs.                             )    PETITION FOR CORRECTED DEED
                                        )
MINNIE HUGHES, as Executrix,            )
et al,                                  )
                                        )
            Defendants.                 )

        Comes now Charles W. Bovee, Referee appointed in the above
entitled proceeding, and respectfully shows:

                            I.

        Pursuant to the order confirming referee's sale entered herein
May 20, 1949, your petitioner conveyed the shore lands known in these
proceedings as Parcels B and C to J. A. Earley by deed dated June 9,
1949. Thereafter, it was called to the attention of petitioner that
the description contained in said deed was not entirely clear, and that
it could be thought ambiguous. The said J. A. Earley is now demanding
of your petitioner a corrected deed, containing a clear and unambiguous
description of the property purchased by him in these proceedings.

                            II.

        Your petitioner believes that it is possible that at some time
in the future the said Earley might be embarrassed or inconvenienced
by the lack of clarity in the description contained in said deed, unless
the same be now corrected. Your petitioner believes that the said Earley
is entitled to such corrected deed, because assurances were given to the
bidders at the referee's sale herein that the title of purchaser to the
property so sold would be good, and your petitioner believes that the
said Earley is entitled to a deed which is free from even apparent
defects.

                            III.

        Petitioner is informed and believes that the description in such
corrected deed should read as follows:

                            -1-

Ex. 3HHH-1

All shore lands of the second class formerly owned by the State of Washington situated in front of, adjacent to or abutting upon government lot 2, section 20, township 25 north, range 6 east, W. M., except the shore lands in front of the following described tract:

Beginning at a point on the east line of said government lot 2, 569.84 feet south of the northeast corner thereof; thence west 221.58 feet; thence southwesterly at right angles to the center line of the Northern Pacific Railway 15.3 feet to the easterly margin of the right of way of said railway; thence southeasterly along said right of way 240.04 feet; thence east 87 feet to the east line of said government lot 2; thence north 200 feet to said point of beginning.

The portions of said government lot 2, not thus excepted, have a frontage of 15.81 lineal chains, more or less, measured along the government meander line.

The shorelands hereby conveyed are all the shore lands of the second class conveyed by that certain deed from the State of Washington to Alfred Palmberg, Maude Palmberg, Annie Stangroom, Bessie Zengel, Gertie Gorman and Bert Stares by deed dated February 27, 1940, recorded March 15, 1940, in volume 1889 of deeds, page 1, under auditor's file No. 3090903, records of King County.

WHEREFORE, your petitioner prays that the Court authorize him to execute to the said J. A. Earley a corrected deed containing the description above set forth.

_____
Petitioner

_____
Attorney for Petitioner

STATE OF WASHINGTON }
                    } SS:
COUNTY OF            }

**COPY RECEIVED**
_____ 8/14 _____ 19 ___
PRESTON, THORGRIMSON & HOROWITZ
_____

CHARLES W. BOVEE, being first duly sworn, on oath deposes and says that he is the petitioner in the above entitled matter; that he has read the foregoing Petition for Corrected Deed, knows the contents thereof, and believes the same to be true.

_____

SUBSCRIBED AND SWORN TO before me this 11th day of August, 1949.

_____
Notary Public in and for the State
of Washington, residing at Seattle.

-2-

VOL 1354 PAGE 486

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

BERT STARES, et al,

        Plaintiffs,

        vs.

MINNIE HUGHES, as Executrix,
et al,

        Defendants.

NO. 367315

ORDER AUTHORIZING CORRECTIVE DEED

DNR

    This matter coming regularly on to be heard this day before the undersigned Judge of the above entitled Court on the petition of the referee for an order authorizing corrected deed and it appearing that the property referred in the decree entered herein January 21, 1949, as Parcel B Shorelands and Parcel C was conveyed by said referee to J. A. Earley by deed dated June 8, 1949, and that said grantee contends that the description used in said deed is not clear; and it further appearing that said property is more clearly identified by the following description, to-wit:

    All shore lands of the second class formerly owned by the State of Washington situated in front of, adjacent to or abutting upon government lot 2, section 20, township 25 north, range 6 east, W. M., except the shore lands in front of the following described tract:

    Beginning at a point on the east line of said government lot 2, 569.64 feet south of the northeast corner thereof; thence west 221.58 feet; thence southwesterly at right angles to the center line of the Northern Pacific Railway 15.3 feet to the easterly margin of the right of way of said railway; thence southeasterly along said right of way 240.04 feet; thence east 87 feet to the east line of said government lot 2; thence north 200 feet to said point of beginning.

