IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **WARREN BERES,** *et al.*, )<br>)<br>    **Plaintiffs,** )<br>)<br>v. )<br>)<br>**UNITED STATES,** )<br>)<br>    **Defendant.** )<br>)<br>) | Nos. 03-785L, 04-1456L, 04-1457L, 04-1458L, 04-1459L, 04-1463L, 04-1465L, 04-1466L, 04-1467L, 04-1468L, 04-1469L, 04-1471L, 04-1472L, 04-1473L, 04-1474L<br><br>The Honorable Marian Blank Horn |

## DECLARATION OF DOUG MCCALLUM

I, Doug McCallum, declare as follows:

1. I am a United States citizen, a resident of the State of Washington, over the age of twenty-one, have personal knowledge of the facts stated herein and am competent to testify to the matters stated in this Declaration. I and my wife Joyce McCallum are Plaintiffs in *Spencer v. United States*, No. 04-1463L, but we have settled our claim for compensation with the United States and are awaiting resolution of the United States' reimbursement of attorneys' fees and costs.

2. In 1971, we purchased our property at 159 East Lake Sammamish Shore Lane NE, Sammamish Washington and have resided at that address from that time until currently. Our home is five houses north of the property owned by Ray and Lael Spencer.

3. I am familiar with the use of the right of way by the Spencer's predecessors because the property is close to my residence and I drove by the property now owned by the Spencers practically twice every day. The only access to and from our neighborhood is the road that crosses the railroad right of way in front of the Spencers' home.

4. The Spencers' predecessors used the right of way in front of their home in the following ways: Starting from East Lake Sammamish Parkway, there is a shelter for school children to wait for the school bus that was built in the mid-1970s. It was built by several people in the neighborhood but with the permission of the owners of the Spencers' home at the time. This shelter is in the railroad right of way and the Spencers' predecessors allowed school children to use this shelter. The remainder of the area east of the railroad tracks was regularly maintained by mowing grass, removing blackberry bushes and pruning the plum trees with the permission of the Spencers' predecessors in appreciation for allowing the shelter to be located and used on their property.

5. East Lake Sammamish Shore Lane and the access to the lane were gravel roads when we purchased our property. Later, the lane and access were paved with asphalt.

6. On the west side of the railroad tracks, the Spencers' predecessors maintained all areas not covered with gravel or asphalt as grass, with regular mowing since we moved into the neighborhood in 1971. They also used that area for

Declaration of Doug McCallum   2

parking cars as was a common use by homeowners of the west side of the railroad right of way.

7. The Spencers, like their predecessors, allowed people in the community to use the access road. To my knowledge, there is no recorded easement for my property allowing us to use that access. No one except the Spencers and their predecessors allowed us to use this access.

8. In our neighborhood, which was created by the unrecorded plat of Willis J. Connell, everyone has used the west half of the railroad right of way as if it were their own. No one has ever complained about our use of the railroad right of way. No one has ever claimed to be the true owner of the railroad right of way other than the neighboring homeowner. The reputation in the neighborhood is that the right of way belonged to the adjoining homeowner's property. Not until King County acquired the right of way in 1998 had anyone suggested that the right of way belonged to anyone other than the adjoining homeowner.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and was executed by me this 30th day of January, 2018, at Bellevue, Washington.

*[signature]*

Doug McCallum

Declaration of Doug McCallum   3

Ex. 8-3