IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **WARREN BERES and VICKI BERES,** *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Nos. 03-785L, 04-1456L, 04-1457L, 04-1458L, 04-1459L, 04-1463L, 04-1465L, 04-1466L, 04-1467L, 04-1468L, 04-1469L, 04-1471L, 04-1472L, 04-1473L, 04-1474L |
| v. | ) ) ) | |
| **UNITED STATES,** | ) ) | |
| Defendant. | ) ) ) ) | The Honorable Marian Blank Horn |

**Declaration of Vicki E. Orrico in Support of Plaintiffs' Opposition and Cross Motion Re: Chain of Title**

I, Vicki E. Orrico, make the following declaration:

1. I am a lawyer licensed to practice law in the State of Washington (WSBA # 16849). I am an attorney with Johns Monroe Mitsunaga Kolouskova, PLLC. I have been an attorney since 1986 and admitted to practice in the State of Washington since 1987. I have extensive experience with title matters in the State of Washington. I am competent to testify, and have personal knowledge of the matters asserted herein.

2. I have investigated the chain of title for the following properties and the right of way adjacent thereto:

    a. Tax Lot 202506-9041 owned at the time of the taking in 1998 by Donald W. Barrett ("Barrett Property");

    b. Tax Lot 202506-9030 owned at the time of the taking in 1998 by Howard L. and Pamela C. Freedman ("Freedman Property"); and

1

Ex. 13-1

c.      Tax Lot 202506-9028 owned at the time of the taking in 1998 by David Michael and Vanessa Collins ("Collins Property"). The Freedman, Barrett, and Collins Properties are referred to herein collectively as the "Properties."

3.      My investigation included:

a.      Review of recorded documents in the chain of title for each of the Properties (Exs. A through C and F through U, attached hereto);

b.      Review of current King County Assessor records pertaining to each of the Properties (Exs. V and W); and

c.      Review of historic current King County Assessor records pertaining to the Properties during the period of 1980 through 1998. (Ex. E).

4.      From their inception, until 1961, the chain of title for the Properties shared the same provenance. *See* Declaration of C. Klinge, Ex. 3, ¶¶49-52 (detailing the USA patent to Palmberg and subsequent events leading up to the partition action). As noted in the Klinge Declaration, J. A. Earley acquired certain property from the Palmberg heir property as a result of a partition action. *See* Referee's Corrective Deed dated August 11, 1949, recorded August 16, 1949, under Auditor's File No. 3929069 in Volume 2866 of Deeds, page 650, correcting Referee's Deed dated June 8, 1949, recorded June 17, 1949, under Auditor's File No. 3911320 in Volume 2851 of Deeds, page 212, Ex. A. The Earley Parcel was divided up and subsequently became, *inter alia,* the Freedman, Barrett, and Collins Properties as discussed below.

**CHAIN OF TITLE - TAX LOT 202506-9041- BARRETT**

5.      Donald W. Barrett and Jeanette C. Barrett entered into a real estate contract to purchase from Rose Earley, J.A. Earley's widow, that portion of the Earley Parcel which is now known as Tax Lot 202506-9041, described in metes and bounds, and referred to herein as the

Barrett Property. *See* Ex. X. The real estate contract was dated November 29, 1961, and recorded December 4, 1961, under Auditor's File No. 5360153 in Volume 4218 of Deeds, page 516. Ex. B. The real estate contract was fulfilled by statutory warranty deed from Rose Earley to Donald W. Barrett and Jeanette C. Barrett dated December 1, 1961, and recorded July 26, 1977, under King County Auditor's File No. 7707260752. Ex. C.

6.    In 1987, Donald W. Barrett and June Michaels, who owned Tax Lot 9114 abutting the south boundary of the Barrett Parcel, did a lot line adjustment dated December 17, 1987, and recorded under King County Auditor's File No. 8708030, moving the boundary between the parcels nine feet to the north to eliminate an encroachment of Vanessa and Mike Collins' house onto the Barrett Parcel. Ex. D. As a result, the legal description of the Barrett Property was revised, removing 9 feet from the southeasterly border of the Barrett Parcel. The legal description of the Barrett Parcel was also changed by the King County Assessor to reflect the lot line adjustment; this is the property upon which the County imposes property taxes. Ex. E, pp. 11, 13, and 17.

