# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WARREN BERES, et al., <br><br> Plaintiffs, <br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Nos. 03-785L, 04-1456L, 04-1457L, 04-1458L, 04-1459L, 04-1463L, 04-1465L, 04-1466L, 04-1467L, 04-1468L, 04-1469L, 04-1471L, 04-1472L, 04-1473L, 04-1474L <br><br> **Honorable Marian Blank Horn** |

## DECLARATION OF BARRY LEWIS

1. I am the former owner of the property that was purchased by the Freedman Plaintiffs in *Collins v. United States*, case no. 04-1472L, consolidated with *Beres v. United States*, case no. 03-785L, that is the subject of this case. The Freedman Plaintiffs purchased the property from me on October 12, 1988 (see Def. Ex. 18).

2. I purchased the property in 1971, built my family's house, and moved in that house in November of 1974. The east side of the house/garage and driveway to our house, sat one foot over the west edge of the 100-foot right-of-way easement. Right next to the driveway we built a two-foot high rock wall. Our driveway ran parallel to the easement approximately forty-fifty feet, where it then curved to the east where it joined with our southern neighbor's driveway and became a common access road that crossed the railroad right of way tracks and then curved north-east over the right of way to reach Lake Sammamish Parkway.

3. Starting in the spring or summer of 1975, if not earlier, I cleared brush and trees and installed a formal flower garden just off the driveway behind the house on the right of way; I cleared trees and brush, and stored equipment such as mowers, etc. in an area behind the garage on the railroad right of way; I cleared and landscaped an area approximately 24 feet long to the north edge of the property, and 10-12 feet into the right of way from the east side of the house, on which I installed my daughter's swing set and tree-swing rope; I mowed and removed brush in the railroad

right of way along the full extent of my property from north to south, and extending to approximately four feet from the west side of the tracks (again running from the north to the south edge of my property), except for that part of the property which comprised the access road as well as a steep rise (approximately 8 feet high, running approximate 12 feet, east to west, which comprised of trees and bushes), which I left untouched. I maintained all of this area, with the exception of that steep embankment, year-round starting in 1975 until we sold the property to the Plaintiffs. Additionally, to the east of the steep rise, near the tracks, we stored firewood on the right of way in a covered bunk, and I would occasionally park our trailer, truck, and boat as well in that area. We also installed and maintained a drain-field, pipes, cleaned out trees to allow better drainage, and removed roots on the north end and to the west of the steep embankment.

    4. No one ever told me that I was trespassing on the railroad right of way at any time when I lived on the property and landscaped and used it as I describe, above, nor do I have any knowledge of anyone saying that they, and not I, were the true owners.

    I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge. This declaration was executed on this 23rd day of January, 2018.

_____
Barry Lewis

Ex. 17-2