    The portions of said government lot 2, not thus excepted, have a frontage of 15.21 lineal chains, more or less, measured along the government meander line.

    The shorelands hereby conveyed are all the shore lands of the second class conveyed by that certain deed from the State of Washington to Alfred Palmberg, Maude Palmberg, Annie Stangroom, Bessie Zengel, Gertie Gorman, and Bert Stares by deed dated February 27, 1946, recorded March 15, 1946, in volume 1889 of deeds, page 1, under auditor's file No. 3690903, records of King County.

-1-

VOL. 1364 PAGE 487

NOW, THEREFORE, IT IS HEREBY ORDERED that Charles W. Bovee, Referee heretofore appointed herein, be and he hereby is authorized to execute and deliver to the said J. A. Earley a corrective deed, describing said property by the description hereinabove set forth.

DONE IN OPEN COURT this _12th_ day of August, 1940.

_Malcolm Douglas_

JUDGE

Presented by:

_Theodore S. Turner_
Attorney for Referee

O.K. as to form:

PRESTON, THORGRIMSON & HOROWITZ

By _Charles Horowitz_
Attorneys for Bert Stares, et al, Plaintiffs.

WRIGHT & WRIGHT

By _____
Attorneys for defendants Minnie Hughes
and Gertrude Gorman Hughes

_____
Attorney for defendant Stangroom, et al.

_Theodore S. Turner_
Attorney for Reah Whitehead Harrison

--2--

Ex. 3HHH-4



S. L. Stangroom

GOV'T LOT 2
9.20 ACRES

569.64

⑮

Gordo
Barre

REDMOND=ISSAQU

NORTHERN    PACIFIC

SNOQUALM

569.64

55.25

200

G. S. Barrett

200

55.25

⑮

⑯

Gordon S.
Barrett

GOV'T LOT 2
9.20 ACRES

REDMOND═ISSAQUAH═════RD.

NORTHERN   PACIFIC   RAILWAY   RIGHT   OF   WA

SNOQUALMIE   BRANCH

⑰

Ex. 3 III-2



Ex. 3JJJ-1



569.64

S. L. Strangroom
4.20 Ac.

GOV'T LOT 2
9.20 ACRES

15

55.25    2920    200

AC.

0.63

200    200

16

55.25

E. LK. SAMMAMISH PKWY RD.

NORTHERN    PACIFIC    RAILWAY    RIGHT    OF

SNOQUALMIE    BRANCH

160    17    120.51    94.

28
Shorelands
only

30    Shorelands
only

Ex. 3JJJ-2



Ex. 3KKK-1



ADVERTISEMENT


ADVERTISEMENT

| New Search | Property Tax Bill | Map This Property | Glossary of Terms | Area Report | Print Property Detail |

## PARCEL DATA

| | | | |
|---|---|---|---|
| Parcel | 202506-9071 | Jurisdiction | SAMMAMISH |
| Name | BAERWALD DENNIS | Levy Code | 2208 |
| Site Address | | Property Type | R |
| Residential Area | 047-001 (NE Appraisal District) | Plat Block / Building Number | |
| | | Plat Lot / Unit Number | |
| Property Name | | Quarter-Section-Township-Range | NW-20-25-6 |