7.    By statutory warranty deed dated May 16, 2015, and recorded under Auditor's File No. 20150518001464, Barrett sold the Barrett Property to Chuck Yoong Chan NS Mei-Chin Tsai.

### CHAIN OF TITLE - TAX LOT 202506-9030 - FREEDMAN

8.    Donald W. Barrett and Jeanette C. Barrett entered into a real estate contract to purchase from Rose Earley, J.A. Barley's widow, that portion of the Earley Parcel which is now known as Tax Lot 202506-9030, described in metes and bounds, and referred to herein as the Freedman Property. *See* Ex. Y. The real estate contract was dated May 31, 1962, and recorded June 28, 1962, under Auditor's File No. 5446214 in Volume 4292 of Deeds, page 549. Ex. F. The real estate contract was fulfilled by statutory warranty deed from Rose Earley to Donald W.

Barrett and Jeanette C. Barrett dated June 15, 1962, recorded August 29, 1973, under Auditor's File No. 7308290277. Ex. G. The Freedman Property was described in the real estate contract and deed as a portion of Government Lot 2, described by metes and bounds, with the railroad right of way as its northeasterly boundary; excepting out the railroad right of way, the county road (now known as East Lake Sammamish Parkway), and the northerly 200 and southerly 475[1] feet of the described property.

9. Otto W. and Annabelle F. Zylstra entered into a real estate contract to purchase the Freedman Property from Donald W. Barrett and Jeanette C. Barrett. The real estate contract was dated March 13, 1970, and recorded March 27, 1970, under Auditor's File No. 6633998 in Volume 320 of Deeds, page 444. Ex. H. The Barrett-Zylstra real estate contract was fulfilled by statutory warranty deed dated March 27, 1970, recorded August 29, 1973, under Auditor's File No. 7308290492. Ex. I. The legal descriptions in the statutory warranty deed and real estate contract are identical to the legal description in the Earley-Barrett deed. *See* Ex. G.

10. Barry G. Lewis and Nancy J. Lewis entered into a real estate contract to purchase the Freedman Property from Otto W. and Annabelle F. Zylstra. The real estate contract was dated October 16, 1971, and recorded October 22, 1971 under Auditor's File No. 7110220470 Ex. J. The Zylstra-Lewis real estate contract was fulfilled by statutory warranty deed dated October 15, 1971, and recorded July 20, 1973, under Auditor's File No. 7307200344. Ex. K. The legal descriptions in the deed and the real estate contract are identical to the legal description in the Earley-Barrett deed, and contains the northern and southern carve outs noted in the Earley-

---

[1] There is a minor discrepancy in the footage in the southern carve out, varying from 475 feet to 579 feet, which was finally rectified in corrective deed dated October 10, 1988, and recorded April 30, 1991, under Auditor's File No. 9104300653, correcting statutory warranty deed dated October 10, 1988, and recorded October 12, 1988, under Auditor's File No. 8810121014. See Exs. M and N. This discrepancy is immaterial to the dispute over the Freedman title.

Barrett deed.[2] The deed and contract also include easements for the installation, repair and replacement of a well, pump and appurtenances, and water pipe connecting to the well.

11.     By quit claim deed dated June 21, 1984, and recorded July 16, 1984, under Auditor's File No. 8407160321, Nancy J. Lewis deeded the Freedman Property to Barry G. Lewis. Ex. L. The Lewis deed contains the same legal description as the Zylstra-Lewis deed, including carve outs and easements. The historic King County Assessor's records dating from 1980 through 1998 contain identical legal descriptions; this is the property upon which the County imposes property taxes.[3] Ex. E, pp. 1, 3, 5, 7, 10, 12 and 16.