**Legal Description**

PORS GLS 1 & 2 IN SEC 20-25-6 LY SWLY OF NPRR R/W & LY NWLY OF LN DAF - BEG NXN S LN SD GL 1 &
SWLY LN SD RR R/W TH S 45-38-30 W TO SH LN & TERM THIS LN DESC LESS ANY POR SD GL 1 LY NWLY OF
SWLY PROD OF LN DAF-BAAP 630 FT E & 684 FT S OF NW COR SD GL 1 TH S 216 FT TH S 45-35 W 282 FT TO
NELY MGN OF CO RD & TERM THIS LN DESC TGW POR SH LDS ADJ LY BETWN SELY & NWLY LNS THOF
PLat Block:
Plat Lot:

## LAND DATA

| | | | |
|---|---|---|---|
| Highest & Best Use As If Vacant | SINGLE FAMILY | Percentage Unusable | |
| Highest & Best Use As Improved | (unknown) | Unbuildable | NO |
| Present Use | Vacant(Single-family) | Restrictive Size Shape | YES |
| Land SqFt | 8,115 | Zoning | R4 |
| Acres | 0.19 | Water | WATER DISTRICT |
| | | Sewer/Septic | (none) |
| | | Road Access | PRIVATE |
| | | Parking | |
| | | Street Surface | PAVED |

| Views | | Waterfront | |
|---|---|---|---|
| Rainier | | Waterfront Location | LAKE SAMM |
| Territorial | | Waterfront Footage | 171 |
| Olympics | | Lot Depth Factor | 0 |
| Cascades | | Waterfront Bank | LOW |
| Seattle Skyline | | Tide/Shore | |
| Puget Sound | | Waterfront Restricted Access | |
| Lake Washington | | Waterfront Access Rights | NO |
| Lake Sammamish | EXCELLENT | Poor Quality | NO |
| Lake/River/Creek | | Proximity Influence | NO |
| Other View | | | |

| Designations | | Nuisances | |
|---|---|---|---|
| Historic Site | | Topography | |
| Current Use | (none) | Traffic Noise | |
| Nbr Bldg Sites | | Airport Noise | |
| Adjacent to Golf Fairway | NO | Power Lines | NO |
| Adjacent to Greenbelt | NO | Other Nuisances | NO |
| Other Designation | NO | Problems | |
| Deed Restrictions | NO | Water Problems | NO |
| Development Rights Purchased | NO | Transportation Concurrency | NO |
| Easements | NO | Other Problems | NO |
| Native Growth Protection Easement | NO | Environmental | |
| DNR Lease | NO | Environmental | NO |

| Environmental Type | Information Source | Delineation study | Percentage Affected |
|---|---|---|---|
| HundredYrFloodPlain | JURISDICTION | N | 0 |