12.     By statutory warranty deed dated October 10, 1988, and recorded October 12, 1988, under Auditor's File No. 8810121014, Barry G. Lewis sold the Freedman Property to Howard L. Freedman and Pamela C. Freedman. Ex. M. Lewis subsequently filed a correction deed dated October 10, 1988, and recorded April 30, 1991, under Auditor's File No. 9104300653.[4] Ex. N.

13.     By statutory warranty deed dated June 28, 2006, and recorded under Auditor's File No. 20060710001718, Freedmans sold the Freedman Property to Robert and Michele Azelby.

**CHAIN OF TITLE-TAX LOT 202506-9028 - COLLINS**

14.     By statutory warranty deed dated September 14, 1981, and recorded September 15, 1981, under Auditor's File No. 8109150641, the Estate of Rose A. Earley deeded to John A. Earley that portion of the Earley Parcel which is now known as Tax Lot 202506-9028 and referred to herein as the Collins Property. Ex. O. *See also* Ex. Z. The deed described the property as the shorelands in front of that portion of Government Lot 2 which had been described by metes and bounds, and which

---

[2] *See* fn. 1 above.
[3] /d.
[4] The correction was to carve out the southerly 579 feet, which is immaterial to the dispute.

used the railroad right of way as its easterly border. In other words, the deed used materially the same language as was used in the Referee's Corrective Deed in the Earley partition action to describe the "shorelands" as lands adjacent to Parcel B. *See* Ex. A. At this time, the King County Assessor described the Collins Property as a portion of Government Lot 2 and the adjoining shorelands lying westerly of the railroad right of way; this is the property upon which the County imposes property taxes. Ex. E, pp. 1, 3, 5, 7, 9, 12, 14, and 15. The King County Assessor would not have taxed the railroad right of way as part of the Collins Property.

15. In 1983, Earley entered into boundary line agreements with the property to northwest, known as the Community Beach Tract, and the property to the southeast owned by Glenn C. Liffick. See, respectively, boundary line agreement dated January 14, 1983, and recorded under Auditor's File No. 8302140262, and boundary line agreement dated January 17, 1983, and recorded under Auditor's File No. 8302140263. Exs. P and Q, respectively. The purpose of the boundary line agreements was to re-establish the north and south boundary lines between the respective properties as determined by survey; this did not affect the right of way. The King County Assessor's historic records also reflect the Collins Property legal description altered by the boundary line agreements; this is the property upon which the County imposes property taxes. Ex. E, pp. 7, 9, 12, 14, and 15.

16. Shortly after the boundary line agreements were executed, by deed dated February 28, 1983, and recorded March 7, 1983, under King County Auditor's File No. 8303070571, Earley deeded the newly described Collins Property to Zella F. Short.[5] Ex. R. The Collins Property is described by reference to the description in the boundary line agreements.

---

[5] Except an undivided interest in the Community Beach Tract.

6

17. By statutory warranty deed dated September 26, 1989, and recorded September 28, 1989, under King County Auditor's File No. 8909280479, Short's Estate deeded the Collins Property' to David and Vanessa Collins in 1989. Ex. S. The legal description in the deed is identical to the deed conveying the property to Zella Short.

18. By quit claim deed dated November 14, 1991, and recorded November 18, 1991, under King County Auditor's File No. 9111180540, David Collins deeded his interest in the Collins Property to Vanessa Collins. Ex. T. By quit claim deed dated November 21, 1992, and recorded December 28, 1992, under King County Auditor's File No. 9212282019, Vanessa Collins then deeded her interest back to the marital community of David and Vanessa Collins.Ex. U. The legal descriptions in these deeds, as well as the King County Assessor's legal description, are identical to the deed conveying the property to Zella Short; this is the property upon which the County imposes property taxes. (Ex. E-12, 14, and 15).

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and was executed by me thi February,           2018, at Bellevue, Washington.

*(signature)*
Vicki E. Orrico

---

[6]Id.