BUILDING

TAX ROLL HISTORY

| Account | Valued Year | Tax Year | Omit Year | Levy Code | Appraised Land Value ($) | Appraised Imps Value ($) | Appraised Total Value ($) | New Dollars ($) | Taxable Land Value ($) | Taxable Imps Value ($) | Taxable Total Value ($) | Tax Value Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 202506907106 | 2017 | 2018 | | 2208 | 706,000 | 0 | 706,000 | 0 | 706,000 | 0 | 706,000 | |
| 202506907106 | 2016 | 2017 | | 2187 | 200,000 | 0 | 200,000 | 0 | 200,000 | 0 | 200,000 | |
| 202506907106 | 2015 | 2016 | | 2187 | 200,000 | 0 | 200,000 | 0 | 200,000 | 0 | 200,000 | |
| 202506907106 | 2014 | 2015 | | 2187 | 200,000 | 0 | 200,000 | 0 | 200,000 | 0 | 200,000 | |
| 202506907106 | 2013 | 2014 | | 2187 | 200,000 | 0 | 200,000 | 0 | 200,000 | 0 | 200,000 | |
| 202506907106 | 2012 | 2013 | | 2187 | 200,000 | 0 | 200,000 | 0 | 200,000 | 0 | 200,000 | |
| 202506907106 | 2011 | 2012 | | 2187 | 200,000 | 0 | 200,000 | 0 | 200,000 | 0 | 200,000 | |
| 202506907106 | 2010 | 2011 | | 2184 | 193,000 | 0 | 193,000 | 0 | 193,000 | 0 | 193,000 | |
| 202506907106 | 2009 | 2010 | | 2184 | 185,000 | 0 | 185,000 | 0 | 185,000 | 0 | 185,000 | |
| 202506907106 | 2008 | 2009 | | 2184 | 218,000 | 0 | 218,000 | 0 | 218,000 | 0 | 218,000 | |
| 202506907106 | 2007 | 2008 | | 2184 | 190,000 | 0 | 190,000 | 0 | 190,000 | 0 | 190,000 | |
| 202506907106 | 2006 | 2007 | | 2184 | 159,000 | 0 | 159,000 | 0 | 159,000 | 0 | 159,000 | |
| 202506907106 | 2005 | 2006 | | 2184 | 150,000 | 0 | 150,000 | 0 | 150,000 | 0 | 150,000 | |
| 202506907106 | 2004 | 2005 | | 2184 | 262,000 | 0 | 262,000 | 0 | 262,000 | 0 | 262,000 | |
| 202506907106 | 2003 | 2004 | | 2184 | 250,000 | 0 | 250,000 | 0 | 250,000 | 0 | 250,000 | |
| 202506907106 | 2002 | 2003 | | 2184 | 250,000 | 0 | 250,000 | 0 | 250,000 | 0 | 250,000 | |
| 202506907106 | 2001 | 2002 | | 2184 | 232,000 | 0 | 232,000 | 0 | 232,000 | 0 | 232,000 | |
| 202506907106 | 2000 | 2001 | | 2184 | 219,000 | 0 | 219,000 | 0 | 219,000 | 0 | 219,000 | |
| 202506907106 | 1999 | 2000 | | 7279 | 187,000 | 0 | 187,000 | 0 | 187,000 | 0 | 187,000 | |
| 202506907106 | 1998 | 1999 | | 7279 | 218,000 | 0 | 218,000 | 0 | 218,000 | 0 | 218,000 | |
| 202506907106 | 1997 | 1998 | | 7279 | 0 | 0 | 0 | 0 | 187,000 | 0 | 187,000 | |
| 202506907106 | 1996 | 1997 | | 7279 | 0 | 0 | 0 | 0 | 187,400 | 0 | 187,400 | |
| 202506907106 | 1994 | 1995 | | 7279 | 0 | 0 | 0 | 0 | 187,400 | 0 | 187,400 | |
| 202506907106 | 1992 | 1993 | | 7279 | 0 | 0 | 0 | 0 | 193,500 | 0 | 193,500 | |
| 202506907106 | 1990 | 1991 | | 7279 | 0 | 0 | 0 | 0 | 150,000 | 0 | 150,000 | |
| 202506907106 | 1988 | 1989 | | 7279 | 0 | 0 | 0 | 0 | 124,200 | 0 | 124,200 | |
| 202506907106 | 1986 | 1987 | | 7279 | 0 | 0 | 0 | 0 | 114,800 | 0 | 114,800 | |
| 202506907106 | 1984 | 1985 | | 7260 | 0 | 0 | 0 | 0 | 33,000 | 0 | 33,000 | |

SALES HISTORY

| Excise Number | Recording Number | Document Date | Sale Price | Seller Name | Buyer Name | Instrument | Sale Reason |
|---|---|---|---|---|---|---|---|
| 2754806 | 20150909001606 | 9/1/2015 | $612,500.00 | HUGHES CHARLES D - PR | BAERWALD DENNIS+BONNIE | Statutory Warranty Deed | Estate Settlement |
| 2145372 | 20050809000073 | 7/25/2005 | $0.00 | HUGHES WILLIAM F | HUGHES WILLIAM J | Executor's Deed | Trust |

REVIEW HISTORY

PERMIT HISTORY

HOME IMPROVEMENT EXEMPTION

New Search | Property Tax Bill | Map This Property | Glossary of Terms | Area Report | Print Property Detail


intuit turbotax.
ADVERTISEMENT

SEC. 20, TWP. 25N., R. 6E.



Ex. 3MMM-1